# Case View ST-2022-CV-00269

## Details

| | |
|---|---|
| Case Number | ST-2022-CV-00269 |
| Title | Chase Malone v. Indemnity Insurance Company of North America et al |
| Classification | Civil - Contract - Breach Of Contract & Damages |
| Filed Date | 07/29/2022 10:05 AM |
| Case Status | Active |
| Status Date | 07/28/2022 4:51 PM |
| Court | Superior Court of the Virgin Islands |
| Assignment | Hon. Sigrid M. Tejo |
| Disposition Type | |
| Disposition Method | |

## Parties

| Role | Name | Aliases | City | State | Status | Pro Se | Attorneys |
|---|---|---|---|---|---|---|---|
| Plaintiff | Malone, Chase | | CHRISTIANSTED | Virgin Islands, U.S. | Active | ☐ | Holt, Joel H. |
| Defendant | Hardy Syndicate Number 382 Lloyd's America, Inc. | | NEW YORK | New York | Active | ☐ | |
| Defendant | Certain Underwriters at Lloyds of London Consisting of the Slip Leader, Talbert Underwriting Limited | | NEW YORK | New York | Active | ☐ | |
| Defendant | London Market Entity Designed as LIRMA | | NEW YORK | New York | Active | ☐ | |

7 Record(s)

| Role | Name | Aliases | City | State | Status | Pro Se | Attorneys |
|------|------|---------|------|-------|--------|--------|-----------|
| Defendant | Red Hospitality and Leisure, LLC | | Key West | Florida | Active | ☐ | |
| Defendant | Indemnity Insurance Company of North America | | PHILADELPHIA | Pennsylvania | Active | ☐ | |
| Defendant | HCC Underwriting Agency LTD Lloyd's America, Inc. | | NEW YORK | New York | Active | ☐ | |
| 7 Record(s) | | | | | | | |

## Docket Entries

| Submitted Date | Type | Subtype | Description | Submitted By | |
|----------------|------|---------|-------------|--------------|---|
| 07/28/2022 | Initiating Document | Complaint | Verified Complaint Received | | 📄 |
| 07/29/2022 | Financial | Payment Received | Receipt #: 224619 Payor: Joel H. Holt, Amount: $75.00 | | 📄 |
| 07/29/2022 | Initiating Document | Litigant Personal Data Form | Civil Litigant Personal Data Form | Holt, Joel H. | |
| 07/29/2022 | Service | Summons Received | Summons Received for Certain Underwriters at Lloyds of London Consisting of the Slip Leader, Talbert Underwriting Limited | | 📄 |
| 07/29/2022 | Service | Summons Received | Summons Received for Indemnity Insurance Company of North America | | 📄 |
| 07/29/2022 | Service | Summons Received | Summons Received for Hardy Syndicate Number 382 Lloyd's America, Inc. | | 📄 |
| 07/29/2022 | Service | Summons Received | Summons Received for HCC Underwriting Agency LTD Lloyd's America, Inc. | | 📄 |
| 07/29/2022 | Service | Summons Received | Summons Received for London Market Entity Designed as LIRMA | | 📄 |
| 17 Record(s) | | | | | |

| Submitted Date | Type | Subtype | Description | Submitted By |
|---|---|---|---|---|
| 07/29/2022 | Service | Summons Received | Summons Received for Red Hospitality and Leisure, LLC | 📄 |
| 07/29/2022 | Initiating Document | Docket Letter Processed | Docket Letter Processed | 📄 |
| 07/29/2022 | Service | Summons Issued | Summons Issued for Certain Underwriters at Lloyds of London Consisting of the Slip Leader, Talbert Underwriting Limited | 📄 |
| 07/29/2022 | Service | Summons Issued | Summons Issued for Indemnity Insurance Company of North America | 📄 |
| 07/29/2022 | Service | Summons Issued | Summons Issued for Hardy Syndicate Number 382 Lloyd's America, Inc. | 📄 |
| 07/29/2022 | Service | Summons Issued | Summons Issued for London Market Entity Designed as LIRMA | 📄 |
| 07/29/2022 | Service | Summons Issued | Summons Issued for Red Hospitality and Leisure, LLC | 📄 |
| 07/29/2022 | Service | Summons Issued | Summons Issued for HCC Underwriting Agency LTD Lloyd's America, Inc. | 📄 |
| 08/22/2022 | Initiating Document | Docket Letter Processed | Docket Letter Processed | 📄 |

17 Record(s)

## Hearings

| Hearing Date | Location | Hearing Type | Hearing Status | Assignment |
|---|---|---|---|---|
| *No records were found.* | | | | |

## Judgments

| Judgment Date | Disposition Type | Status | For Parties | Against Parties | Amount |
|---|---|---|---|---|---|
| *No records were found.* | | | | | |

## Assessments

| Assessment Date | Assessment Number | Name | Status | Due From | Assessed Amount |
| --- | --- | --- | --- | --- | --- |
| *No records were found.* | | | | | |

## Receipts

| Receipt Date | Receipt Number | Payor | Payment Methods | Status | Amount |
| --- | --- | --- | --- | --- | --- |
| 07/28/2022 | 224619 | Holt, Joel H. | Online Payment | Posted | $75.00 |
| 1 Record(s) | | | | | |

## Warrants

| Issued Date | Warrant Type | Warrant Status | Issued For | Returned Date |
| --- | --- | --- | --- | --- |
| *No records were found.* | | | | |



IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
July 28, 2022 04:51 PM
SX-2022-CV-00276
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **CHASE MALONE, individually and as the assignee of certain rights of Kareem Boynes** | **Case No.: ST  2022-cv-** |
| **Plaintiffs,**<br>v. | **ACTION FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH AND PUNITIVE DAMAGES** |
| **INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/k/a "CHUBB";** | **JURY TRIAL DEMANDED** |
| **RED HOSPITALITY & LEISURE KEY WEST, LLC d/b/a SEBAGO WATERSPORTS;** | |
| **and** | |
| **CERTAIN UNDERWRITERS AT LLOYDS OF LONDON CONSISTING OF  THE SLIP LEADER, TALBERT UNDERWRITING LIMITED,  HARDY SYNDICATE NUMBER 382, HCC UNDERWRTING AGENCY LTD, AS WELL AS AN LONDON MARKET ENTITY DESIGNATED AS LIRMA, ALL SUBSCRIBING TO POLICY B1079NML202535.** | |
| **Defendants.** | |

## COMPLAINT

The Plaintiff, CHASE MALONE, alleges as the basis of his Complaint against the

Defendants as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 4 V.I.C. §76, 5 V.I.C. §1261

   *et seq.* and 5 V.I.C. §4901 *et seq.*

2. This Court has venue over this matter pursuant to 4 V.I.C. §78 and 22 V.I.C. §820.

### THE PARTIES

3. Plaintiff Chase Malone is Florida resident who suffered severe injures on April 17,

COMPLAINT
Page 2

2021, while visiting the U.S. Virgin Islands. He brings this suit in his individual capacity as well as the assignee of certain rights of Kareem Boynes, who is a resident of the U.S. Virgin Islands and was an Agent employed at all times relative hereto by Island Time Watersports (Caribbean), LLC d/b/a Cruz Bay Watersports ("Island Time").

4. The Defendant Indemnity Insurance Company of North America (hereinafter referred to as "Chubb") is an insurance carrier located in the United States who is authorized to do business in the U.S. Virgin Islands and who issued two insurance policies in the Virgin Islands using the Chubb name that provided coverage to Kareem Boynes for any liability he incurred as a sea Captain, designated as Marine General Liability Policy N10694486 and Protection and Indemnity Policy N10694528, both of which have a $1,000,000 policy limit.

5. The Defendant Red Hospitality & Leisure Key West, LLC d/b/a Sebago Watersports ("Red Hospitality") is in the business of providing watersports activities in Key West, Florida, as well as overseeing the activities of its related companies, including its Virgin Islands operations, Island Time.

6. Red Hospitality is being sued as a necessary party to certain Counts alleged herein regarding various insurance policies issued to it by Chubb and Lloyds of London, which also provide coverage to Kareem Boynes, who assigned his rights under these policies to the Plaintiff, Chase Malone, as well as for direct claims against it that are pled in the alternative, as set forth herein.

7. The Defendants Certain Underwriters At Lloyds Of London Consisting Of the Slip

Leader, Talbert Underwriting Limited, Hardy Syndicate Number 382, HCC Underwriting Agency Ltd, and London Market Entity Designated as LIRMA, all Subscribing To Policy B1079NML202535, are either Lloyds of London affiliated underwriters, or insurance companies doing business with them, who caused an excess insurance policy for $9,000,000 to be issued for delivery in the Virgin Islands, covering Island Time and its Agent, Kareem Boynes, both of whom are located in the Virgin Islands, for services to be performed by Island Time and Kareem Boynes in the Virgin Islands. These Defendants will be collectively referred to herein as "Lloyds."

## FACTUAL BACKGROUND

8. On April 17, 2021, Chase Malone was a passenger on the M/V Island Chaser, owned by Island Time, with Kareem Boynes as its Captain.

9. While traversing in the waters between St. Thomas and St. John, the vessel encountered rough water resulting in Chase Malone being violently thrown from his seat and shattering a vertebrae in his lower spine.

10. As a result of this incident, Malone filed a lawsuit (hereinafter the "Action") against Island Time and Boynes, alleging he suffered damages as a result of the negligence of Island Time and Boynes.

11. At all times relative to the incident giving rise to this Action, Boynes was an Agent and managerial employee of Island Time, serving as its Associate Director of Ferry Operations.

12. Both Island Time and Boynes tendered the defense of the Lawsuit to Chubb.

**COMPLAINT**
**Page 4**

13. While waiting for Chubb to assign defense counsel for Island Time and Boynes, Island Time's Virgin Islands lawyer, Adam Marinelli, produced an insurance policy on July 13, 2021, covering this claim, issued by Indemnity Insurance Company of North America ("Chubb"), identified as Policy N10694486, issued to Red Hospitality, which had a policy limit of $1,000,000 for liability claims like the one in this Action, also covering Island Time and Boynes. See **Exhibit 1**.

14. After being questioned about this policy by Malone's counsel, Attorney Marinelli sent an email on July 27, 2021, stating:

> Following up on our discussion and prior emails, you were correct – we sent the wrong policy. Sorry about that. I've requested the full policy docs from the client, but here are the cert pages for the proper one. The excess coverage I sent prior also still applies to this claim as well.

The attached certificate of insurance (See **Exhibit 2**) issued by the R.A. Belter Insurance Agency identified two policies covering Island Time for this liability claim, Marine General Liability Policy N10694486 and Protection and Indemnity Policy N10694528.

15. Attorney Marinelli subsequently produced the promised second insurance policy on July 27, 2021, identified as Policy N10694528, issued by Indemnity Insurance Company of North America ("Chubb") to Red Hospitality, which had a policy limit of $1,000,000 for any liability claim like the one asserted in this Action (See **Exhibit 3**), also covering both Island Time and Boynes.

16. Thereafter, Chubb's Senior Claims Specialist, Greg Vacek, contacted Malone's counsel on August 18, 2021, indicating that Chubb was handling this claim and seeking certain information about his client.

COMPLAINT
Page 5

17. Chubb then retained the Law Firm of Hamilton, Miller & Birthisel, VI P.C. ("HMB"), as counsel to defend Boynes in this Action. HMB filed an Answer for Boynes on September 21, 2021, in this Action.

18. At no time prior to September 21, 2021, had Chubb sent a reservation of rights letter to Boynes suggesting he may not be covered by the Chubb policies.

19. The specific attorney from HMB representing Boynes, Zachary Doniger, sent an email on January 4, 2022 with the same certificate of insurance produced by Attorney Marinelli (**Exhibit 2**) showing both Chubb policies insuring Island Time as well, with a comment pointing out that the "policies are a bit to go through," which the email indicated he was still doing.

20. Chubb subsequently had the Law Office of Andrew Simpson substitute as counsel for Boynes on January 11, 2022.

21. At no time prior to January 11, 2022, had Chubb sent a reservation of rights letter to Boynes suggesting he may not be covered by the Chubb policies.

22. In addition to the referenced Chubb insurance policies, there was an excess insurance policy issued by Lloyds, Policy B1079NML202535, providing an additional $9,000,000 excess limit covering this Action. See **Exhibit 4**.

23. At no time did Lloyds ever send Boynes a reservation of rights letter suggesting he may not be covered by the Lloyds policy.

24. Indeed, the hotel with whom Island Time had its watersports and ferry concession, the Westin St. John Resort and Villas ("Westin") Hotel, required Island Time to be fully insured and have $10,000,000 in coverage for all of its policies, naming the

**COMPLAINT**
**Page 6**

Westin as an additional insured, which Island Time requested Red Hospitality to

procure for it and which Red Hospitality agreed to do.

25. In short, neither Chubb nor Lloyds ever sent a reservations of rights letter to

Boynes when they retained counsel to represent him in the Action, or at any time

thereafter, suggesting their respective polices may not provide full coverage for

him, which Boynes relied upon in allowing these counsel appointed by the insurers

to defend the claims asserted by Malone against him.

26. A Scheduling Order was entered in this Action, which was amended several times,

set the following deadlines for getting this case ready for trial:

- Leave to Amend the Pleadings-expired November 15, 2021
- Written Discovery-expired May 15, 2022
- Plaintiff's Expert Deadline-expired May 31, 2022.

27. The scheduling order required mediation to take place by June 30. Thus, mediation

was set in this Action to take place by zoom on June 29, 2022.

28. After the key discovery deadlines had passed, which included Malone producing

both liability and medical expert reports, Malone made a demand on June 1, 2022,

to settle this Action for the $10,000,000.00 policy limits provided by the Chubb and

Lloyds policies, which demand would expire by its own terms on July 1, 2022.

29. The demand letter explained, *inter alia*, why Boynes was exposed to a finding of

liability in this case, as well as why Malone's damages clearly exceeded Chubb's

$1,000,000 policy limits.

30. In light of the fact that the verdict value of the case clearly exceeded Chubb's policy

limits, Malone demand letter also made it clear that a representative of Lloyds had

**COMPLAINT**
**Page 7**

to be present at mediation.

31. Prior to mediation, Malone submitted proof of his economic losses as being $1,124,855.05, consisting of (1) $982,176.00 based upon the report of Malone's Life Care expert and (2) $142,679.05 based upon the current amount of the medical lien he has to repay.

32. At no time prior to June 28, 2022, had Chubb or Lloyds ever sentd Boynes a reservation of rights letter suggesting he may not be covered by their respective insurance policies.

33. After business hours on June 28, 2022, the evening before the mediation was to take place, Chubb sent a letter denying coverage to Boynes signed by John Carey, who held himself out as a  Claims Specialist on Multinational Claims, which was copied to Greg Vacek, the Senior Claims Specialist for Chubb, and Linette Kounqui, a claims specialist who works for the Lloyds broker that procured the excess policy, Nausch, Hogan & Murray. See **Exhibit 5**.

34. The denial of coverage letter stated that coverage was being denied because Boynes was not a named insured under the policy issued by Chubb attached hereto as **Exhibit 1**, even though that defense, if it had any merit, was clearly evident from the day the defense of Malone's complaint against Boynes was tendered to Chubb.

35. While the letter invited Boynes to submit any legal arguments that he thought Chubb should consider, Chubb knew that its counsel appointed to defend Boynes, Andrew Simpson, was conflicted out from doing so, as he was being paid by

COMPLAINT
Page 8

Chubb.

36. To keep Boynes from having to engage other counsel who might recognize certain coverage arguments, Chubb also told Boynes that it would continue to pay Attorney Simpson to defend him, even though it would not cover any judgment entered against him.

37. Of course, this was just a ploy to try to keep Boynes from hiring other counsel right away, as Chubb then stated that it could withdraw from defending this case as well at any time.

38. Claims Specialist Carey also indicated in the email transmitting Chubb's denial of coverage that he would not attend the zoom mediation on behalf of Boynes either since Chubb had denied coverage.

39. The zoom mediation proceeded on June 29, 2022, with the following persons in attendance:

- Chase Malone and his counsel,
- The Chubb insurance representative for Island Time, Senior Claims Specialist Greg Vacek, and the Lloyds insurance representative for Island Time, Attorney Michael Carrer (an attorney who indicated he specializes in complex insurance coverage issues), as well as the carriers' appointed counsel for Island Time, Jennifer Brooks Miller and Chivonne Thomas. However, no representative of Island Time attended the mediation.
- Kareem Boynes and his counsel appointed by Chubb, Andrew Simpson;

40. While the zoom mediation was underway, Boynes received a new proposal from Malone, whereby Boynes could agree to a consent judgment for $10,000,000, in exchange for an agreement from Malone not to execute on the Judgement if Boynes gave Malone an assignment of his rights against Chubb and Lloyds, which counsel for Boynes communicated to the Chubb and Lloyds representatives who

COMPLAINT
Page 9

were at the mediation.

41. No agreement to settle the Action was reached during the July 29th mediation, which was then adjourned.

42. At no time before Malone's policy limits demand expired did Chubb ever offer its policy limits of $1,000,000 under either policy, resulting in Lloyds never being in a position to then take over the settlement negotiations before Malone's demand expired.

43. Since no response was received by Malone from Chubb or Lloyds before the $10,000,000 demand expired on July 1, 2022, the policy limits demand expired by its own terms on that date, resulting in Boynes being potentially exposed to a Judgment in excess of the amount covered by the insurance policies issued by Chubb and Lloyds.

44. Attorney Simpson appropriately informed Boynes that it would be a conflict for him to assist Boynes on the coverage issues, as Chubb knew would be the case.

45. Boynes then retained his own counsel to represent him in the Action, replacing Andrew Simpson as counsel on July 22, 2022.

46. Boynes' new counsel responded to Malone's proposal for Boynes to enter into a settlement agreement with him, which was ultimately agreed upon whereby Malone gave certain consideration to Boynes in exchange for Boynes assigning all of his rights against Chubb and Lloyds under their respective policies to Malone, which transaction.

47. Boynes also agreed to assign all of his tort claims against Chubb and Lloyds for

additional consideration, which has been paid, so these claims, including the tort claim for bad faith, have also now been assigned to Malone.

## COUNT I-DECLARATORY RELIEF AS TO CHUBB POLICY N10694486

48. All preceding and allegations facts are realleged herein by reference.

49. Chubb retained counsel for Boynes, HMB, who began defending Boynes in the Action filed by Malone on or before September 21, 2021,

50. This defense was provided, at least in part, based on Policy  N10694486 attached as **Exhibit 1.**

51. At no time did Chubb ever issue a reservation of rights letter to Boynes, causing him to rely solely on the representation provided by Chubb's selected counsel.

52. While it sent a denial of coverage over nine months later, asserting that Boynes was not a named insured under Policy N10694486, it has been previously established by the case law in this jurisdiction that a carrier who fails to issue a reservation of rights letter when it enters a defense for a party is barred from later denying coverage under the policy. See *Anderson v. National Chiropractic Mutual Insurance Company,* 36 V.I. 47 (V.I. Terr. Ct. 1997) (Cabret, J.)("the insurer's unconditional defense of an action brought against its insured constitutes waiver of the terms of the policy and an estoppel of the insurer to assert such grounds").

53. Indeed, the Court in *Anderson* cited *Transamerica Ins. Group v. Chubb & Son, Inc., 16* Wash. App. 247, 554 P. 2d 1080 (Wash. 1976), whereby another court reached the same conclusion based on the identical facts in this case, where the carrier had defended the underlying suit for 10 months without issuing a

reservation of rights before denying coverage.

54. As the Court also held in *Anderson* that prejudice must be presumed under such circumstances, quoting from the *Transamerica decision*:

> ""[t]he course cannot be rerun, no amount of evidence will prove what might have occurred if a different route had been taken. By its own actions, [NCMIC] irrevocably fixed the course of events concerning the law suit . . . "

55. This view has also been adopted by §15 of the Restatement of the Law of Liability Insurance and is the majority view in the United States, as it is "black letter" law that if an insurer conducts an insured's defense without timely reserving its right to deny coverage, it cannot later disclaim coverage based on a policy defense that existed at the time it assumed the insured's defense.

56. As such, Malone is entitled as the Assignee of Boyne's right for entry of Declaratory Judgment pursuant to 5 V.I.C. § 1261 *et seq.*, finding that Chubb's unconditional defense of the Action brought against Boynes bars it from subsequently disclaiming coverage under Policy N10694486 based on this policy defense that existed at the time Chubb assumed the Boynes' defense.

## COUNT II-DECLARATORY RELIEF AS TO CHUBB POLICY N10694486

57. All preceding facts and allegations are realleged herein by reference.

58. In the alternative, even if Chubb had not waived its policy defenses and was not estopped to raise such defenses as to Boynes, Boynes is still covered by the Named Insured clause of Policy N10694486, as Island Time was a named insured and it cannot act other than though its agents, its managers and its employees such as Boynes.

COMPLAINT
Page 12

59. Indeed, it is clearly industry practice to interpret and define such language in this way, as is evident from the Lloyds excess policy that "Named Assured" language similar to the wording in Chubb's policy, which subsequently clarifies several times, with its last endorsement adding multiple named insureds on December 4, 2020, that defines the Named Insured as follows:

> **ISLAND TIME WATERSPORTS (CARIBBEAN) LLC D/B/A CRUZ BAY WATERSPORTS (Managers)** and/or RED ISLAND TIME VESSEL, LLC (Owner of the "ISLAND TIME"), RED ISLAND DINGHY VESSEL, LLC (Owner of the dinghies insured hereunder), RED HOSPITALITY & LEISURE, LLC (manager of Island Time Water Sports Caribbean LLC), ASHFORD, INC. (Owner/Manager) **and/or** Subsidiaries, Associations, Affiliates, Assignees, **Agents** and Invitees, Holding Company(ies) and/or Charterers **and/or Hires** and/or others as attached and/or as may be required and/or additional Assureds as attached for their respective rights and interest. (Emphasis added).

60. As such, all agents, managers and "hires" of Island Time are intended to be covered and are covered under the Named Insured clause of Policy N10694486.

61. As such, Malone is entitled as the Assignee of Boyne's right to entry of Declaratory Judgment pursuant to 5 V.I.C. § 1261 *et seq.*, finding that the definition of the Named Insured under Policy N10694486 includes Boynes and provided coverage for the allegations in the Action.

## COUNT III-DECLARATORY RELIEF AS TO CHUBB POLICY N10694528

62. All preceding facts and allegations are realleged herein by reference.

63. Chubb also issued Policy N10694528 which provided full coverage for the claims asserted against Boynes by Malone, as that Policy included a definition section that expressly listed all employees acting withing the scope of their employment as Named Insureds under the Policy.

64. As such, Malone is entitled as the Assignee of Boyne's right to entry of Declaratory Judgment pursuant to 5 V.I.C. § 1261 *et seq.*, finding that the definition of the Named Insured under Policy N10694528 includes Boynes and provided coverage for the allegations in the Action.

## COUNT IV-FRAUD AS TO CHUBB

65. All preceding facts and allegations are realleged herein by reference.

66. Chubb misrepresented to Boynes and his appointed counsel, Andrew Simpson, that Boynes was only covered for the claims asserted by Malone under Policy N10694486, when in fact Boynes was also covered under Policy N10694528, which was a material misrepresentation.

67. Boynes relied upon this misrepresentation to his detriment, resulting in damages to him.

68. As such, Boynes is entitled to both direct and consequential damages as well as punitive damages, from Chubb.

69. Boynes assigned his tort claims to Malone, so Malone is entitled to seek and recover all such damages from Chubb for this tort.

## COUNT V-BAD FAITH CLAIM AGAINST CHUBB

70. All preceding facts and allegations are realleged herein by reference.

71. Pursuant to 22 V.I.C. § 2, all parties involved with insurance policies are required to engage in good faith since the business of insurance affects the public interest.

72. As such, implicit in every policy of insurance is the insurer's duty of good faith and fair dealing.

**COMPLAINT**
**Page 14**

73. When coverage under an insurance policy is in question, an insurer can file a declaratory judgment or defend the insured under a reservation of rights, as noted in *Hess Oil Virgin Islands Corp. v. Firemen's Ins. Co.*, 626 F. Supp. 882, 885 (D.V.I. 1986).

74. Chubb failed to elect either of these options, as instead Chubb retained counsel to defend Boynes on the merits of the claim without even suggesting to Boynes or his appointed counsel that there were any coverage issues.

75. Once Chubb accepted the defense of Malone's claim against Boynes, Chubb owed Boynes a duty of good faith and fair dealing.

76. Chubb's belated denial of coverage after agreeing to defend Boynes was a breach of its duty of fair dealing and good faith for multiple reasons, including but not limited to:

   a) Accepting the defense for Boynes without issuing him a reservation of rights, but then denying coverage to him on the eve of mediation, just two days before the policy limits demand made by Malone was set to expire;

   b) Failing to insure that a bona fide defense was made on Boyne's behalf, as no written discovery was sent, nor were any depositions taken on his behalf before the court imposed deadlines to do so had expired;

   c) Failing to retain local counsel to review the law of the Virgin Islands, as set forth in *Anderson v. National Chiropractic Mutual Insurance Company,* 36 V.I. 47 (V.I. Terr. Ct. 1997), before deciding to deny coverage to him under Policy N10694486 just before the policy limits demand expired;

COMPLAINT
Page 15

d) Failing to disclose to Boynes or his counsel that a second insurance policy, Policy N10694528, also existed and also provided coverage to him.

e) Failing to offer the policy limits of $1,000,000 so that the excess carrier, Lloyds, would then be required to decide whether offers in excess of Chubb's policy limits should be made.

77. Chubb's conduct was culpable, intentional and done without any reasonably legitimate or arguable reason for its refusal to do so, either in law or fact.

78. Thus, Chubb's conduct as asserted herein constituted bad faith in violation of its duties owed to Boynes.

79. Because of Chubb's bad faith conduct, Boynes suffered damages for which Chubb is liable, including both the direct damages and consequential damages.

80. Chubb's conduct also warrants the imposition of punitive damages against it.

81. Moreover, Boynes had the right to protect himself due to Chubb abandoning him on the eve of the expiration of the policy limits demand by entering into a settlement that limited his personal exposure. *See, e.g., Cay Divers, Inc. v Raven*, 812 F. 2d 866, 869-70 (3rd Cir. 1987).

82. Boynes subsequently entered into a settlement agreement with Malone, assigning his contract rights and tort claims against Chubb, Lloyds and their respective related entities for certain consideration extended to him by Malone.

83. As Boynes has assigned all of his rights under the Chubb and Lloyds Policies to Malone, as well as his claim for bad faith against Chubb in exchange for certain consideration. Malone is entitled to all direct and consequential damages, as well

as punitive damages, owed by Chubb to Boynes for its bad faith.

## COUNT VI-PRIMA FACIE TORT AGAINST CHUBB

84. All preceding facts and allegations are realleged herein by reference.

85. Pursuant to §870 of the Restatement of Torts, Second, a party is liable for damages caused by its intended consequences when:

> One who intentionally causes injury to another is subject to liability to the other for that injury, if his conduct is generally culpable and not justifiable under the circumstances. This liability may be imposed although the actor's conduct does not come within a traditional category of tort liability.

86. This tort has been recognized as a viable cause of action in the Virgin Islands. *See, e.g., Glenn v. Dunlop,* 423 Fed. Appx. 249, 255 (3d Cir. 2011).

87. Chubb's conduct as alleged herein "is generally culpable and not justifiable under the circumstances."

88. As such, Boynes is entitled to both direct and consequential damages as well as punitive damages, from Chubb due to said conduct.

89. Boynes assigned his tort claims to Malone, so Malone is entitled to seek and recover all such damages from Chubb for this tort.

## COUNT VII-DECLARATORY RELIEF AS TO LLOYDS

90. All preceding facts and allegations are realleged herein by reference.

91. Lloyds Policy B1079NML202535 contains a forum selection and jurisdiction clause that states:

> It is hereby agreed that any dispute arising hereunder shall be subject to the exclusive jurisdiction of the Federal courts of the United States of America, in particular, the Federal District court within

COMPLAINT
Page 17

which you the Assured resides or the Federal District court the within which your insurance agent resides.

92. This clause is in direct violation of 22 V.I.C. § 820(a)(1) and (a)(2), which are then voided under subsection (b). See, e.g., *Diamondrock v. Certain Underwriters of Lloyd's of London,* 2019 WL 2156404 (V.I. Super. 2019) (Carty, J.).[1]

93. As such, as the Assignee of Boynes' rights, Malone is entitled to declaratory relief pursuant to 5 V.I.C. § 1261 *et seq,* that the Lloyds choice of law and forum selection clauses are void.

## COUNT VIII- BAD FAITH CLAIM AGAINST LLOYDS

94. All preceding facts and allegations are realleged herein by reference.

95. Because it issued an excess insurance policy to supplement the coverage provided by the Chubb policies, Lloyds owed Boynes a duty of good faith and fair dealing.

96. Once Malone made a demand on June 1, 2022, that sought an amount that included the policy limits of Lloyds' excess coverage, Lloyds became active in the underlying litigation.

97. Lloyds made a decision that the best option to protect its interests was to encourage Chubb not to offer its policy limits so that Lloyds excess policy was not yet in play.

98. Lloyds decided the best way to achieve its goal was to get Chubb to deny coverage

---

[1] Under subsection (a)(3) of §820, certain time restrictions in a policy are also voided, but that subsection expressly states it does not apply to marine insurance, while subsections (a)(1) and (a)(2) do not have any such limitation.

**COMPLAINT**
**Page 18**

to Boynes.

99. In order to do so, Lloyds began to push Chubb to deny coverage to Boynes even though Chubb had never even sent a reservation of rights letter to Boynes.

100.      In addition to pushing Chubb to deny coverage, Lloyds retained a lawyer who claimed to be an expert in insurance coverage, Michael Carrer, even though he was not admitted to practice law in the Virgin Islands. Lloyds' conduct caused Chubb to deny coverage to Boynes on the eve of mediation, just two days before the policy limits demand expired

101.      Indeed, Michael Carrer attended the June 29 mediation on behalf of Lloyds, which constituted the unauthorized practice of law in the Virgin Islands. See *In Re Kershaw,* 2019 WL 495987 (V.I. 2019).

102.      As part of Lloyds effort to get Malone to accept a figure under $1,000,000, Carrer repeated his assertion that Chubb's policy did not cover Malone, even though any insurance coverage expert would know that it is "black letter" law that if an insurer conducts an insured's defense without timely reserving its right to deny coverage, it cannot later disclaim coverage based on any policy defense that existed at the time it assumed the insured's defense.

103.      Lloyds' actions leading to Chubb's belated denial of coverage, made nine months after Chubb had agreed to defend Boynes, was a breach of Lloyds' duty of fair dealing and good faith.

104.      Lloyds' conduct was culpable, intentional and done without any reasonably legitimate or arguable reason for its refusal to do so, either in law or fact.

105.    Thus, Lloyds' conduct as asserted herein constituted bad faith in violation
of its duties owed to Boynes.

106.    Because of Lloyds' bad faith conduct, Boynes suffered damages for which
Lloyds is liable, including both the direct damages and consequential damages.

107.    Lloyds' conduct also warrants the imposition of punitive damages against it.

108.    Moreover, Boynes had the right to protect himself due to Chubb abandoning
him on the eve of the expiration of the policy limits demand, which he did by
assigning his contract rights and tort claims against Chubb, Lloyds and their
respective related entities in exchange for certain consideration he received from
Malone.

109.    As such, Boynes assigned all of his rights under the Chubb and Lloyds
Policies to Malone, as well as his claim for bad faith against Chubb and Lloyds in
exchange for certain consideration, including an agreement by Malone not to
execute on Boyne's personal assets.

110.    As such, Malone is entitled to the compensatory and punitive damages
owed by Lloyds to Boynes for its bad faith.

### COUNT IX- BREACH OF CONTRACT AS TO RED HOSPITALITY

111.    All preceding facts and allegations are realleged herein by reference.

112.    Island Time was required to have $10,000,000 in insurance coverage for
any third party liability pursuant to its agreement with the Westin.

113.    Boynes was a third-party beneficiary of this agreement.

114.    Red Hospitality, a related parent entity of Island Time, undertook the

**COMPLAINT**
**Page 20**

> responsibility for procuring insurance that complied with Island Time's contractual obligation with the Westin.

115.     If either of the Chubb policies at issue in this case are deemed not to apply, then Red Hospitality caused Island Time to breach its agreement with the Westin, of which Boynes was a third party beneficiary.

116.     As such, if said events occurred, then Boynes suffered damages due to this failure and breach, for which Red Hospitality is liable.

117.     As said claim has been assigned to Malone, he is entitled to recover said damages from Red Hospitality.

Wherefore, the Plaintiff respectfully requests this Court to enter Judgment as sought in each of the Counts alleged herein as appropriate, along with an award of fees and costs, as well as prejudgment and post-judgment interest where appropriate.

**A TRIAL BY JURY IS DEMANDED AS TO ALL ISSUES TRIABLE BY A JURY.**

**For the Plaintiff**

Dated: July 28, 2022

*/s/ Joel H. Holt*
Joel H. Holt, VI Bar No. 6
Law Office of Joel H. Holt, Esq. P.C.
2132 Company Street
Christiansted, VI 00820
T: (340) 773-8709/F: (340) 773-8677
holtvi@aol.com

Dated: July 28, 2022

*/s/ Ryan W. Greene*
Ryan W. Greene, Esq. VI Bar No. 839
15-B Norre Gade
P.O. Box 1197
Charlotte Amalie, U.S.V.I. 00804
T: (340) 715-5297/Fax: (888) 519-7138
ryan@ryan-greene.com

**COMPLAINT**
**Page 21**

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
July 28, 2022 04:51 PM
SX-2022-CV-00276
**TAMARA CHARLES**
**CLERK OF THE COURT**

# EXHIBIT 1

 Gmail

Joel Holt <joelholtpc@gmail.com>

## RE: Malone v. Island Time Watersports, et al.

1 message

**Adam Marinelli** <AMarinelli@vilaw.com>                                                                Tue, Jul 13, 2021 at 6:03 PM
To: Joel Holt <joelholtpc@gmail.com>
Cc: Ryan Greene <ryan@ryan-greene.com>, Isabelle Teare <ITeare@vilaw.com>, Brenda Chiou <brenda@ryan-greene.com>, "miller, danica" <danica@ryan-greene.com>

Good Afternoon Joel and Ryan,

I am happy to provide Island Time's applicable coverage docs for your client's claims – please see attached. Upon review, I hope you will be satisfied that his potential damages are fully covered without any need to include the vessel's operator, unless you see some other reason to pursue damages against him individually. If he is dismissed, I will certainly stipulate to make him available for discovery and trial as needed. If not, so be it.

As for your client, in the interests full disclosure you should be aware that the charter in question was booked by Island Time employees, Jackie and Mitch, of which he is (or was, as it is unclear at this point) friends with. During that day (and during most of his time on island) your client was belligerently drunk, often incoherent, and spoke about taking prescription pain pills. I have attached witness statements from your client's own friends that were procured after we received notice of your lawsuit. Needless to say, perhaps an early mediation is something we should consider, as he will likely not make the best Plaintiff in a personal injury lawsuit for falling off a boat seat. . . but I leave that proposition up to you both.

Happy to discuss further as needed.

Best regards,

**Adam N. Marinelli**

**Associate Attorney**

 BOLTNAGI ᴾᶜ
**ATTORNEYS AT LAW**

**Merchants Financial Center**
**4608 Tutu Park Mall, Suite 202**
**St. Thomas, VI 00802-1816**



# *Marine Policy*

*Assured*     Red Hospitality & Leisure Key West, LLC
dba Sebago Watersports

205 Elizabeth Street
Unit 1
Key West, FL 33040



*Policy No.:* N10694486

*Producer*     R.A. BELTER INSURANCE AGENCY, INC.

P.O. BOX 1129

ORLAND, CA 95963

MH-1020Ptd. in U.S.A.



# *Commercial Marine Policy Declarations*

**Company:** Indemnity Insurance Co of North America
**SYM:** HU      Policy ID: N10694486      Office: Atlanta

| Named Insured & Mailing Address: | Producer's Name & Address: |
|---|---|
| Red Hospitality & Leisure Key West, LLC<br>dba Sebago Watersports<br>205 Elizabeth Street<br>Unit 1<br>Key West, FL 33040 | R A BELTER INSURANCE AGENCY INC<br><br>P.O. BOX 1129<br>ORLAND, CA 95963<br><br>Producer Code  271142 |

**General Policy Information**

The Named Insured Is:     Red Hospitality & Leisure Key West, LLC dba Sebago Watersports

Business Description:     Passenger Vessels

When Coverage Begins:   07/17/2020     12:01 A.M. Local Standard Time

When Coverage Ends:     07/17/2021     12:01 A.M. Local Standard Time

**In return for the payment of the premium and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this policy.**
The Premium for this policy is indicated below next to the applicable Coverage Part(s).

| Coverage (Form) | Limit of Liability | Premium |
|---|---|---|
| Hull | $5,205,472 TIV | $ 79,644 |
| P&I | $1,000,000 | $ 89,474 |
|  |  | $ |
|  |  | $ |
|  |  | $ |
|  |  | $ |
|  | Total Premium: | $ 169,118 |

**Attached Forms**

See Schedule of Forms and Endorsements

**This Declaration together with Coverage Form(s), Forms and Endorsements, if any, issued to a part thereof, complete the above numbered policy.**

MH-1050a (07/17)                                                                 Page 1 of 1



# Commercial Hull Policy

To be attached to and form a part of Policy No. N10694486 of the indemnity Insurance Co of North America

The terms and conditions of the following clauses are to be regarded as substituted for those of the policy form to which they are attached, the latter being hereby waived, except provisions required by law to be inserted in this Policy. All captions are inserted only for purposes of reference and shall not be used to interpret the clauses to which they apply.
**ASSURED**

This Policy insures   Red Hospitality & Leisure Key West, LLC dba Sebago Watersports, 205 Elizabeth Street, Unit 1, Key West, FL 33040

hereinafter referred to as the Assured.
If claim is made under this Policy by anyone other than the Named Assured, such person shall not be entitled to recover to a greater extent than would the Named Assured, had claim been made by the Named Assured in this Policy.

This Company waives any right of subrogation against affiliated, subsidiary or interrelated companies of the Assured, provided that such waiver shall not apply with respect to any loss, damage or expense against which such companies are insured
**LOSS PAYEE**

Loss, if any, shall be payable to Assured/

or order

**TERM**

From the  Seventeenth day of July 2020 , 12:01 A.M. Local Standard Time.
To the  Seventeenth day of July 2021 , 12:01 A.M. Local Standard Time

Should the Vessel at the expiration of this Policy be at sea, or in distress, or at a port of refuge or of call, she shall, provided previous notice be given to the Underwriters, be held covered at a pro rata monthly premium to her port of destination.

In the event of payment by this Company for Total Loss of the Vessel this Policy shall there upon automatically terminate and all premiums paid hereunder shall be fully earned by this Company.

**VESSEL**

The Subject Matter of this insurance is the Vessel Per Schedule
or by whatsoever name or names the said Vessel is or shall be called, which for purposes of this insurance shall consist of and be limited to her hull, launches, lifeboats,   rafts, furniture, bunkers, stores, supplies, tackle, fittings, equipment, apparatus, machinery, boilers, refrigerating machinery, insulation, motor generators and other electrical machinery.

In the event any equipment or apparatus not owned by the Assured is installed for use on board the Vessel and the Assured has assumed responsibility therefore, it shall also be considered part of the Subject Matter and the aggregate value thereof shall be included in the Agreed Value.

Notwithstanding the foregoing, cargo containers shall not be considered a part of the Subject Matter of this insurance.

In the event that more than one vessel is insured by the policy to which these Clauses are attached, all of such Clauses shall apply as though a separate policy had been issued with respect to each vessel.

**AMOUNT OF INSURANCE**
**AGREED VALUATION - RATE AND PREMIUM**

| AMOUNT INSURED HEREUNDER | RATE | PREMIUM | AGREED VALUATION |
|---|---|---|---|
| $ Per Schedule | Charged % | $ 79,644 | $ Per Schedule |

**DEDUCTIBLE**
Notwithstanding anything in this Policy to the contrary, there shall be deducted from the aggregate of all claims (including claims under the Sue and

Labor clause and claims under the Collision Liability clause) arising out of each separate accident ,  the sum of $ Per Schedule , unless the accident results in a Total Loss of the Vessel in which case this clause shall not apply. A recovery from other interests, however, shall not operate to exclude claims under this Policy provided the aggregate of such claims arising out of one separate accident if unreduced by such recovery exceeds that sum. For the purpose of this clause each accident shall be treated separately, but it is agreed that (a) a sequence of damages arising from the same accident shall be treated as due to that accident and (b) all heavy weather damage which occurs during a single sea passage between two successive ports shall be treated as though due to one accident

**NAVIGATION**
Warranted confined to the coastal waters of the Florida Keys, not to exceed 10 miles offshore, always in accordance with the United States Coast Guard Certificate of Inspection.

**CANCELLATION**

Either party may cancel this policy by giving ten days' notice in writing; if at the option of this Company pro rata rates, if at the request of the Assured short rates, will be charged - and arrival.

**COVERAGE**

Touching the adventures and perils which this Company is contented to bear and take upon itself, they are of the waters named herein, fire, lightning, explosion on shipboard or elsewhere, earthquake, assailing thieves, jettisons, barratry of the master and mariners and all other like perils that shall come to the hurt, detriment or damage of the vessel named herein.

This insurance also covers loss of or damage to the vessel named herein directly caused by:
Accidents in loading, discharging or handling cargo, or in bunkering;

1H-050 Ptd. in U.S.A.

Page 1 of 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44

Accidents in going on or off, or while on drydocks, graving docks, ways, marine railways, gridirons or pontoons; 45
Breakdown of motor generators or other electrical machinery and electrical connections thereto, bursting of boilers, breakage of shafts, or any 46
latent defect in the machinery or hull (excluding the cost and expense of replacing or repairing the defective part); 47
Breakdown of or accidents to nuclear installations or reactors not on board the vessel named herein; 48
Contact with aircraft, rockets or similar missiles, or with any land conveyance; 49
Negligence of charterers and/or repairers, provided such charterers and/or repairers are not assured(s) hereunder; 50
Negligence of master, mariners, engineers or pilots; 51

provided such loss or damage has not resulted from want of due diligence by the Assured, the owners or managers of the vessel, or any of them. 52

This insurance also covers physical loss of or damage to the Vessel directly caused by governmental authorities acting for the public welfare to prevent 53
or mitigate a pollution hazard, or threat thereof, resulting directly from damage to the Vessel for which this Company is liable under this Policy, provided 54
such act of governmental authorities has not resulted from want of due diligence by the Assured, the Owners, or Managers of the Vessel or any 55
of them to prevent or mitigate such hazard or threat. Masters, Officers, Crew or Pilots are not to be considered Owners within the meaning of this clause 56
should they hold shares in the Vessel. 57

## GENERAL AVERAGE AND SALVAGE CHARGES

General average, salvage and special charges payable as provided in the contract of affreightment, or failing such provision, or there be no contract of 58
affreightment, payable in accordance with the laws and usages of the port of New York. Provided always that when an adjustment according to the laws 59
and usages of the port of destination is properly demanded by the owners of the cargo, general average shall be paid in accordance with same 60

## COLLISION LIABILITY

In the event the vessel named herein and/or her tow, if any, shall come into collision with any other ship or vessel other than her tow, if any, and the 61
Assured in consequence of the vessel named herein being at fault shall become liable to pay and shall pay by way of damages to any other person or 62
persons any sum or sums in respect of such collision, this Company will pay its proportion of such sum or sums so paid as the amount insured hereunder 63
bears to the agreed valuation of the vessel named herein, provided always that this Company's liability in respect of any one such collision shall not 64
exceed the amount insured hereunder. And in cases where the liability of the vessel named herein has been contested or proceedings have been taken to 65
limit liability, with the consent in writing of this Company, this Company will also pay a like proportion of the costs which the assured shall thereby incur, 66
or be compelled to pay; but when both vessels are to blame, then, unless the liability of the owners of one or both such vessels becomes limited by law, 67
claims under this Collision Liability Clause shall be settled on the principle of cross-liabilities as if the owners of each vessel had been compelled to pay to 68
the owners of the other of such vessels such one-half or other proportion of the latter's damages as may have been properly allowed in ascertaining the 69
balance or sum payable by or to the assured in consequence of such collision 70

Provided that this clause shall in no case extend to any sum which the Assured or Charterers may become liable to pay or shall pay in consequence of, 71
or with respect to: 72

(a) removal or disposal of obstructions, wrecks or their cargoes under statutory powers or otherwise pursuant to law; 73
(b) injury to real or personal property of every description; 74
(c) the discharge, spillage, emission or leakage of oil, petroleum products, chemicals or other substances of any kind or description whatsoever; 75
(d) cargo or other property on or the engagements of the vessel hereby insured; 76
(e) loss of life, personal injury or illness. 77

Provided further that 78
(1) exclusions (b) and (c) above shall not apply to injury to any other vessel with which the Vessel hereby insured is in collision or to property on such 79
other vessel except to the extent that such injury arises out of any action taken to avoid, minimize or remove any discharge, spillage, emission or leakage 80
described in (c), and 81

(2) in the event of any claim being made by Charterers under this Collision clause they shall not be entitled to recover in respect of any liability to 82
which the Owners of the Vessel hereby insured, if interested in this Policy at the time of the collision in question, would not be subject, nor to a greater 83
extent than the Shipowners would be entitled in such event to recover. 84

## SUE AND LABOR

In case of any loss or misfortune it shall be lawful and necessary for the Assured, their factors, servants and assigns, to sue, labor and travel for, in 85
and about the defense, safeguard and recovery of the vessel named herein, or any part thereof, without prejudice to this insurance, to the charges whereof 86
this Company will contribute as hereinafter provided. It is agreed that the acts of the Assured or this Company, or their agents, in recovering, saving and 87
preserving the property insured in case of disaster shall not be considered a waiver or an acceptance of an abandonment, nor as affirming or denying any 88
liability under this policy; but such acts shall be considered as done for the benefit of all concerned, and without prejudice to the rights of either party 89

## PROPORTION OF LOSSES COVERED

In the event of expenditure under the Sue and Labor Clause, this Company will pay the proportion of such expenses that the Amount Insured hereunder 90
bears to the Agreed Valuation of the vessel named herein, or that the Amount Insured hereunder, less loss and/or damage payable under this policy, bears 91
to the actual value of the salved vessel, whichever proportion shall be less. 92

When the contributory value of the vessel named herein is greater than the agreed valuation stated herein the liability of this Company for general 93
average contribution (except in respect of amount made good to the vessel) or salvage shall not exceed that proportion of the total contribution due from 94
the vessel that the amount insured hereunder bears to the contributory value; and if because of damage for which this Company is liable as particular 95
average the value of the vessel has been reduced for the purpose of contribution, the amount of the particular average claim under this policy shall be 96
deducted from the amount insured hereunder and this Company shall be liable only for the proportion which such net amount bears to the contributory 97
value. 98

With respect to physical loss or damage to the vessel named herein this Company shall be liable only for such proportion of such loss or damage as 99
the amount insured hereunder bears to the agreed valuation. 100

If claim for total loss is admitted under this policy and sue and labor expenses have been reasonably incurred in excess of any proceeds realized or 101
value recovered, the amount payable under this policy will be the proportion of such excess that the amount insured hereunder (without deduction for loss 102
or damage) bears to the agreed valuation or the sound value of the vessel named herein at the time of the accident, whichever value was greater. 103
In event of damage, cost of repairs to be paid without deduction of one-third, new for old. 104

## NOTIFICATION OF LOSS

Warranted that in case of any casualty or loss which may result in a claim under this policy the Assured shall give this Company prompt notice thereof 105
and reasonable opportunity to be represented on a survey of the damage, each party to name a surveyor, which two surveyors shall proceed to draw 106
specifications as to the extent of the damage and the work required to make the damage good. If the two surveyors agree, such specifications shall be 107
binding on both this Company and the Assured, subject nevertheless to policy terms and conditions and the question of whether or not the disaster and 108

4H-050 Ptd. in U.S.A.

resulting loss or damage are covered by this policy. In the event the two surveyors cannot agree, they must select an umpire, and in the event they cannot agree upon an umpire, either party hereto may apply to the United States District Court for the district in which the home port of the vessel named herein is located for the appointment of an umpire, pursuant to the United States Arbitration Act. The decision of the umpire so appointed shall have the same force and effect as the specifications aforesaid. When specifications have been drawn in either of the modes aforesaid, if the Company shall be dissatisfied with the terms which the Assured may obtain for the repair of the damage as specified by said survey, then this Company may require the surveyors or the umpire to submit the specifications prepared as aforesaid to such shipyard, repair men, boat builders and shipwrights, as may be selected by such surveyors or the umpire, with a request for bids for such repairs. If after reception of such bids, the Assured shall elect to accept some other bid than that of the lowest bidder, this Company shall be liable only for its proportion of so much of the sum actually expended to effect repairs specified by the surveyors for its account as does not exceed said lowest bid. In no event, however, shall this Company respond for an amount in excess of its proportion of the amount actually expended by the Assured effecting such repairs.

## PAYMENT OF LOSS

In case of loss, such loss to be paid in thirty days after satisfactory proof of loss and interest shall have been made and presented to this Company, (the amount of any indebtedness due this Company from the Assured or any other party interested in this policy being first deducted).

Upon making payment under this policy the Company shall be vested with all of the Assured's rights of recovery against any person, corporation, vessel or interest and the Assured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights

## GENERAL CONDITIONS

Any agreement, contract or act, past or future, expressed or implied, by the Assured whereby any right or recovery of the Assured against any vessel, person or corporation is released, decreased, transferred or lost which would, on payment of claim by this Company, belong to this Company but for such agreement, contract or act shall render this policy null and void as to the amount of any such claim, but only to the extent and to the amount that said agreement, contract or act releases, decreases, transfers, or causes the loss of any right of recovery of this Company, but the Company's right to retain or recover the full premium shall not be affected.

This Company shall have the option of naming the attorneys who shall represent the Assured in the prosecution or defense of any litigation or negotiations between the Assured and third parties concerning any claim, loss or interest covered by this policy, and this Company shall have the direction of such litigation or negotiations. If the Assured shall fail or refute to settle any Claim as authorized by the Company, the liability of the Company to the Assured shall be limited to the amount for which settlement could have been made.

It is a condition of this policy that no suit, action or proceeding for the recovery of any claim for physical loss of or damage to the vessel named herein shall be maintainable in any court of law or equity unless the same be commenced within twelve (12) months next after the calendar date of the happening of the physical loss or damage out of which the said claim arose. Provided, however, that if by the laws of the state within which this policy is issued such limitation is invalid, then any such claim shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted, by the laws of such state, to be fixed herein.

It is a condition of this insurance that this Company Shall not be liable for unrepaired damage in addition to a total or constructive total loss.

No recovery for a constructive total loss shall be had hereunder unless the expense of recovering and repairing the vessel named herein shall exceed the agreed valuation.

In ascertaining whether the vessel named herein is a constructive total loss the agreed valuation shall be taken as the repaired value, and nothing in respect of the damaged or break up value of the vessel or wreck shall be taken into account.

In the event of total or constructive total loss, no claim to be made by this Company for freight, whether notice of abandonment has been given or not.

Any deviation beyond the navigation limits provided herein snall void this policy; but on the return of the vessel in a seaworthy condition, within the limits herein provided, this policy shall reattach and continue in full force and effect, but in no case beyond the termination of this policy

Warranted by the Assured that there shall be no other insurance covering physical loss or damage to the vessel named herein other than that which is provided in lines 40 through 57 hereof but permission is granted to carry other insurance of whatever kind or nature not covered by this policy or additional amounts of insurance of the kind or nature covered by this policy other than as provided in lines 40 through 57.

This insurance shall be void in case this policy or the vessel named herein, shall be sold, assigned, transferred or pledged, or if there be any change of management or charter of the vessel, without the previous consent in writing of this Company.

Notwithstanding anything to the contrary contained in this policy, this insurance is warranted free from any claim for loss, damage or expense caused by or resulting from capture, seizure, arrest, restraint or detainment or the consequences thereof or of any attempt thereat, or any taking of the vessel, by requisition or otherwise, whether in time of peace or war and whether lawful or otherwise; also from all consequences of hostilities or warlike operations (whether there be a declaration of war or not), but the foregoing shall not exclude collision or contact with aircraft, rockets or similar missiles, or with any fixed or floating object (other than a mine or torpedo), stranding, heavy weather, fire or explosion unless caused directly (and independently of the nature of the voyage or service which the vessel concerned or, in the case of a collision, any other vessel involved therein, is performing) by a hostile act by or against a belligerent power, and for the purpose of this warranty "power" includes any authority maintaining naval, military or air forces in association with a power; also warranted free, whether in time of peace or war, from all loss, damage or expense caused by any weapon of war employing atomic or nuclear fission and/or fusion or other reaction or radioactive force or matter.

Further warranted free from the consequences of civil war, revolution, rebellion, insurrection, or civil strife arising therefrom, or piracy.

If war risks are hereafter insured by endorsement on the policy, such endorsement shall supersede the above warranty only to the extent that their terms are inconsistent and only while such war risk endorsement remains in force

Warranted free of loss or damage in consequence of strikes, lockouts, political or labor disturbances, civil commotions, riots, martial law, military or usurped power or malicious acts.



**P&I 1955**

## PROTECTION AND INDEMNITY CLAUSES

SP-38

1 Assured   Red Hospitality & Leisure Key West, LLC dba Sebago Watersports
2
3 Address   205 Elizabeth Street, Unit 1, Key West, FL 33040
4
5 Loss, if any, payable to   Assured and/or Order
6

7 From the Seventeenth day of July 2020                                              Beginning and ending
                                                                                      at 12:01 A.M. Local Standard Time
8 Until the Seventeenth day of July 2021                                             at place of issuance.
9 Amount hereby insured $ 1,000,000              Rate Charge %        Premium $ 89,474
10 In consideration of the premium and subject to the warranties, terms   and conditions herein mentioned, this Com-
11 pany hereby undertakes to pay up to the amount hereby insured and in conformity with lines 5 and 6 hereof,
12 such sums as the assured, as owner of the   Per Schedule
13 shall have become legally liable to pay and shall have paid on account of:

14   Loss of life of , or injury to, or illness of, any person;
15   Hospital, medical, or other expenses necessarily and reasonably incurred in respect of loss of life of, in-
16   jury to, or illness of any member of the crew of the vessel named herein;
17   Loss of, or damage to, or expense in connection with any fixed or movable object or property of whatever
18   nature;
19   Costs or expenses of, or incidental to, the removal of the wreck of the vessel named herein when such
20   removal is compulsory by law; provided however, that there shall be deducted from such claim the value
21   of any salvage recovered from the wreck by the assured;
22   Fines and penalties, including expenses reasonably incurred in attempting to obtain the remission or litiga-
23   tion of same, for the violation of any of the laws of the United States, or of any state thereof, or of any
24   foreign country; provided, however, that this Company shall not be liable to indemnify the assured against
25   any such fines or penalties resulting directly or   indirectly from the failure, neglect, or default of the as-
26   sured or his managing officers   or managing agents to exercise the highest degree of diligence to prevent a
27   violation of any such laws;
28   Costs and expenses, incurred with this Company's approval, of investigating and/or defending any claim
29   or suit against the assured arising out of a liability or an alleged liability of the assured covered by this
30   policy.
31 Notwithstanding the foregoing this Company will not pay for;
32   The first $ 5,000                of claims covered by lines 14,15,16,28,29, and 30 nor for the first $ 5,000
33   of claims covered by any other parts of this policy, but, in no event shall the deductible exceed $ 5,000
34   each occurrence. (For the purpose of this clause, each occurrence shall be treated separately, but a series
35   of claims hereunder arising from the same occurrence shall be treated as due to that occurrence.)
36   Loss of, or damage sustained by the vessel named herein or her tackle, apparel, furniture, boats, fittings,
37   equipment, stores, fuel, provisions or appurtenances;
38   Loss resulting from cancellation of charters, non-collectibility of freight, bad debts, insolvency of agents
39   or others, salvage, general average, detention, loss of use or demurrage of the vessel named herein;
40   Any loss, damage, expense or claim with respect to any vessel or craft in tow of the vessel named herein
41   and/or cargo thereon; provided this exclusion shall not apply to salvage services rendered in an emergency
42   to a ship or vessel in distress, nor to loss of life and/or injury to, or illness of any person;
43   Any claim for loss of, damage to, or expense in respect of cargo on board the vessel named herein;
44   Any claim arising directly or indirectly under the Longshoremen's and Harbor Workers' Compensation
45   Act or any workmen's compensation act of any state or nation;
46   Any liability assumed by the assured beyond that imposed by law; provided however that if by agree-
47   ment, or otherwise, the assured's legal liability is lessened, then this Company shall receive the benefit of
48   such lessened liability.
49   Any loss, damage or expense sustained by reason of any taking of the vessel by requisition or other-
50   wise, civil war, revolution, rebellion, or insurrection, or civil strife arising therefrom, capture, seizure
51   arrest, restraint or detainment, or the consequences thereof or any attempt thereat; or sustained in con-
52   sequence of military, naval or air action by force of arms; or sustained or caused by mines or torpedoes or
53   other missiles or engines of war, whether of enemy or friendly origin; or sustained or caused by any weapon
54   of war employing atomic fission or atomic fusion or radioactive material; or sustained in consequence of
55   placing the vessel in jeopardy as an act or measure of war taken in the actual process of a military engage-
56   ment, including embarking or disembarking troops or material of war in the immediate zone of such engage-
57   ment; and any such loss, damage and expense shall be excluded from this policy without regard to whether
58   the assured's liability in respect thereof is based on negligence or otherwise, and whether in time of peace
59   or war.
60   Any loss, damage, expense or claim collectible under the Commercial Hull Policy MH-050

MH-230                                                                                                   Page 1 of 2

61    form of policy, whether or not the vessel named herein is actually covered by such insurance and regardless
62    of the amount thereof.

63  Warranted that in the event of any occurrence which could result in a claim under this policy the assured
64  promptly will notify this Company upon receiving notice thereof and forward to this Company as soon
65  as practicable all communications, processes, pleadings or other legal papers or documents relating to such oc-
66  currence.

67  Whenever required by this Company, the assured shall aid in securing information and evidence and in obtaining
68  witnesses and shall cooperate with this Company in the defense of any claim or suit or in the appeal from any
69  judgement.

70  This company shall have the option of naming the attorneys who shall represent the assured in the prosecution
71  or defense of any litigation or negotiations between the assured and third parties concerning any claim covered
72  by this policy, and shall have the direction of such litigation or negotiations. If the assured shall fail or refuse
73  to settle any claim as authorized by this Company, the liability of this Company shall be limited to the
74  amount for which settlement could have been made. The assured shall at the option of this Company
75  permit this Company to conduct, with an attorney of this Company's selection, at this Company's cost and expense
76  and under its exclusive control, a proceeding in the assured's name to limit the assured's liability to the extent,
77  and in the manner provided by the present and any future statutes relative to the limitation of a shipowner's
78  liability.

79  Liability hereunder in respect of loss, damage, costs, fees, expenses or claims arising out of or in consequence of
80  any one occurrence is limited to the amount hereby insured. (For the purpose of this clause each occurrence
81  shall be treated separately, but a series of claims hereunder arising from the same occurrence shall be treated
82  as due to that occurrence.)

83  The assured shall not make any admission of liability, either before or after any occurrence which could
84  result in a claim for which this Company may be liable. The assured shall not interfere in any negotia-
85  tions of this Company, for settlement of any legal proceedings in respect of any occurrence for which this
86  Company may be liable under this policy; however, that in respect of any occurrence likely to give rise
87  to a claim under this policy, the assured is obligated to and shall take such steps to protect his and/or the
88  Company's interests as would reasonably be taken in the absence of this or similar insurance.

89  Upon making payment under this policy this Company shall be vested with all of the assureds rights of recovery
90  against any person, corporation, vessel or interest and the assured shall execute and deliver such instruments
91  and papers as this Company shall require and do whatever else is necessary to secure such rights.

92  No action shall lie against this Company for the recovery of any loss sustained by the assured unless such
93  action is brought within one year after the entry of any final judgement or decree in any litigation against the
94  assured, or in the event of a claim without the entry of such final judgement or decree, unless such action is
95  brought within one year from the date of the payment of such claim.

96  No claim or demand against this Company under this policy shall be assigned or transferred, and no person
97  shall acquire any right against this Company by virtue of this insurance without the express consent of this
98  Company.

99  It is expressly understood and agreed if and when the assured has any interest other than as a shipowner in
100 the vessel named herein, in no event shall this company be liable hereunder to any greater extent than if the
101 assured were the sole owner and entitled to petition for limitation of liability in accordance with present and
102 future law.

103 Where the assured is, irrespective of this policy, covered or protected against any loss or claim which would
104 otherwise have been paid by this Company, under this policy, there shall be no contribution or participation by
105 this Company on the basis of excess, contributing, deficiency, concurrent, or double insurance or otherwise.

106 The navigation limits in the policy covering the hull, machinery, etc. of the vessel named herein are considered
107 incorporated herein.

108 This insurance shall be void in case the vessel named herein, or any part thereof, shall be sold, transferred or
109 mortgaged, or if there be any change of management or charter of the vessel, or if this policy be assigned or
110 pledged, without the previous consent in writing of this Company.

111 Either party may cancel this policy by giving ten days' notice in writing; if at the option of this Company
112 pro rata rates, if at the request of the Assurd short rates will be charged ---- and arrival.

---

113               SPECIAL CONDITIONS  - WARRANTIES  - ENDORSEMENTS, ETC.

114  Attached to and made part of Policy No. N10694486 of the Indemnity Insurance Co of North America



## SCHEDULE OF FORMS AND ENDORSEMENTS

| | |
|---|---|
| MH-1050a (07/17) | Commercial Marine Policy Declarations |
| MH-050 | Commercial Hull Policy |
| MH-230 | Protection And Indemnity Clauses |
| MA-150 | Additional Insured Endorsement |
| MH-003 | AIMU Chemical, Biological, Bio-Chemical, And Electromagnetic Exclusion Clause (March 1, 2003) |
| MH-002 | AIMU Extended Radioactive Contamination Exclusion Clause With U.S.A. Endorsement (March 1, 2003) |
| MH-001 | AIMU Nuclear Exclusion Clause Hull (April 1, 1991) |
| MH-006 | AIMU U.S. Economic And Trade Sanctions Clause |
| MH-53315 (03/20) | American Institute Cyber Exclusion Clause |
| MH-210 | American Institute Pollution Exclusion Clause (P&I) And Buy Back Endorsement A (May 9, 2011) |
| MH-50194 (03/18) | Collision Liability In Protection & Indemnity Clauses |
| MH-990 | Crew Warranty Endorsement |
| MH-50197 (03/18) | Endorsement Deleting Collision Liability From American Institute Hull Clauses |
| MH-53535 (05/20) | Exclusion Of Loss Due To Virus, Bacteria Or Microorganism That Induce Physical Distress, Illness Or Disease |
| MH-50198 (03/18) | Food & Beverage Endorsement |
| MH-1180a (07/17) | Hostile Acts Exclusions Endorsement |
| MA-20213a (07/17) | Loss Payee Endorsement |
| MH-220 | Medical Payments Clauses |
| MH-50199 (03/18) | Navigation Warranty |
| MH-1740a (07/17) | Schedule Of Vessels Endorsement |
| MH-1030 | Signature Endorsement |
| MH-130 | Special Conditions Clauses |
| MH-090a (06/18) | Total Loss Endorsement |
| MH-120 | Windstorm Endorsement |
| MH-1000 | Amendment to Special Conditions Endorsement |
| MS-303543.1 (06/20) | Bareboat Rental Coverage Endorsement |
| MS-303543.2 (06/20) | Coverage Warranties Endorsement |
| MS-303543.3 (06/20) | Parasailing Operations Exclusion Endorsement |
| MH-1000.1 | Schedule of Named Insureds Endorsement |
| MS-303543.4 (06/20) | Snorkeling Coverage Endorsement |
| MH-1350 | Chubb Producer Compensation Practices & Policies |
| MA-48310 (10/16) | Claims Directory Property And Marine |



## ENDORSEMENT

## ADDITIONAL INSURED ENDORSEMENT

| Named Insured Red Hospitality & Leisure Key West, LLC dba Sebago Watersports | | | Endorsement Number 1 |
|---|---|---|---|
| Policy Symbol HU | Policy Number N10694486 | Policy Period 07/17/2020 to 07/17/2021 | Effective Date of Endorsement 07/17/2020 |
| Issued By (Name of Insurance Company) Indemnity Insurance Co of North America | | | |

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

In consideration of the premium charged, it is hereby understood and agreed that subject to all of the terms and conditions of this policy, the following is added as an Additional Assured(s) under the liability portions of the policy. Additional Assureds hereunder are covered only for vicarious liability which they incur as a result of the operations of the vessel(s) insured on this policy and such additional assureds are not covered hereunder for liability arising out of their own negligence or other fault.

Nadene Grossman Enterprises, Inc dba We've Got the
922 Caroline Street
Key West, FL 33040

Shore Trips
5205 N. Ironwood Road
Glendale, WI 53217

Group Voyagers, Inc.
5301 S. Federal Circle
Littleton, CO 80123

McGrail & Rowley
2619 Gulfview Dr.
Key West, FL 33040

Pier House Joint Venture
One Duval Street
Key West, FL 33040

Viator
2285 N. Rancho
Suite 100
Las Vegas, NV 89121

Casa Marina Owner, LLC
1500 Reynolds Street
Key West, FL 33040

Fury Management Inc, dba Fury Water Adventures

313 Margaret Street
Key West, FL 33040

Premiere International Corp
77 West 3rd Street
Santa Rosa, CA 95401

AmeriCan Adventures Travel Inc
77 West Third Street
Santa Rosa, CA 95401

Shore Excursions Group, LLC
135 Weston Road
Suite 230
Weston, FL 33326

Key West Information
313 Margaret Street
Key West, FL 33040

Pelican Charters L.L.C.
1799 Sound Ave.
Calverton, NY 11933

LXR Inc.
1500 Reynolds Street
Key West, FL 33040

Starwood Hotel & Resorts
2001 South Roosevelt Blvd
Key West, FL 33040

Trusted Tour & Attractions
201 Front Street
Key West, FL 33040

Fish And Wildlife Conservation Commission
620 South Meridian St
Tallahassee, FL 32399

Ocean City Parasail, Inc.
27 Delores Ave
Marmora, NJ 08223

Caroline Street Corridor & Bahama Village Com
PO Box 6434
Key West, FL 33040

Land & Sea Sports LLC
5051 Overseas Hwy
Key West, FL 33040

Destination Resources and Pink Tangerine
87 Burning Tree Drive
Naples, FL 34105

Hyatt Hotels Corporation
601 Front Street
Key West, FL 33040

Hello Florida, Inc
324 West Gore Street
Orlando, FL 32806

Emerald Memories Inc. DBA TripShock
PO Box 2309
Santa Rosa Beach, FL 32459

Key West Seaport, LLC
202 Williams Street
Key West, FL 33040

Courtyard Marriott Waterfront
3031 North Roosevelt Blvd
Key West, FL 33040

Robbies's of Key West
7281 Shrimp Road
Key West, FL 33040

Margaritaville Key West Resort and Marina and Sunset
245 Front Street
Key West, FL 33040

Access Destination Services
3363 Sheridan St. Suite 205
Hollywood, FL 33021

Key West Visitor Center
31281 Overseas Hwy
Big Pine Key, FL 33043

The Studios of Key West
600 White Street
Key West, FL 33040

WHM, LLC
1500 Reynolds Street
Key West, FL 33040

Hyatt Vacation Management Corp, a DE Corp,
5051 Overseas Hwy
Key West, FL 33040

Hilton Hotels Corp
1500 Reynolds Street
Key West, FL 33040

Diamond Rock KW South Tenant LLC
2001 South Roosevelt Blvd
Key West, FL 33040

Island Fun Concierge Services & Diamond Rock KW Sou
2001 South Roosevelt Blvd
Key West, FL 33040

Key West Ranch Owner, LLC
1500 Reynolds Street
Key West, FL 33040

Tannex Development, L.C. and Sunset Key Development
245 Front Street
Key West, FL 33040

Key West Concierge
PO Box 1238
Key West, FL 33040

Double Tree
3990 South Roosevelt Blvd
Key West, FL 33040

City of Key West
Po Box 1409
Key West, FL 33040

RLJ II-F Key West Lessee, LLC,
2400 N Roosevelt Blvd
Key West, FL 33040

Barefood Billy's, Inc.
1908 Venetia Street
Key West, FL 22040

Bungalows LLC, Cheeca Holdings LLC
199 E. Pearl, Suite 103
Jackson, WY 83001

Coconut Beach Resort Homeowner's Assoc
Conch-Cierge, Inc.
1500 Alberta Street
Key West, FL 33040

Xcursions USA
18800 NE 29th Ave. #623
Aventura, FL 33180

Kimberly Blanchette
1312 Reynolds Street
Key West, FL 33040

Blue Moon Outdoor Center LLC
1201 N Federal Hwy #4704
Fort Lauderdale, FL 33304

Galleon Resort Condominium Assoc. Inc
617 Front St
Key West, FL 33040

Baysail
107 5th Street 2nd Floor
Bay City, MI 48708

Momentum Strategic Services LLC
1107 Key Plaza #179
Key West, FL 33040
Expedia
333 108th Ave NE
Bellevue, WA 96008

Walter Tamagni
5 Saddle Ridge Rd.
Fletcher, FL 28732

Key West Harbor Yacht Club
6000 Peninsular Avenue
Key West, FL 33040

Oceans Edge
5950 Peninsula Ave.
Key West, FL 33040

Cheeca Holdings, LLC DBA Bungalows Key Largo
PO Box 14250
Bungalows, WV 83002

Boats 99010, LLC
PO Box 14250
Jackson, WY 83302

The Westin Key West Resort & Marina and
245 Front Street
Key West, FL 33040

**ALL OTHER TERMS, CONDITIONS, LIMITATIONS AND EXCLUSIONS REMAIN UNCHANGED**



# ENDORSEMENT

## AIMU
## CHEMICAL, BIOLOGICAL, BIO-CHEMICAL, AND ELECTROMAGNETIC
## EXCLUSION CLAUSE (MARCH 1, 2003)

| Named Insured<br>Red Hospitality & Leisure Key West, LLC<br>dba Sebago Watersports | | | Endorsement Number<br>2 |
|---|---|---|---|
| Policy Symbol<br>HU | Policy Number<br>N10694486 | Policy Period<br>07/17/2020 to 07/17/2021 | Effective Date of Endorsement<br>07/17/2020 |
| Issued By (Name of Insurance Company)<br>Indemnity Insurance Co of North America | | | |

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**This clause shall be paramount and shall override anything contained in this insurance inconsistent therewith.**

In no case shall this insurance cover loss, damage, liability or expense directly or indirectly caused by or contributed to or arising from an actual or threatened act involving a chemical, biological, bio-chemical or electromagnetic weapon, device, agent or material when used in an intentionally hostile manner.

### ALL OTHER TERMS, CONDITIONS, LIMITATIONS AND EXCLUSIONS REMAIN UNCHANGED



## ENDORSEMENT

### AIMU
### EXTENDED RADIOACTIVE CONTAMINATION EXCLUSION CLAUSE WITH U.S.A. ENDORSEMENT (MARCH 1, 2003)

| Named Insured<br>Red Hospitality & Leisure Key West, LLC<br>dba Sebago Watersports | | | Endorsement Number<br>3 |
|---|---|---|---|
| Policy Symbol<br>HU | Policy Number<br>N10694486 | Policy Period<br>07/17/2020 to 07/17/2021 | Effective Date of Endorsement<br>07/17/2020 |
| Issued By (Name of Insurance Company)<br>Indemnity Insurance Co of North America | | | |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**This clause shall be paramount and shall override anything contained in this insurance inconsistent therewith.**

1.  In no case shall this insurance cover loss damage liability or expense directly or indirectly caused by or contributed to by or arising from

    1.1   ionizing radiations from or contamination by radioactivity from any nuclear fuel or from any nuclear waste or from the combustion of nuclear fuel

    1.2   the radioactive, toxic, explosive or other hazardous or contaminating properties of any nuclear installation, reactor or other nuclear assembly or nuclear component thereof

    1.3   any weapon or device employing atomic or nuclear fission and/or fusion or other like reaction or radioactive force or matter.

    1.4   the radioactive, toxic, explosive or other hazardous or contaminating properties of any radioactive matter. The exclusion in this sub-clause does not extend to radioactive isotopes, other than nuclear fuel, when such isotopes are being prepared, carried, stored, or used for commercial, agricultural, medical, scientific or other similar peaceful purposes.

RADIOACTIVE CONTAMINATION EXCLUSION CLAUSE
(U.S.A. ENDORSEMENT)

This insurance is subject to the Institute Extended Radioactive Contamination Exclusion Clause   (March 1, 2003) provided that

if fire is an insured peril

    and

    where the subject matter insured or, in the case of a reinsurance, the subject matter insured by the original insurance, is within the U.S.A., its islands, onshore territories or possessions

    and

    a fire arises directly or indirectly from one or more of the causes detailed in Sub-Clauses 1.1, 1.2, and 1.4 of the Institute Extended Radioactive Contamination Exclusion Clause 1st March, 2003 any loss or damage arising directly from that fire shall, subject to the provisions of this insurance (reinsurance), be covered,

EXCLUDING however any loss damage liability or expense caused by nuclear reaction, nuclear radiation, or radioactive contamination arising directly or indirectly from that fire.

**ALL OTHER TERMS, CONDITIONS, LIMITATIONS AND EXCLUSIONS REMAIN UNCHANGED**



## AIMU NUCLEAR EXCLUSION CLAUSE
## HULL (APRIL 1, 1991)

| Named Insured<br>Red Hospitality & Leisure Key West, LLC<br>dba Sebago Watersports | | | Endorsement Number<br>4 |
|---|---|---|---|
| Policy Symbol<br>HU | Policy Number<br>N10694486 | Policy Period<br>07/17/2020 to 07/17/2021 | Effective Date of Endorsement<br>07/17/2020 |
| Issued By (Name of Insurance Company)<br>Indemnity Insurance Co of North America | | | |

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

Notwithstanding anything to the contrary herein, it is hereby understood and agreed that this policy shall not apply to any loss, damage, liability or expense due to or arising out of, whether directly or indirectly, nuclear reaction, radiation, or radioactive contamination, regardless of how it was caused. However, subject to all provisions of this policy, if this policy insures against fire, than direct physical damage to the property insured located within the United States, or any territory of the United States or Puerto Rico by fire directly caused by the above excluded perils, is insured, provided that the nuclear reaction, radiation, or radioactive contamination was not caused, whether directly or indirectly, by any of the perils excluded by the F.C. & S. Warranty of this policy.

Nothing in this endorsement shall be construed to cover any loss, damage, liability or expense caused by nuclear reaction, radiation or radioactive contamination arising directly or indirectly from the fire mentioned above.

### ALL OTHER TERMS, CONDITIONS, LIMITATIONS AND EXCLUSIONS REMAIN UNCHANGED

MH-001 Ptd. in U.S.A.                                                                                                    Page 1 of 1



## ENDORSEMENT

## AIMU
## U.S. ECONOMIC AND TRADE SANCTIONS CLAUSE

| Named Insured<br>Red Hospitality & Leisure Key West, LLC<br>dba Sebago Watersports | | | Endorsement Number<br>5 |
|---|---|---|---|
| Policy Symbol<br>HU | Policy Number<br>N10694486 | Policy Period<br>07/17/2020 to 07/17/2021 | Effective Date of Endorsement<br>07/17/2020 |
| Issued By (Name of Insurance Company)<br>Indemnity Insurance Co of North America | | | |

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**This clause shall be paramount and shall override anything contained in this insurance inconsistent therewith.**

Whenever coverage provided by this policy would be in violation of any U.S. economic or trade sanctions such as, but not limited to, those sanctions administered and enforced by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC"), such coverage shall be null and void.

Similarly, any coverage relating to or referred to in any certificates or other evidences of insurance or any claim that would be in violation of U.S. economic or trade sanctions as described above shall also be null and void

### ALL OTHER TERMS, CONDITIONS, LIMITATIONS AND EXCLUSIONS REMAIN UNCHANGED

**CHUBB**

## AMERICAN INSTITUTE CYBER EXCLUSION CLAUSE

| Named Insured<br>Red Hospitality & Leisure Key West, LLC<br>dba Sebago Watersports | | | Endorsement Number<br>6 |
|---|---|---|---|
| Policy Symbol<br>HU | Policy Number<br>N10694486 | Policy Period<br>07/17/2020 to 07/17/2021 | Effective Date of Endorsement<br>07/17/2020 |
| Issued By (Name of Insurance Company)<br>Indemnity Insurance Co of North America | | | |

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**This clause shall be paramount and shall override anything contained in this insurance (including any endorsement(s)) inconsistent therewith.**

In no case shall this insurance cover loss, damage, liability, or expense directly or indirectly caused by or contributed to or arising from:

1.  any "malicious act" involving the use of any "computer system", "electronic data communications system", "computer virus", or process or any other electronic system; and/or

2.  any access to or disclosure of any "personally identifiable information" or any person's or organization's confidential information, including, but not limited to, patents, trade secrets, processing methods, customer lists, financial information, credit card information, or any other type of nonpublic information; and/or

3.  any action or omission that violates or is alleged to violate any federal, state or local statute that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating, or distribution of any written or electronic material or information.

Where this policy provides coverage for War Risks, section 1 above shall not operate to exclude losses which would otherwise be covered by such War Risks coverage.

### Definitions

"Computer system" means computer hardware of any kind; "electronic computer program"; "electronic data processing media"; operating system; media microchip; microprocessor (computer chip); integrated circuit or similar device; computer network and networking equipment; firmware; server; website; extranet; and all input, output, processing, storage, and off-line media libraries.

"Computer virus" means any corrupting, harmful or otherwise unauthorized instructions or code including, but not limited to, any maliciously introduced unauthorized instructions or code, programmatic or otherwise, that propagate themselves through a "computer system" or network of whatsoever nature.

"Electronic computer program" means computer software, application software, and other recorded instructions for the processing, sequencing, collecting, transmitting, recording, retrieval, or storage of "electronic data".

"Electronic data" means information or knowledge recorded or transmitted in a form usable in a "computer system", microchip, integrated circuit or similar device in non-computer equipment, and which can be stored on "electronic data processing media" for use by an "electronic computer program".

"Electronic data communications system" means any communication system, including a "computer system" and the internet, which provides the Assured with access to another "computer system", microchip, integrated circuit or similar device in non-computer equipment, or which provides any party access to the Assured's "computer system", microchips, integrated circuits or similar devices in non-computer equipment.

"Electronic data processing media" means punch cards, paper tapes, floppy disks, CD-ROM, hard drives, magnetic tapes, magnetic discs or any other tangible personal property on which "electronic data" or "electronic computer programs" are recorded or transmitted, but not the "electronic data" or "electronic computer programs" themselves. Money or securities are not "electronic data processing media".

"Malicious act" shall mean the intentional and wrongful action or actions of one or more persons, whether or not agents of a sovereign power.

"Personally identifiable information" shall mean information, whether printed or digital, encrypted or unencrypted, in the care custody or control of any Assured which alone or in conjunction with other information can be used to uniquely identify an individual. However, "personally identifiable information" does not include information which is lawfully available to the general public.

All Other Terms And Conditions Remain Unchanged.



# AMERICAN INSTITUTE
## POLLUTION EXCLUSION CLAUSE (P&I)
## AND BUY BACK ENDORSEMENT A
## (MAY 9, 2011)

Attaching to and forming Part of Policy No. N10694486 of Indemnity Insurance Co of North America

Insuring  Red Hospitality & Leisure Key West, LLC dba Sebago Watersports , 205 Elizabeth Street Unit 1
Key West, FL 33040

This Policy will not indemnify the Assured against any sums(s) paid, nor insure against any liability with respect to any loss, damage, liability, cost, expense, fine or penalty of any kind or nature whatsoever, and whether statutory or otherwise, incurred by or imposed on the Assured, directly or indirectly, in consequence of, or with respect to, the actual, alleged, potential or substantial threat of a discharge, emission, dispersal, spillage, release, escape or leakage, upon land, the atmosphere, or any watercourse or body of water of pollutants, including but not limited to oil, fuel, petroleum products, chemicals, toxic materials or substances, hazardous materials or substances, smoke, thermal irritants, vapors, soot, fumes, waste, waste materials, invasive organisms, acids, alkalis, irritants, contaminants or other similar substances.

**IN CONSIDERATION OF AN ADDITIONAL PREMIUM OF $INCLUDED**

**THE ABOVE EXCLUSION SHALL NOT APPLY TO SUMS PAID, OR LIABILITY OF THE ASSURED:**

1. For loss of life of, or bodily injury to, or illness of, any person;
2. For loss, damage or expense to any cargo carried on board the insured Vessel(s);
3. For loss, damage or expense to any cargo on board any other vessel or while contained or stored ashore; and
4. For contamination of any cargo resulting from the pumping of oil, petroleum products, chemicals or any other substances of any kind or nature whatsoever directly into any other vessel, or between tanks of the insured Vessel(s) or into storage tanks or receptacles ashore or elsewhere.

PROVIDED that such sums, or such liability, are insured elsewhere under the terms and conditions of this Policy. All other terms and conditions of this Policy shall remain unchanged.

Endorsement Number: 7

Dated 07/17/2020

MH-210 Printed in U.S.A.                                                                                                   Page 1 of 1

# CHUBB˙

## COLLISION LIABILITY IN PROTECTION & INDEMNITY CLAUSES

| Named Insured<br>Red Hospitality & Leisure Key West, LLC<br>dba Sebago Watersports | | | Endorsement Number<br>8 |
|---|---|---|---|
| Policy Symbol<br>HU | Policy Number<br>N10694486 | Policy Period<br>07/17/2020 to 07/17/2021 | Effective Date of Endorsement<br>07/17/2020 |
| Issued By (Name of Insurance Company)<br>Indemnity Insurance Co of North America | | | |

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

In consideration of an additional premium of **INCLUDED** and subject to the limit of liability, the deductible amount for claims other than for loss of life, bodily injury, or illness, the exclusions, the conditions and the other terms of this Policy, the P&I Clauses SP-38 are extended to cover the insured vessel should it come into collision with any other ship or vessel, and the Assured or the Surety in consequence of the insured vessel being at fault shall become liable to pay and shall pay by way of damages to any other person or persons any sum or sums in respect of such collision, the Underwriters will pay the Assured or the Surety, whichever shall have paid, such proportion of such sum or sums so paid as their respective subscriptions hereto bear to the Agreed Value, provided always that their liability in respect to any one such collision shall not exceed their proportionate part of the Agreed Value. In cases where, with the consent in writing of a majority (in Amount) of Hull Underwriters, the Liability of the Vessel has been contested, or proceedings have been taken to limit liability, the Underwriters will also pay a like proportion of the costs which the Assured shall thereby incur or be compelled to pay.

When both vessels are to blame, then, unless the liability of the owners or charterers of one or both such vessels becomes limited by law, claims under the collision Liability clause shall be settled on the principle of Cross-Liabilities as if the owners of the charterers of each vessel had been compelled to pay to the owner or charterers of the other of such vessels such one half or other proportion of the latter's damages as may have been properly allowed in ascertaining the balance of sum payable by or to the Assured in consequence of such collision; provided that this clause shall in no case extend to any sum which the Assured or the Surety may become liable to pay or shall pay in consequence of, or with respect to:

a.  Removal or disposal of obstruction, wrecks or their cargoes under statutory powers or otherwise pursuant to law;

b.  Injury to real or personal property of every description;

c.  The discharge, spillage, emission or leakage or oil, petroleum products, chemicals or other substances of any kind or description whatsoever,

d.  Cargo or other property on the engagements of the Vessel;

e.  Loss of life, personal injury or illness.

Provided further that exclusion b and c above shall not apply to injury to other vessels or property thereon exception to the extent that such injury arises out of any action taken to avoid minimize or remove any discharge, spillage, emission or leakage described in c.

The insurance afforded by this endorsement shall not increase the limit of the Assurer's liability under this policy with respect to any one accident or occurrence, which shall be the sum insured under the Protection and Indemnity clauses forming a part of this policy.

All Other Terms And Conditions Remain Unchanged.



# CREW WARRANTY ENDORSEMENT

| Named Insured<br>Red Hospitality & Leisure Key West, LLC<br>dba Sebago Watersports | | | Endorsement Number<br>9 |
|---|---|---|---|
| Policy Symbol<br>HU | Policy Number<br>N10694486 | Policy Period<br>07/17/2020 to 07/17/2021 | Effective Date of Endorsement<br>07/17/2020 |
| Issued By (Name of Insurance Company)<br>Indemnity Insurance Co of North America | | | |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

In consideration of the premium charged, it is warranted that there shall not be more than Per Schedule crew member(s) employed aboard the insured vessel at any one time.

Also, warranted that in the event additional crew are to be employed, the Assured shall give prior notice to this Company and pay such additional premium as is required. If the Assured shall fail to give such prior notice and at the time of loss in respects to crew there are more crew employed, the insurance shall respond only in the proportion that the stated number of crew bears to the number on board at the time of the accident.

## ALL OTHER TERMS, CONDITIONS AND VALUATIONS REMAINING UNCHANGED

CHUBB

## ENDORSEMENT DELETING COLLISION LIABILITY FROM AMERICAN INSTITUTE HULL CLAUSES

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Red Hospitality & Leisure Key West, LLC dba Sebago Watersports | | | 10 |
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| HU | N10694486 | 07/17/2020 to 07/17/2021 | 07/17/2020 |
| Issued By (Name of Insurance Company) Indemnity Insurance Co of North America | | | |

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

It is hereby understood and agreed that notwithstanding anything to the contrary contained in the policy to which this endorsement is attached, lines 61 through 84 of the Commercial Hull Policy (MH-050) are deleted.

All Other Terms And Conditions Remain Unchanged.

# CHUBB°

## EXCLUSION OF LOSS DUE TO VIRUS, BACTERIA OR MICROORGANISM THAT INDUCE PHYSICAL DISTRESS, ILLNESS OR DISEASE

| Named Insured Red Hospitality & Leisure Key West, LLC dba Sebago Watersports | | | Endorsement Number 11 |
|---|---|---|---|
| Policy Symbol HU | Policy Number N10694486 | Policy Period 07/17/2020 to 07/17/2021 | Effective Date of Endorsement 07/17/2020 |
| Issued By (Name of Insurance Company) Indemnity Insurance Co of North America | | | |

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

The following exclusion is added to this Policy; supersedes any term, provision or endorsement to the contrary in this policy; and applies notwithstanding such term, provision or endorsement:

This Company will not pay for any loss, damage, cost, or expense of any nature whatsoever directly or indirectly caused by or resulting from the following, regardless of any other cause or event, whether or not assured under this Policy, contributing concurrently or in any other sequence thereto:

Any virus, bacteria or other microorganism that induces or is capable of inducing physical distress, illness or disease, or the fear or threat (whether actual or perceived) of any such virus, bacteria or microorganism, including any and all loss directly or indirectly caused by any action or inaction of the assured or any action or order of a government undertaken in response to, or intended to detect, control, prevent, suppress, mitigate or remediate, the actual, suspected, or anticipated presence of any virus, bacteria or other microorganism that induces or is capable of inducing physical distress, illness or disease.

This exclusion does not apply to loss or damage caused by or resulting from moss or fungus (including mold and mildew), or any mycotoxins, spores, scents, or other by-products of fungi, if such loss or damage, including any exclusion thereof, is addressed in a separate provision elsewhere in this Policy.

Other policy provisions excluding coverage of loss due to virus, bacteria, or microorganism of a type other than that which induce or are capable of inducing physical distress, illness or disease remain in full force and effect.

All other terms and conditions remain unchanged.



## FOOD & BEVERAGE ENDORSEMENT

| Named Insured<br>Red Hospitality & Leisure Key West, LLC<br>dba Sebago Watersports | | | Endorsement Number<br>12 |
|---|---|---|---|
| Policy Symbol<br>HU | Policy Number<br>N10694486 | Policy Period<br>07/17/2020 to 07/17/2021 | Effective Date of Endorsement<br>07/17/2020 |
| Issued By (Name of Insurance Company)<br>Indemnity Insurance Co of North America | | | |

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

Notwithstanding anything to the contrary contained in the policy to which this endorsement is attached, including the fifth unnumbered paragraph of Special Conditions Endorsement (form MH-130), in consideration of the premium charged, it is hereby understood and agreed that the Protection and Indemnity Clauses of this policy do not exclude claims the assured shall become liability to pay as a result of the sale and/or consumption of food and/or beverages.

All Other Terms And Conditions Remain Unchanged.



## HOSTILE ACTS EXCLUSIONS ENDORSEMENT

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Red Hospitality & Leisure Key West, LLC<br>dba Sebago Watersports | | | 13 |
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| HU | N10694486 | 07/17/2020 to 07/17/2021 | 07/17/2020 |
| Issued By (Name of Insurance Company)<br>Indemnity Insurance Co of North America | | | |

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**This clause shall be paramount and shall override anything contained in this policy or any of its endorsements inconsistent therewith:**

It is understood and agreed that this insurance does not apply to any liability for, or any loss, damage, injury or expense caused by, resulting from or incurred by reason of any one or more of the following:

a. capture, seizure, arrest, taking, restraint, detainment, confiscation, preemption, requisition or naturalization, or the consequences thereof or any attempt thereat, whether in time of peace or war and whether lawful or otherwise;

b. hostilities or warlike operations (whether there be a declaration of war or not), but the phrase "hostilities or warlike operation (whether there be a declaration of war or not)" shall not exclude collision or contact with aircraft, rockets or similar missiles or with any fixed or floating object, stranding, heavy weather, fire or explosion unless caused directly (independently or the nature of the voyage or service which the watercraft concerned or in the case of a collision, any other vessel involved herein, is performing) by a hostile act by or against a belligerent power; for the purpose of the foregoing, power includes any authority maintaining naval, military or air forces in association with a power. In addition to the foregoing exclusions, this insurance shall not cover any loss, damage or expense to which a warlike act or the use of military or naval weapons is a contributing cause, whether or not the Insured's liability therefor is based on negligence or otherwise, and whether in time of peace or war. The embarkation, carriage and disembarkation of troops, combatants, or material of war, or the placement of the watercraft in jeopardy an act or measure of war taken in the actual process of a military engagement, with or without the consent of the Insured, shall be considered a warlike act for the purpose of the Policy;

c. the consequences of civil war, revolution, rebellion, insurrection, military or usurped power, the imposition of martial law, or civil strife arising therefrom, or piracy; or from any loss, damage or expense caused by or resulting directly or indirectly from the act or acts of one or more persons, whether or not agents of a sovereign power, carried out for political or ideological purposes, and whether any loss, damage or expense resulting therefrom is accidental or intentional;

d. malicious acts or vandalism, strikes, lockouts, political or labor disturbances, civil commotions, riots, or the acts of any person or persons taking part in such occurrence or disorder

e. terrorism; or any costs or expenses incurred by the Insured directly or indirectly with respect to the steps taken to prevent, suppress, control or reduce the consequences of any actual, attempted, anticipated, threatened, suspected or perceived terrorism; for the purpose of this endorsement, **"terrorism"** shall mean activities against persons, organizations or property of any nature:

   (1) That involve the following or preparation for the following:

   a. Use or threat of force or violence;

   b. Commission or threat of a dangerous act; or

 ©Chubb. 2016. All rights reserved

    c.   Commission or threat of an act that interferes with or disrupts an electronic, communication, information, or mechanical system; and

(2)  When one or both of the following applies:

    a.   The effect is to intimidate or coerce a government, or to cause chaos among the civilian population or any segment thereof, or to disrupt any segment of the economy; or

    b.   It is reasonable to believe the intent is to intimidate or coerce a government, or to seek revenge or retaliate, or to further political, ideological, religious, social or economic objectives or to express (or express opposition to) a philosophy or ideology.

## ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED

 ©Chubb. 2016. All rights reserved

**CHUBB**

## LOSS PAYEE ENDORSEMENT

| Named Insured<br>Red Hospitality & Leisure Key West, LLC<br>dba Sebago Watersports | | | Endorsement Number<br>14 |
|---|---|---|---|
| Policy Symbol<br>HU | Policy Number<br>N10694486 | Policy Period<br>07/17/2020 to 07/17/2021 | Effective Date of Endorsement<br>07/17/2020 |
| Issued By (Name of Insurance Company)<br>Indemnity Insurance Co of North America | | | |

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

It is hereby agreed that the following is a Loss Payee on this policy as their interest may appear:

**Name:** Centennial Bank

**Address:** P.O. Box 906

Conway, AR 72033

**Name:** Centennial Bank

**Address:** 1229 Simonton Street

Key West, FL 33040

**Name:** Bank of Jackson Hole

**Address:** P.O. Box 7000

Jackson, WY 83002

### ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED



## ENDORSEMENT

## MEDICAL PAYMENTS CLAUSES

| Named Insured<br>Red Hospitality & Leisure Key West, LLC<br>dba Sebago Watersports | | | Endorsement Number<br>15 |
|---|---|---|---|
| Policy Symbol<br>HU | Policy Number<br>N10694486 | Policy Period<br>07/17/2020  to  07/17/2021 | Effective Date of Endorsement<br>07/17/2020 |
| Issued By (Name of Insurance Company)<br>Indemnity Insurance Co of North America | | | |

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

1. In consideration of an additional premium in the amount of $Included this Company agrees to pay to or for each person, except as hereinafter excluded, who sustains bodily injury caused by accident while in or upon, boarding or alighting from the vessel insured hereunder, the reasonable expense of necessary medical, surgical, ambulance, hospital and professional nursing services, and in event of death resulting from such injury, the reasonable funeral expense, all incurred within one (1) year from the date of the accident.

2. LIMIT OF LIABILITY:

   This Company shall not be liable hereunder for any expense or combined expenses incurred in excess of $10,000 as a result of any one accident or series of accidents arising out of the same event, whether or not involving one (1) or more persons.

3. EXCLUSIONS:

   This coverage shall not apply to:

   (a) Any person who is a trespasser;

   (b) Any person to or for whom benefits are payable under any Workmen's Compensation or Longshoremen's and Harbor Worker's Compensation Laws;

   (c) Any employee of the Assured or any person engaged in the operation, maintenance, or the repair of the insured vessel;

   (d) The named Assured or registered owner of the insured vessel.

4. MEDICAL AND OTHER REPORTS EXAMINATION:

   The injured person or someone on his behalf shall, as soon as practicable, furnish reasonably obtainable information pertaining to the accident and injury, and execute authorization to enable the Company to obtain medical reports and copies of records, the injured person shall submit to physical examination by physicians selected by the Company when and as often as the Company may reasonably require.

5. PROOF AND PAYMENTS OF CLAIM:

   As soon as practicable after rendering of services or after the expiration of one-year from the date of the accident, whichever is first, the injured person or someone on his behalf shall give the Company written proof of claim under oath, stating the name and address of each person and organization which has

rendered services, the nature and extent and the dates of rendition of such services, the itemized charges and the amounts paid thereon. The Company shall have the right to pay the injured person or any such person or organization on account of the services rendered, and a payment so made shall reduce the amount payable hereunder for injury. Payment hereunder shall not constitute admission of liability of the insured or the Company.

6.    CANCELLATION:            This endorsement may be cancelled by either party upon ten (10) days written notice. If cancelled by the Assured, short rates will be charged, if cancelled by the Company, pro rata rates will be charged.


**ALL OTHER TERMS, CONDITIONS, LIMITATIONS AND EXCLUSIONS REMAIN UNCHANGED**

# CHUBB

## NAVIGATION WARRANTY

| Named Insured Red Hospitality & Leisure Key West, LLC dba Sebago Watersports | | | Endorsement Number 16 |
|---|---|---|---|
| Policy Symbol HU | Policy Number N10694486 | Policy Period 07/17/2020 to 07/17/2021 | Effective Date of Endorsement 07/17/2020 |
| Issued By (Name of Insurance Company) Indemnity Insurance Co of North America | | | |

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

As a condition to the issuance of this policy, the Assured hereby warrants that the vessels insured herein are confined to the following waterways, but always in accordance with United States Coast Guard Certificate of Inspection, if applicable:

Warranted confined to the coastal waters of the Florida Keys, not to exceed 10 miles offshore.

This insurance does not apply with respect to vessels outside the waterways set forth above.

All Other Terms And Conditions Remain Unchanged.

MH-50199 (03/18)

Page 1 of 1



# CHUBB

## SCHEDULE OF VESSELS ENDORSEMENT

| Named Insured<br>Red Hospitality & Leisure Key West, LLC<br>dba Sebago Watersports | | | Endorsement Number<br>17 |
|---|---|---|---|
| Policy Symbol<br>HU | Policy Number<br>N10694486 | Policy Period<br>07/17/2020 to 07/17/2021 | Effective Date of Endorsement<br>07/17/2020 |
| Issued By (Name of Insurance Company)<br>Indemnity Insurance Co of North America | | | |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

It is hereby understood and agreed that, in consideration of an additional premium charge of $Included, the following vessels are hereby added to coverage herein:

| Vessel | Hull Limit | Crew | Passengers |
|---|---|---|---|
| 1999 67' Marquesa | $900,000 | 3 | 125 |
| 1993 60' Sebago Cubed | $500,000 | 3 | 65 |
| 1994 57' SV Flyer | $500,000 | 3 | 65 |
| 2019 Gemini Freestyle 37 | $250,000 | 1 | 6 |
| 2018 Native Soul Catamaran | $1,380,000 | 2 | 49 |
| 2019 World Cat 28 DC Catamaran | $216,372 | 1 | 6 |
| 2020 Aluminum Sightseer Catamaran | $262,000 | 2 | 49 |
| 2000 64' Teralani 2 Catamaran | $1,000,000 | 3 | 125 |
| 40' Custom Barge | $27,100 | 1 | 6 |
| 2017 Cruisin Tiki – CTI01021G717 | $35,000 | 1 | 6 |
| 2017 Cruisin Tiki – CTI01024K718 | $35,000 | 1 | 6 |
| 2018 Duffy 22 – DFFNO329F818 | $50,000 | 1 | 6 |
| 2018 Duffy 22 – DFFNO33OF818 | $50,000 | 1 | 6 |

The following items are covered for P&I Only:

Jet Skis (5) per schedule/VINs on file with Underwriters

Kayaks (6)

Paddle Boards (2)

Double Banana Boat (1)

**Hull Deductibles:** 3% of Agreed Value per vessel, per occurrence; except 5% of Agreed Value per vessel, per occurrence as respects Windstorm

It is further understood and agreed that each vessel is deemed separately insured as per the Hull Clauses contained herein.

### ALL OTHER TERMS, CONDITIONS, LIMITATIONS AND EXCLUSIONS REMAIN UNCHANGED



## SIGNATURE ENDORSEMENT

| Named Insured<br>Red Hospitality & Leisure Key West, LLC<br>dba Sebago Watersports | | | Endorsement Number<br>18 |
|---|---|---|---|
| Policy Symbol<br>HU | Policy Number<br>N10694486 | Policy Period<br>07/17/2020 to 07/17/2021 | Effective Date of Endorsement<br>07/17/2020 |
| Issued By (Name of Insurance Company)<br>Indemnity Insurance Co of North America | | | |

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

THE ONLY SIGNATURES APPLICABLE TO THIS POLICY ARE THOSE REPRESENTING THE COMPANY NAMED ON THE FIRST PAGE OF THE DECLARATIONS.

By signing and delivering the policy to you, we state that it is a valid contract.

**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA** (A stock company)
**WESTCHESTER FIRE INSURANCE COMPANY** (A stock company)
**ACE AMERICAN INSURANCE COMPANY** (A stock company)
**ACE PROPERTY AND CASUALTY INSURANCE COMPANY** (A stock company)
**INSURANCE COMPANY OF NORTH AMERICA** (A stock company)
**PACIFIC EMPLOYERS INSURANCE COMPANY** (A stock company)

436 Walnut Street, P.O. Box 1000, Philadelphia, Pennsylvania 19106-3703

**ATLANTIC EMPLOYERS INSURANCE COMPANY** (A stock company)
55 Haddonfield Road, Suite 210, Cherry Hill, New Jersey 08002

**ACE INSURANCE COMPANY OF THE MIDWEST** (A stock company)
120 N, 9th Street, Richmond, Indiana 42374

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.**

REBECCA L. COLLINS, Secretary

JOHN J. LUPICA, President



## ENDORSEMENT

## SPECIAL CONDITIONS CLAUSES

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Red Hospitality & Leisure Key West, LLC dba Sebago Watersports | | | 19 |
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| HU | N10694486 | 07/17/2020 to 07/17/2021 | 07/17/2020 |
| Issued By (Name of Insurance Company) | | | |
| Indemnity Insurance Co of North America | | | |

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

Warranted that while the insured vessels are carrying passengers for hire, there will be on board and in charge a person who holds a valid license issued by the United States Coast Guard that meets the legal requirements as operator of the vessel.

Warranted the insured vessels be properly licensed in accordance with the laws of the United States, and while being used for hire the vessels shall not have on board more persons than which they are licensed, and the vessels shall not be navigated beyond those waters permitted by the license.

Notwithstanding anything to the contrary contained herein the coverages provided by the Protection and Indemnity portion of this policy shall in no case cover claims the assured shall become liable to pay on account of loss of life or injury to, or illness of any swimmers, snorkelers, or divers while preparing to enter the water, in the water, or boarding the vessels at the conclusion of swimming, snorkeling, or diving.

It is hereby understood and agreed that the vessels insured hereunder shall carry no more than (as per schedule) passengers (exclusive of captain and crew).

It is further understood and agreed that coverage provided by the Protection and Indemnity Clauses of this policy shall in no case cover claims the assured shall become liable to pay as a result of the sale and/or consumption of food and/or beverages.

### ALL OTHER TERMS, CONDITIONS, LIMITATIONS AND EXCLUSIONS REMAIN UNCHANGED

MH-130



**CHUBB°**

## Total Loss Endorsement

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Red Hospitality & Leisure Key West, LLC dba Sebago Watersports | | | 20 |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|
| HU | N10694486 | 07/17/2020 to 07/17/2021 | 07/17/2020 |

| Issued By (Name of Insurance Company) |
|---|
| Indemnity Insurance Co of North America |

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

There shall be no recovery for a constructive Total Loss hereunder unless the expense of recovering and repairing the Vessel would exceed the Agreed Value. In making this determination, only expenses incurred or to be incurred by reason of a single accident or a sequence of damages arising from the same accident shall be taken into account, but expenses incurred prior to tender of abandonment shall not be considered if such are to be claimed separately under the Sue and Labor clause.

In ascertaining whether the Vessel is a constructive Total Loss the Agreed Value shall be taken as the repaired value and nothing in respect of the damaged or break-up value of the Vessel or wreck shall be taken into account.

In the event of Total Loss (actual or constructive), no claim to be made by this Company for freight, whether notice of abandonment has been given or not.

In no case shall this Company be liable for unrepaired damage in addition to a subsequent Total Loss sustained during the period covered by this Policy.

All Other Terms, Conditions, Limitations And Exclusions Remain Unchanged



# ENDORSEMENT

## WINDSTORM ENDORSEMENT

| Named Insured<br>Red Hospitality & Leisure Key West, LLC<br>dba Sebago Watersports | | | Endorsement Number<br>21 |
|---|---|---|---|
| Policy Symbol<br>HU | Policy Number<br>N10694486 | Policy Period<br>07/17/2020 to 07/17/2021 | Effective Date of Endorsement<br>07/17/2020 |
| Issued By (Name of Insurance Company)<br>Indemnity Insurance Co of North America | | | |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

The following deductible provision is applicable to this policy:

We will apply a separate hull deductible to losses caused by wind, rain, wave or hail when those losses are the result of either a Tropical Depression, Tropical Storm, Hurricane or Nor'easter. This deductible will be in lieu of the property damage shown on the Declarations page and will be applied per occurrence. It will be applicable to all partial, total or constructive total losses.

DEDUCTIBLE AMOUNT:          $Per Schedule

DEFINITIONS:

"TROPICAL DEPRESSIONS, TROPICAL STORMS AND HURICANES" are defined as whose so designated by the National Weather service and/or National Hurricane Center. Nor'easters are defined as those which are assigned storm numbers by the Federal Emergency Management Agency and/or declared disasters by the President of the United States.

## ALL OTHER TERMS, CONDITIONS, LIMITATIONS AND EXCLUSIONS REMAIN UNCHANGED



CHUBB˚

**AMENDMENT TO SPECIAL CONDITIONS ENDORSEMENT**

| Named Insured Red Hospitality & Leisure Key West, LLC | | | Endorsement Number 22 |
|---|---|---|---|
| Policy Symbol HU | Policy Number N10694486 | Policy Period 07/17/2020 to 07/17/2021 | Effective Date of Endorsement 07/17/2020 |
| Issued By (Name of Insurance Company) Indemnity Insurance Co of North America | | | |

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

It is understood and agreed that the MH-130 Special Conditions Endorsement herein is amended to remove the 3rd and 5th paragraphs and will now read as follows:

Warranted that while the insured vessels are carrying passengers for hire, there will be on board and in charge a person who holds a valid license issued by the United States Coast Guard that meets the legal requirements as operator of the vessel.

Warranted the insured vessels be properly licensed in accordance with the laws of the United States, and while being used for hire the vessels shall not have on board more persons than which they are licensed, and the vessels shall not be navigated beyond those waters permitted by the license.

It is hereby understood and agreed that the vessels insured hereunder shall carry no more than (as per schedule) passengers (exclusive of captain and crew).

### ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

MH-1000

Page 1 of 1



**BAREBOAT RENTAL COVERAGE ENDORSEMENT**

| Named Insured<br>Red Hospitality & Leisure Key West, LLC | | | Endorsement Number<br>23 |
|---|---|---|---|
| Policy Symbol<br>HU | Policy Number<br>N10694486 | Policy Period<br>07/17/2020  to  07/17/2021 | Effective Date of Endorsement<br>07/17/2020 |
| Issued By (Name of Insurance Company)<br>Indemnity Insurance Co of North America | | | |

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

### This endorsement modifies insurance provided under the following:

### MARINE POLICY

It is agreed and understood that the following provision is added to the policy:
It is hereby understood and agreed that the vessels set forth in the Schedule below are insured under this policy for Protection & Indemnity coverage as per the Protection And Indemnity Clauses while operated under a bareboat charter rental agreement either with or without a captain furnished by the Assured. It is warranted that the maximum number of persons allowed onboard the vessel at any one time shall not exceed the stated number of passengers outlined in the Schedule of Vessels Endorsement or the vessel manufacturer's recommendations, whichever is less, and that there shall be an equal number of life jackets for each passenger on board including the captain.

When a captain furnished by the Assured is onboard, crew coverage will be provided in accordance with the terms and conditions of this policy. It is warranted that when operating the rented vessels without a captain furnished by the Assured that a pre-rental operator vetting and instructional trip will be conducted by a captain of the Assured with a Release of Liability and Boat Rental Agreement being signed and executed prior to rental. It is further warranted that the vessels shall not be rented to anyone under 21 years of age. The person renting the vessel must possess a valid driver's license, a copy of which shall be obtained along with a major credit card number of the renter.

It is further understood and agreed that coverage provided by this policy shall not apply to any claim, loss, accident, occurrence or liability of an Assured for damage to property, or for loss of life, illness or bodily injury to any person, arising out of or related to waterskiing, parasailing, or any other similar 'towable' water-sport activities.  This exclusion applies to anyone involved with such waterskiing, parasailing, or any other similar 'towable' water-sport activities, whether or not the Assured causes, or in any way contributes to, the activities or damages or injuries sustained.

<u>Schedule:</u>
2018 Duffy 22 – DFFN0329F818
2018 Duffy 22 -  DFFN0330F818

## ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.



## COVERAGE WARRANTIES ENDORSEMENT

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Red Hospitality & Leisure Key West, LLC | | | 24 |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|
| HU | N10694486 | 07/17/2020 to 07/17/2021 | 07/17/2020 |

| Issued By (Name of Insurance Company) |
|---|
| Indemnity Insurance Co of North America |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### This endorsement modifies insurance provided under the following:

### MARINE POLICY

As a condition of coverage provided under this policy, the Assured hereby makes the following warranties:

1. The Assured will procure and maintain separate insurance with respect to parasail vessels for Protection & Indemnity and Liability risks.

2. Jet skis are to be used only in a confined area the boundaries of which are readily ascertainable by all jet ski users.

3. No alcohol shall be served or consumed by any person prior to in-water activities.

4. For insured vessels of applicable size which meet the U.S. Coast Guard's requirement for Certificate of Inspection (COI), the following shall apply:

a. The insured vessel shall carry a current and valid COI and the Assured shall at all times comply with the terms of the COI conditions.

b. The insured vessel shall be in compliance with all U.S. Coast Guard regulations pertaining to the carriage of passengers for hire.

c. The number of passengers shall not exceed the maximum number stated on the COI.

## ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.



**PARASAIL OPERATIONS EXCLUSION ENDORSEMENT**

| Named Insured<br>Red Hospitality & Leisure Key West, LLC | | | Endorsement Number<br>25 |
|---|---|---|---|
| Policy Symbol<br>HU | Policy Number<br>N10694486 | Policy Period<br>07/17/2020 to 07/17/2021 | Effective Date of Endorsement<br>07/17/2020 |
| Issued By (Name of Insurance Company)<br>Indemnity Insurance Co of North America | | | |

### THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

### This endorsement modifies insurance provided under the following:

### MARINE POLICY

It is hereby understood and agreed that notwithstanding anything to the contrary contained in the policy to which this endorsement is attached, the policy shall at no time provide coverage for any accident, occurrence, offense, liability, bodily injury, property damage, claim, loss, suit, cost or expense arising from, in connection with or related to parasailing activities of any kind.

### ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.



## SCHEDULE OF NAMED INSUREDS ENDORSEMENT

| Named Insured<br>Red Hospitality & Leisure Key West, LLC | | | Endorsement Number<br>26 |
|---|---|---|---|
| Policy Symbol<br>HU | Policy Number<br>N10694486 | Policy Period<br>07/17/2020 to 07/17/2021 | Effective Date of Endorsement<br>07/17/2020 |
| Issued By (Name of Insurance Company)<br>Indemnity Insurance Co of North America | | | |

### THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

The schedule of Named Insureds herein is as follows:

Red Hospitality & Leisure Key West, LLC, DBA: Sebago Watersports
Ashford Inc.
Cubed Marine Leasing LLC
Flyer Marine Leasing, LLC
Marquesa Marine leasing LLC
Pelican Charters, LLC
Sebago Marine Leasing LLC
Sebago Watersports
Sebago X, Inc.

### ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.



**SNORKELING COVERAGE ENDORSEMENT**

| Named Insured | | Endorsement Number |
|---|---|---|
| Red Hospitality & Leisure Key West, LLC | | 27 |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|
| HU | N10694486 | 07/17/2020 to 07/17/2021 | 07/17/2020 |

| Issued By (Name of Insurance Company) |
|---|
| Indemnity Insurance Co of North America |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### This endorsement modifies insurance provided under the following:

### MARINE POLICY

It is hereby agreed that in consideration of the additional premium charged, the following shall apply:

This policy is extended to insure, under the Protection And Indemnity Clauses, against claims, demands, liabilities and damages resulting from the watersport of snorkeling.

Notwithstanding anything contained in this policy to the contrary, this policy is extended as set forth above only in excess of the limits provided under any other valid professional liability insurance, or any other valid insurance that might apply.

It is further understood and agreed that the limit of liability for coverage provided by this endorsement shall be included within, as a part of and shall not exceed the Protection & Indemnity combined single limit of $1,000,000.

## ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.



## CHUBB PRODUCER COMPENSATION
## PRACTICES & POLICIES

Chubb believes that policyholders should have access to information about Chubb's practices and policies related to the payment of compensation to brokers and independent agents.  You can obtain  that information  by accessing our  website  at http://www.chubbproducercompensation.com or  by  calling the  following  toll-free telephone number: 1-866-512-2862.

©Chubb. 2016. All rights reserved.

POLICY NUMBER: N10694486

CHUBB·

# Claims Directory
# Property and Marine

**Claims or Loss Notices related to this policy should be reported to the following:**

| Claim Office | Email, Fax and Phone | Location |
|---|---|---|
| Chubb North American Claims | **First Notices Email:**<br><br>CommercialMarineFirstNotice@chubb.com<br><br>**First Notices Fax:**<br><br>(877)-395-0131 (Toll Free)<br>(302)-476-7254 (Local)<br><br>**Phone:**<br><br>(800)-433-0385 - Business Hours<br>(800)-523-9254 – After Hours | P.O. Box 5122<br>Scranton, PA 18505-0554 |



## NAMED INSURED ENDORSEMENT

| Named Insured<br>Red Hospitality & Leisure Key West, LLC<br>dba Sebago Watersports | | | Endorsement Number<br>28 |
|---|---|---|---|
| Policy Symbol<br>HU | Policy Number<br>N10694486 | Policy Period<br>07/17/2020 to 07/17/2021 | Effective Date of Endorsement<br>08/14/2020 |
| Issued By (Name of Insurance Company)<br>Indemnity Insurance Co of North America | | | |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

It is understood and agreed that the following entities are hereby added as Named Insureds herein:

Island Time Watersports Caribbean LLC dba Cruzan Watersports

## ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

CHUBB°

## SCHEDULE OF VESSELS ENDORSEMENT

| Named Insured<br>Red Hospitality & Leisure Key West, LLC<br>dba Sebago Watersports | | | Endorsement Number<br>29 |
|---|---|---|---|
| Policy Symbol<br>HU | Policy Number<br>N10694486 | Policy Period<br>07/17/2020 to 07/17/2021 | Effective Date of Endorsement<br>08/14/2020 |
| Issued By (Name of Insurance Company)<br>Indemnity Insurance Co of North America | | | |

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

It is hereby understood and agreed that, in consideration of an additional premium of $276,986 ($203,432 Hull/$73,554 P&I), prorata of annual $300,000 ($220,334 Hull/$79,666 P&I), the following additional Vessels are hereby added to the MH-1740a Schedule of Vessels endorsement herein, as follows:

**U.S. Virgin Islands Fleet:**

| Vessel | Hull Limit | Crew | Passengers |
|---|---|---|---|
| 2002 55' Island Time | $950,000 | 4 | 64 |
| 2001 55' Day Dreamer | $775,000 | 4 | 49 |
| 2011 38' Nourania Chase | $119,000 | 1 | 10 |
| 2003 63' Jammincat | $900,000 | 4 | 80 |
| 2013 46' Jost Boat | $500,000 | 3 | 32 |
| 1995 (2018 refit) 104' Fast Cat | $2,800,000 | 4 | 149 |
| 2019 63' Lady Lynsey | $1,600,000 | 4 | 80 |
| Dinghy No. 1 | $20,000 | 4 | 4 |
| Dinghy No. 2 | $20,000 | 4 | 4 |
| Dinghy No. 3 | $20,000 | 4 | 4 |

**The following items in the U.S. Virgin Islands fleet are covered for P&I Only:**

Westin Equipment – per schedule/VINs on file with Underwriters (counts below)

Kayaks (20)

Paddleboards (5)

Hobie Wave Sailboats (4)

Ritz Carlton Equipment – per schedule/VINs on file with Underwriters (counts below)

Kayaks (16)

Paddleboards (10)

Hobie Wave Sailboats (8)

**Hull Deductibles:**          **U.S. Virgin Islands Fleet:** 3% of
Agreed Value per vessel, per
occurrence; except 10% of Agreed Value
per vessel, per occurrence as respects
Windstorm

It is further understood and agreed that each vessel is deemed separately insured as per the Hull Clauses contained herein.

## ALL OTHER TERMS, CONDITIONS, LIMITATIONS AND EXCLUSIONS REMAIN UNCHANGED

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

July 28, 2022 04:51 PM
SX-2022-CV-00276
**TAMARA CHARLES**
**CLERK OF THE COURT**

# EXHIBIT 2

 **Gmail**

Joel Holt <joelholtpc@gmail.com>

## Malone v. Island Time Watersports

1 message

**Adam Marinelli** <AMarinelli@vilaw.com>
To: Joel Holt <joelholtpc@gmail.com>
Cc: Ryan Greene <ryan@ryan-greene.com>, Isabelle Teare <ITeare@vilaw.com>

Tue, Jul 27, 2021 at 10:58 AM

Hi Joel and Ryan,

Following up on our discussion and prior emails, you were correct – we sent the wrong policy. Sorry about that. I've requested the full policy docs from the client, but here are the cert pages for the proper one. The excess coverage I sent prior also still applies to this claim as well.

With respect to our deadline to respond, apparently Prentice Hall failed to notify my client and your email was the first we had regarding service. May I have a 30 day extension to work out the issue of Chubb appointing us as defense counsel and get an answer prepared? Appreciate the courtesy if you are amenable.

Happy to discuss if you need to do so.

Best regards,

**Adam N. Marinelli**

**Associate Attorney**

 **BOLTNAGI** PC
**ATTORNEYS AT LAW**

**Merchants Financial Center**
**4608 Tutu Park Mall, Suite 202**
**St. Thomas, VI 00802-1816**
**Tel: 340.774.2944 Ext. 234**
**Fax: 340.776.1639**

*ACORD®*

# CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY)
09/24/2020

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: | Bricia Flores | | |
|---|---|---|---|---|
| R. A. Belter Insurance Agency, Inc. | PHONE (A/C, No, Ext): | (530) 934-7777 | FAX (A/C, No): | (530) 934-2634 |
| CA Lic# 0619345 | E-MAIL ADDRESS: | bri@belterinsurance.com | | |
| P.O. Box 1129 | | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| Orland                     CA 95963 | INSURER A : | Indemnity Insurance Company of North America | | 4357 |
| INSURED | INSURER B : | Ace American Insurance | | |
| Red Hospitality & Leisure Key West, LLC, DBA: Sebago Watersports | INSURER C : | Federal Insurance Company | | 20281 |
| 205 Elizabeth Street | INSURER D : | | | |
| Unit 1 | INSURER E : | | | |
| Key West                     FL  33040 | INSURER F : | | | |

| COVERAGES | CERTIFICATE NUMBER: 20/21 Master | REVISION NUMBER: |
|---|---|---|

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | **COMMERCIAL GENERAL LIABILITY** <br> CLAIMS-MADE ☒ OCCUR <br> ☒ Marine General Liability | | Y | N10694528 | 07/17/2020 | 07/17/2021 | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 250,000 |
| | | | | | | | MED EXP (Any one person) | $ 10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: <br> POLICY ☐ PRO-JECT ☐ LOC <br> OTHER: Ded $5,000 | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ 1,000,000 |
| | | | | | | | | $ |
| B | **AUTOMOBILE LIABILITY** <br> ☒ ANY AUTO <br> ☐ OWNED AUTOS ONLY ☐ SCHEDULED AUTOS <br> ☐ HIRED AUTOS ONLY ☐ NON-OWNED AUTOS ONLY | | Y | H0847185A 001 | 07/17/2020 | 07/17/2021 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | Underinsured motorist | $ 1,000,000 |
| | ☐ UMBRELLA LIAB ☐ OCCUR <br> ☐ EXCESS LIAB ☐ CLAIMS-MADE | | | | | | COMBINED SINGLE LIMIT EACH OCCURRENCE | $ |
| | | | | | | | AGGREGATE | $ |
| | ☐ DED ☐ RETENTION $ | | | | | | | $ |
| C | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y/N <br> ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? ☐ <br> (Mandatory in NH) <br> If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | | 79943173 | 07/17/2020 | 07/17/2021 | ☐ PER STATUTE ☐ OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ 1,000,000 |
| A | Protection & Indemnity | | Y | N10694486 | 07/17/2020 | 07/17/2021 | 1,000,000 | Ded $5,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

The Ritz-Carlton, Inc., Marriott International, Inc., Ritz-Carlton Hotel Company, L.L.C., as respects insured operations at 2D Chocolate Hole, Suite 2D St John, USVI VI 00830

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Ritz-Carlton, Inc. <br> 2D Chocolate Hole, Suite 2D <br><br> St. John                     VI  00830 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. <br><br> AUTHORIZED REPRESENTATIVE |

© 1988-2015 ACORD CORPORATION. All rights reserved.

ACORD 25 (2016/03)                    The ACORD name and logo are registered marks of ACORD

## Additional Named Insureds

**Other Named Insureds**

| | |
|---|---|
| Ashford Inc. | Corporation, Insured Multiple Names |
| Cruz Bay Watersports | Doing Business As |
| Cubed Marine Leasing LLC | Insured Multiple Names |
| Flyer Marine Leasing, LLC | Limited Liability Company, Insured Multiple Names |
| Island Time Watersports Caribbean | Limited Liability Company, Insured Multiple Names |
| Marquesa Marine leasing LLC | Insured Multiple Names |
| Pelican Charters, LLC | Limited Liability Company, Insured Multiple Names |
| Sebago Marine Leasing LLC | Insured Multiple Names |
| Sebago Watersports | Doing Business As |
| Sebago X, Inc. | Corporation, Insured Multiple Names |

COPYRIGHT 2007, AMS SERVICES INC

 **ACORD®**

# CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY)**
09/24/2020

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Bricia Flores | | | |
|---|---|---|---|---|
| R. A. Belter Insurance Agency, Inc. | PHONE (A/C, No, Ext): (530) 934-7777 | | FAX (A/C, No): | (530) 934-2634 |
| CA Lic# 0619345 | E-MAIL ADDRESS: bri@belterinsurance.com | | | |
| P.O. Box 1129 | | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| Orland                                CA 95963 | INSURER A : Indemnity Insurance Company of North America | | | 4357 |
| INSURED | INSURER B : Ace American Insurance | | | |
| Red Hospitality & Leisure Key West, LLC, DBA. Sebago Watersports | INSURER C : Federal Insurance Company | | | 20281 |
| 205 Elizabeth Street | INSURER D : | | | |
| Unit 1 | INSURER E : | | | |
| Key West                            FL 33040 | INSURER F : | | | |

**COVERAGES     CERTIFICATE NUMBER:** 20/21 Master          **REVISION NUMBER:**

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | COMMERCIAL GENERAL LIABILITY ☐ CLAIMS-MADE ☒ OCCUR ☒ Marine General Liability | | Y | N10694528 | 07/17/2020 | 07/17/2021 | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 250,000 |
| | | | | | | | MED EXP (Any one person) | $ 10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | ☐ POLICY ☐ PRO-JECT ☐ LOC ☐ OTHER: Ded $5,000 | | | | | | PRODUCTS - COMP/OP AGG | $ 1,000,000 |
| | | | | | | | | $ |
| B | AUTOMOBILE LIABILITY ☒ ANY AUTO ☐ OWNED AUTOS ONLY ☐ SCHEDULED AUTOS ☐ HIRED AUTOS ONLY ☐ NON-OWNED AUTOS ONLY | | Y | H0847185A 001 | 07/17/2020 | 07/17/2021 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | Underinsured motorist | $ 1,000,000 |
| | ☐ UMBRELLA LIAB ☐ OCCUR ☐ EXCESS LIAB ☐ CLAIMS-MADE | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | AGGREGATE | $ |
| | ☐ DED ☐ RETENTION $ | | | | | | | $ |
| C | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY                Y / N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | N / A | | 79943173 | 07/17/2020 | 07/17/2021 | ☐ PER STATUTE ☐ OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ 1,000,000 |
| A | Protection & Indemnity | | Y | N10694466 | 07/17/2020 | 07/17/2021 | 1,000,000 | Ded $5,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

The Ritz-Carlton, Inc., Marriott International, Inc., Ritz-Carlton Hotel Company, L.L.C., as respects insured operations at 6900 Great Bay St. Thomas, VI 00802

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| The Ritz-Carlton, Inc. 6900 Great Bay St. Thomas                            VI 00802 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.  AUTHORIZED REPRESENTATIVE |

© 1988-2015 ACORD CORPORATION. All rights reserved.

ACORD 25 (2016/03)          The ACORD name and logo are registered marks of ACORD

# Additional Named Insureds

**Other Named Insureds**

| | |
|---|---|
| Ashford Inc. | Corporation, Insured Multiple Names |
| Cruz Bay Watersports | Doing Business As |
| Cubed Marine Leasing LLC | Insured Multiple Names |
| Flyer Marine Leasing, LLC | Limited Liability Company, Insured Multiple Names |
| Island Time Watersports Caribbean | Limited Liability Company, Insured Multiple Names |
| Marquesa Marine leasing LLC | Insured Multiple Names |
| Pelican Charters, LLC | Limited Liability Company, Insured Multiple Names |
| Sebago Marine Leasing LLC | Insured Multiple Names |
| Sebago Watersports | Doing Business As |
| Sebago X, Inc. | Corporation, Insured Multiple Names |

COPYRIGHT 2007, AMS SERVICES INC



# CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY)**
09/24/2020

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Bricia Flores | | |
|---|---|---|---|
| R. A. Belter Insurance Agency, Inc. | PHONE (A/C, No, Ext): (530) 934-7777 | | FAX (A/C, No): (530) 934-2634 |
| CA Lic# 0619345 | E-MAIL ADDRESS: bri@belterinsurance.com | | |
| P.O. Box 1129 | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| Orland                              CA 95963 | INSURER A: Indemnity Insurance Company of North America | | 4357 |
| INSURED | INSURER B: Ace American Insurance | | |
| Red Hospitality & Leisure Key West, LLC, DBA: Sebago Watersports | INSURER C: Federal Insurance Company | | 20281 |
| 205 Elizabeth Street | INSURER D: | | |
| Unit 1 | INSURER E: | | |
| Key West                              FL  33040 | INSURER F: | | |

| COVERAGES | CERTIFICATE NUMBER: 20/21 Master | REVISION NUMBER: |
|---|---|---|

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | **COMMERCIAL GENERAL LIABILITY** ☐ CLAIMS-MADE ☒ OCCUR ☒ Marine General Liability | | Y | N10694528 | 07/17/2020 | 07/17/2021 | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 250,000 |
| | | | | | | | MED EXP (Any one person) | $ 10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: ☐ POLICY ☐ PRO-JECT ☐ LOC ☒ OTHER: Ded $5,000 | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ 1,000,000 |
| | | | | | | | | $ |
| B | **AUTOMOBILE LIABILITY** ☒ ANY AUTO ☐ OWNED AUTOS ONLY ☐ SCHEDULED AUTOS ☐ HIRED AUTOS ONLY ☐ NON-OWNED AUTOS ONLY | | Y | H0847185A 001 | 07/17/2020 | 07/17/2021 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | Underinsured motorist | $ 1,000,000 |
| | ☐ UMBRELLA LIAB ☐ OCCUR ☐ EXCESS LIAB ☐ CLAIMS-MADE | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | AGGREGATE | $ |
| | ☐ DED ☐ RETENTION $ | | | | | | | $ |
| C | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y/N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory In NH) If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | | 79943173 | 07/17/2020 | 07/17/2021 | ☐ PER STATUTE ☐ OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ 1,000,000 |
| A | Protection & Indemnity | | Y | N10694486 | 07/17/2020 | 07/17/2021 | 1,000,000 | Ded $5,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

Additional insured with respects to the above named insured operations at 260 Chocolate Hole, Suite 2D St. John, VI 00830

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| Westin St. John Hotel Company, Inc 260 Chocolate Hole, Suite 2D | |
| | AUTHORIZED REPRESENTATIVE |
| St.John                              VI  00830 | |

© 1988-2015 ACORD CORPORATION. All rights reserved.

ACORD 25 (2016/03)          The ACORD name and logo are registered marks of ACORD

# Additional Named Insureds

**Other Named Insureds**

| | |
|---|---|
| Ashford Inc. | Corporation, Insured Multiple Names |
| Cruz Bay Watersports | Doing Business As |
| Cubed Marine Leasing LLC | Insured Multiple Names |
| Flyer Marine Leasing, LLC | Limited Liability Company, Insured Multiple Names |
| Island Time Watersports Caribbean | Limited Liability Company, Insured Multiple Names |
| Marquesa Marine Leasing LLC | Insured Multiple Names |
| Pelican Charters, LLC | Limited Liability Company, Insured Multiple Names |
| Sebago Marine Leasing LLC | Insured Multiple Names |
| Sebago Watersports | Doing Business As |
| Sebago X, Inc. | Corporation, Insured Multiple Names |

COPYRIGHT 2007, AMS SERVICES INC



# CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY)**
09/24/2020

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: | Bricia Flores | | |
|---|---|---|---|---|
| R. A. Belter Insurance Agency, Inc. | PHONE (A/C, No, Ext): (530) 934-7777 | | FAX (A/C, No): (530) 934-2634 | |
| CA Lic# 0619345 | E-MAIL ADDRESS: bri@belterinsurance.com | | | |
| P.O. Box 1129 | **INSURER(S) AFFORDING COVERAGE** | | | **NAIC #** |
| Orland                                 CA 95963 | INSURER A : Indemnity Insurance Company of North America | | | 4357 |
| INSURED | INSURER B : Ace American Insurance | | | |
| Red Hospitality & Leisure Key West, LLC, DBA: Sebago Watersports | INSURER C : Federal Insurance Company | | | 20281 |
| 205 Elizabeth Street | INSURER D : | | | |
| Unit 1 | INSURER E : | | | |
| Key West                                FL 33040 | INSURER F : | | | |

| COVERAGES | CERTIFICATE NUMBER: 20/21 Master | REVISION NUMBER: |
|---|---|---|

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | **COMMERCIAL GENERAL LIABILITY** ☐ CLAIMS-MADE ☒ OCCUR ☒ Marine General Liability | | Y | N10694528 | 07/17/2020 | 07/17/2021 | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 250,000 |
| | | | | | | | MED EXP (Any one person) | $ 10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: ☐ POLICY ☐ PRO-JECT ☐ LOC ☒ OTHER: Ded $5,000 | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ 1,000,000 |
| | | | | | | | | $ |
| B | **AUTOMOBILE LIABILITY** ☒ ANY AUTO ☐ OWNED AUTOS ONLY ☐ SCHEDULED AUTOS ☐ HIRED AUTOS ONLY ☐ NON-OWNED AUTOS ONLY | | Y | H0847185A 001 | 07/17/2020 | 07/17/2021 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | Underinsured motorist | $ 1,000,000 |
| | ☐ **UMBRELLA LIAB** ☐ OCCUR ☐ **EXCESS LIAB** ☐ CLAIMS-MADE | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | AGGREGATE | $ |
| | ☐ DED ☐ RETENTION $ | | | | | | | $ |
| C | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y / N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? ☐ (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | | 79943173 | 07/17/2020 | 07/17/2021 | ☒ PER STATUTE ☐ OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ 1,000,000 |
| A | Protection & Indemnity | | Y | N10694486 | 07/17/2020 | 07/17/2021 | 1,000,000 | Ded $5,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

Additional insured with respects to the above named insured operations at 300-A Chocolate Hole St. John, USVI 00830

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Westin St. John Hotel Company, Inc. 300-A Chocolate Hole St. John                                VI 00830 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. **AUTHORIZED REPRESENTATIVE** |

© 1988-2015 ACORD CORPORATION. All rights reserved.

ACORD 25 (2016/03)          The ACORD name and logo are registered marks of ACORD

# Additional Named Insureds

**Other Named Insureds**

| | |
|---|---|
| Ashford Inc. | Corporation, Insured Multiple Names |
| Cruz Bay Watersports | Doing Business As |
| Cubed Marine Leasing LLC | Insured Multiple Names |
| Flyer Marine Leasing, LLC | Limited Liability Company, Insured Multiple Names |
| Island Time Watersports Caribbean | Limited Liability Company, Insured Multiple Names |
| Marquesa Marine Leasing LLC | Insured Multiple Names |
| Pelican Charters, LLC | Limited Liability Company, Insured Multiple Names |
| Sebago Marine Leasing LLC | Insured Multiple Names |
| Sebago Watersports | Doing Business As |
| Sebago X, Inc. | Corporation, Insured Multiple Names |

COPYRIGHT 2007, AMS SERVICES INC