## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CHASE MALONE, individually and as assignee of certain rights of Kareem Boynes,  )))) | |
| Plaintiff,  )) | |
| v.  )) | Case No. 3:22-cv-00057 |
|  ) | (Super. Ct. Case No. ST-22-CV-269) |
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/k/a "CHUBB";  ))) | |
| RED HOSPITALITY & LEISURE KEY WEST, LLC d/b/a SEBAGO WATERSPORTS;  ))) | |
| and  )) | |
| CERTAIN UNDERWRITERS AT LLOYDS OF LONDON CONSISTING OF THE SLIP LEADER, TALBOT UNDERWRITING LTD., HARDY SYNDICATE NUMBER 382, HCC UNDERWRTING AGENCY LTD, AS WELL AS A LONDON MARKET ENTITY DESIGNATED AS LIRMA, ALL SUBSCRIBING TO POLICY B1079NML202535,  )))))))))) | |
| Defendants.  )) | |
| _____ ) | |

**Joel H. Holt, Esq.**
Law Office of Joel H. Holt, Esq., PC
St. Croix, U.S.V.I.
    *For Plaintiff,*

**Robert J. Kuczynski, Esq.**
Beckstedt & Kuczynski LLP
St. Croix, U.S.V.I.
    *For Defendant Indemnity Insurance Company of North America a/k/a "Chubb",*

**Matthew J. Duensing, Esq.**
Law Offices of Duensing & Casner

St. Thomas, U.S.V.I.

> *For Defendant Certain Underwriters at Lloyds of London*
> *consisting of the Slip Leader, Talbot Underwriting Limited,*
> *Hardy Syndicate Number 382, HCC Underwriting Agency Ltd,*
> *as well as a London Market Entity Designated Lirma,*
> *all subscribing to Policy B1079NML202535*

## MEMORANDUM OPINION

**MOLLOY, Chief Judge.**

**BEFORE THE COURT** are Plaintiff's Motion to Remand Proceedings, (ECF No. 2), and Plaintiff's Second Motion to Remand (ECF No. 15), filed on August 29, 2022, and September 23, 2022, respectively. For the reasons outlined below, the Court will deny the motions.

### I. FACTUAL AND PROCEDURAL HISTORY

The Court finds the following facts for purposes of the motions to remand. Plaintiff alleges he was severely injured on April 17, 2021, as a result of "being violently thrown from his seat and shattering a vertebrae [sic] in his lower spine" while a passenger on a water vessel "owned by Island Time, with Kareem Boynes as its Captain." First Amended Complaint (FAC) (ECF No. 13) at ¶ 10-11. Plaintiff sued "Island Time and Boynes, alleging he suffered damages as a result of the negligence of Island Time and Boynes." *Id*. at ¶ 12. That case, *Malone v. Island Time Water Sports (Caribbean) LLC et al*., Case No. 3:21-cv-00053 (D.V.I.), was resolved by way of a settlement agreement wherein "Boynes would agree to a Stipulated Judgment of $6,749,130.30 which Malone would not execute on in exchange for an assignment of certain right of Boynes against Chubb, Lloyds and other parties, which was then done." FAC at ¶ 54.[1] According to Plaintiff, "Boynes also agreed to assign all of his tort claims against Chubb and Lloyds for $15,000, which has been paid, so these claims, including the tort claim for bad faith, have also now been assigned to Malone." *Id*. at ¶ 55. Plaintiff and Boynes filed a Stipulated Judgment in the underlying case in favor of Plaintiff and against

---

[1] The FAC references exhibits, but no exhibits are attached to nor were filed with the FAC. In the event the FAC intends to incorporate the exhibits attached to or filed with the original complaint, only Exhibits 1-5 were filed with the copy of the complaint attached to the Notice of Removal. *See* ECF Nos. 1-1, -2, -3.

Boynes in the amount of $6,749,130.30, and the Court entered judgment in accordance therewith. *See* 3:21-cv-00053 (D.V.I.), ECF Nos. 78, 79, and 112.

To begin, the Court notes that, although the case caption states that Plaintiff brings this action individually and as assignee of Boynes, the claims contained in the FAC all relate to the conduct of the insurance defendants regarding their representation of Boynes in the underlying litigation, Case No. 3:21-cv-00053 (D.V.I.), and other alleged actions or inactions related thereto. Plaintiff asserts assorted declaratory relief, breach of contract, and tort claims against Defendants.

Plaintiff filed his original Complaint in the Superior Court of the Virgin Islands on July 28, 2022. *See* Notice of Removal (Notice) at Attachment #1 (ECF No. 1-1). Defendant Certain Underwriters at Lloyds of London consisting of the Slip Leader, Talbot Underwriting Limited, Hardy Syndicate Number 382, HCC Underwriting Agency Ltd, as well as a London Market Entity Designated Lirma, all subscribing to Policy B1079NML202535 ("Lloyds"), filed a notice of removal in this Court on August 26, 2022. (ECF No. 1.) In its Notice, Lloyds bases its removal to this Court upon diversity subject matter jurisdiction. *See* Notice at 3-4.

Plaintiff filed his first motion to remand this matter to the Superior Court of the Virgin Islands on August 29, 2022. (ECF No. 2.). Plaintiff filed a second motion to remand on September 23, 2022. (ECF No. 15). Both motions argue that the Court lacks subject matter jurisdiction because diversity of citizenship does not exist between the parties. Both motions are fully briefed and ripe for adjudication.[2]

In his first motion to remand, Plaintiff asserts that Defendant Red Hospitality & Leisure Key West, LLC, ("Red Hospitality") does business in Florida, which is where Plaintiff resides. ECF No. 2 at 1. Thus, all Defendants are not diverse from Plaintiff. Both in its Notice and response to the motion, Lloyds posits that Red Hospitality is a "nominal" defendant, whose citizenship need not be considered to determine diversity jurisdiction. ECF No. 1 at 4; ECF No. 11 at 4-5. Plaintiff maintains that Red Hospitality is not merely a nominal party and

---

[2] Plaintiff also filed a Motion to File Sur-Reply Re Plaintiff's Second Motion to Remand (ECF No. 46) and Lloyds filed a Request for Oral Argument (ECF No. 60). Plaintiff's purported Sur-Reply addresses the activities of a member of Red Hospitality but does not address whether the member of Red Hospitality – Ashford Advisors, Inc., – has its principal place of business in the State of Florida. Nonetheless, the issuance of this Memorandum Opinion and accompanying Order renders these motions moot.

that Lloyds has not demonstrated Red Hospitality's citizenship sufficient to support diversity jurisdiction. ECF No. 2 at 3-4; ECF No. 12 *passim*. Lloyds counters Plaintiff's arguments that Red Hospitality is a real party in interest and not a nominal party by pointing to the fact that Red Hospitality was not a named defendant or party to the underlying personal injury action. ECF No. 11 at 4. Further, Lloyds argues that the assignment of claims and causes of action by Boynes to Plaintiff does not mention Red Hospitality. *Id.*[3]

Plaintiff argues in his second motion to remand that, while Defendant Lloyds identified the four syndicates subscribing to the insurance policy at issue, Lloyds has failed to show the citizenship of each "Name" (or member) of each syndicate. ECF No. 15 at 2-4. In addition, Plaintiff contends that Defendant Indemnity Insurance Company of North America ("Chubb"), as an insurer, is deemed to be a citizen of the state of the insured, based upon 28 U.S.C. § 1332(c)(1). *Id.* at 4-5. Plaintiff also contends that, even if Red Hospitality is just an

---

[3] Plaintiff's reply to Lloyds' opposition states that Lloyds "totally fails to address the applicable law regarding what constitutes a nominal party, thus conceding this point." ECF No. 12 at 1. Plaintiff then attempts to explicate the Third Circuit's position regarding nominal parties for purposes of remand. However, the cases cited by Plaintiff all discuss fraudulent joinder, not nominal parties. The two doctrines are distinct and distinguishable. "Joinder is fraudulent if 'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Korsun v. Progressive Northern Ins. Co.*, Civil Action No. 3:06-CV-01148, 2006 U.S. Dist. LEXIS 79411, at *5 (M.D. Pa. Oct. 31, 2006) (quoting *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 32 (3d Cir. 1985) (other citation and quotation marks omitted)). On the other hand, "A nominal party is defined as one that is 'neither necessary nor indispensable to join in the action.' *Mallalieu-Golder Ins. Agency v. Exec. Risk Indem., Inc.,* 254 F. Supp. 2d 521, 524-25 (M.D. Pa. 2003) (McClure, J.) (internal quotations omitted). Upon removal, the issue of whether a party is indispensable to an action is determined based on federal law, *Id.* [sic] at 525 (citing *Shetter v. Amerada Hess Corp.,* 14 F.3d 934, 938 (3d Cir. 1994)), and is governed by Rule 19 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 19." *Korsun*, 2006 U.S. Dist. LEXIS 79411, at *7. *See also, e.g.*, *Allen v. Bongiovi*, Civil No. 07-44 (RBK), 2007 U.S. Dist. LEXIS 19497, at *10 (D.N.J. Mar. 19, 2007) (*"*It is well-settled that all defendants must join in or consent to the removal petition, commonly referred to as the 'rule of unanimity.' *Balazik v. County of Dauphin,* 44 F.3d 209, 213 (3d Cir. 1995) (citing *Chicago, R.I. & P. Ry. Co. v. Martin,* 178 U.S. 245, 247, 20 S. Ct. 854, 44 L. Ed. 1055 (1900)). 'The unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined.' *Balazik,* 44 F.3d at 213 n.4."); *Shepard v. City of Philadelphia*, Civil Action No. 00-CV-6076, 2001 U.S. Dist. LEXIS 783, at *4 n.1 (E.D. Pa. Jan. 30, 2001) ("There are several exceptions to the unanimity rule not at issue in this case. The general rule may be disregarded when (1) the non-joining defendant is a nominal party; (2) a defendant been fraudulently joined; or (3) when a non-resident defendant has not been served at the time the removing defendants filed their petition." (citing *Weinrach v. White Metal Rolling & Stamping Corp.*, No. CIV.A. 98-3293, 1999 U.S. Dist. LEXIS 168, 1999 WL 46627, at *1 (E.D. Pa. Jan. 6, 1999) (quoting *Balazik*, 44 F.3d at 213 n.4))). Because the Court finds herein that Red Hospitality's citizenship is diverse from Plaintiff's, it need not determine whether Red Hospitality is a nominal party.

insured and not a party in interest, because the insurer is deemed to be a citizen of the state of the insured, Lloyds still must show the citizenship of Red Hospitality. *Id*. at 5.

Lloyds opposes the second motion, first by explaining that the four syndicates subscribing to the policy at issue each have only one member and those members are incorporated in England and Wales with their principal place of business in London, England. ECF No. 36 at 5-6. Second, Lloyds contends that the 28 U.S.C. § 1332(c)(1) applies only to "direct actions" against insurers and that this matter is not a direct action and, therefore, that Chubb is not deemed to be a citizen of the state of the insured; rather, it is a citizen of Pennsylvania. *Id*. at 6-8. Third, Lloyds attaches the affidavit of Chris Batchelor, CEO, of Red Hospitality, attesting that Red Hospitality is a citizen of the States of Delaware and Texas. ECF No. 36-1.

## II. LEGAL STANDARD

An action may be removed to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Any defendant may

> file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 USC § 1446(a). The time for removal is 30 days after service of the complaint. 28 USC § 1446(b). Once an action is removed, a plaintiff may challenge removal by moving to remand. 28 U.S.C. § 1447(c). A case that is removed shall be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Id.*

To defeat a motion to remand for lack of subject-matter jurisdiction, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F. 3d 392, 396 (3d Cir. 2004); *Abels v. State Farm Fire & Cas. Co.*, 770 F. 2d 26, 29 (3d Cir. 1995) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)). Generally, "[f]ederal removal statutes 'are to be strictly construed against removal and all doubts are to be resolved in favor of remand.'" *Feuerzeig v. Innovative Communications Corp.*, 174 F. Supp. 2d 349, 353 (D.V.I. 2001) (quoting *Boyer v. Snap–On*

*Malone v. Indemnity Ins. Co. of N. Am. et al.*
Case Number 3:22-cv-0057
Memorandum Opinion
Page 6 of 12

*Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). The party asserting diversity jurisdiction bears the burden of proving diversity of citizenship by a preponderance of the evidence. *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150 (3d Cir. 2017). Diversity must exist both at the time the state court complaint was filed and at the time of removal. *Id.* at 150-51. At the same time, "[n]o changes in citizenship after the time of filing (and, as relevant here, the time of removal) can create or destroy diversity." *Id.* at 151 (citing *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 574-75 (2004); *Conolly v. Taylor*, 27 U.S. (2 Pet.) 556, 565, 7 L. Ed. 518 (1829)).

### III. DISCUSSION

Lloyds grounds the removal of this proceeding upon the Court's diversity of citizenship subject matter jurisdiction. Notice at 3-4.

The diversity statute, 28 U.S.C. § 1332, provides, in pertinent part, that:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

    (1) citizens of different States; . . .

(c) For the purposes of this section and section 1441 of this title—

    (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .

28 U.S.C. § 1332(a) and (c). Diversity jurisdiction "requir[es] 'complete diversity between all plaintiffs and all defendants' . . . ." *Lincoln Benefit Life Co. v. AEI Life*, LLC, 800 F.3d 99, 101 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). "This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Benefit Life*, 800 F.3d at 101 (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F. 3d 412, 419 (3d Cir. 2010)).

In contrast to a corporation, "[a] limited liability company, as an unincorporated business entity, should be treated as a partnership for purposes of establishing citizenship." *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420 (3d Cir. 2010). "Partnerships and other

unincorporated associations . . . are not considered 'citizens' as that term is used in the diversity statute." *Swiger v. Allegheny Energy, Inc.*, 540 F. 3d 179, 182 (3d Cir. 2008) (citing *Carden v. Arkoma Associates,* 494 U.S. 185, 187–92 (1990)). When determining the citizenship of unincorporated associations, "courts . . . look to the citizenship of all the . . . members of . . . [the] unincorporated association[] to determine whether the federal district court has diversity jurisdiction." *Swiger*, 540 F.3d at 182 (citations omitted). "In the context of partnerships, the complete diversity requirement demands that all partners be diverse from all parties on the opposing side." *Id*. at 183. Significantly, "as with partnerships, where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420 (citation omitted).

### *A. Red Hospitality*

Regarding the citizenship of Red Hospitality, Lloyds initially declared that that defendant "is a citizen of the State of Texas and, upon information and belief, the U.S. Virgin Islands through a minority member of the limited liability company." ECF No. 11 at 5. Lloyds then argued, because Red Hospitality is only a nominal party and, further, had not yet been served, that its citizenship should not be considered for jurisdiction purposes. *Id*.at 4-6. However, in its opposition to Plaintiff's second motion to remand, Lloyds presents the affidavit of Chris Batchelor, CEO of Red Hospitality, who attests to the members of the limited liability company which establishes that Red Hospitality is a citizen of the states of Delaware and Texas. ECF Nos. 36 at 9-10 and 36-1. Despite Plaintiff's plea to disregard the belatedly proffered evidence, the Court accepts it. Accordingly, the Court finds that the citizenship of Red Hospitality is diverse from Plaintiff's Florida citizenship.[4]

### *B. Chubb*

As for Plaintiff's assertion that Chubb, as an insurer, should be considered a citizen of every state of which the insured is a citizen, under 28 U.S.C. § 1332(c)(1)[5], Lloyds contends

---

[4] Lloyds requests leave to amend its Notice of Removal, ECF No. 36 at 9 n.5, which the Court will grant.
[5] Section 1332(c)(1) provides, in relevant part:

> For the purposes of this section and section 1441 of this title —

that the exception upon which Plaintiff relies is inapplicable to the matter at bar. ECF No. 36 at 6-8.[6] Courts in this judicial circuit, and others, have held that the "'direct action' provision only applies when a plaintiff brings a 'direct action against the insurer.'" *Innes v. St. Paul Fire & Marine Ins. Co.*, Civil Action No. 12-234 (ES-CLW), 2012 U.S. Dist. LEXIS 116258, at *8 (D.N.J. Aug. 2, 2012) (quoting *State Farm Ins. Co. v. Evans*, 712 F. Supp. 57, 58 (E.D. Pa. 1989)). After analogizing the facts of the case before it with another New Jersey case, *Moorehead v. National Union Fire Ins. Co. of Pittsburgh*, Civil Action No. 07-3104 (JAP), 2007 U.S. Dist. LEXIS 70381, 2007 WL 2790768, at *1 (D.N.J. Sept. 24, 2007), the *Innes* court highlights the ruling in *Moorehead*:

> Specifically, Judge Pisano ruled:
>
>> Within the meaning of the statute, the term "direct action" includes those cases in which a party suffering injuries or damages for which another is legally responsible is entitled to bring suit against the other's liability insurance without joining the insured or *first obtaining a judgment against him* . . . . [Here,] plaintiff has already obtained a judgment against the insured parties . . . and is seeking an enforcement of that judgment here. [Accordingly,] the Court holds that jurisdiction is met under the requirements of 28 U.S.C. § 1332[.]
>
> Moorehead, 2007 U.S. Dist. LEXIS 70381, 2007 WL 2790768, at *4 (internal citations omitted) (emphasis added).

---

**(1)** a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—
  **(A)** every State and foreign state of which the insured is a citizen;
  **(B)** every State and foreign state by which the insurer has been incorporated; and
  **(C)** the State or foreign state where the insurer has its principal place of business . . . .

28 USC § 1332(c).

[6] Plaintiff contends that Lloyds' reliance on *Rialto-Capitol Condo. Ass'n v. Burlington Ins. Co.*, Civil Action No. 19-12811 (KM), 2020 U.S. Dist. LEXIS 255264 (D.N.J. Jan. 28, 2020), adopted by *Rialto-Capitol Condo. Ass'n v. Burlington Ins. Co.*, Civil Action No. 19-12811 (KM), 2020 U.S. Dist. LEXIS 255267 (D.N.J. Feb. 21, 2020), is misplaced and that the holding in *McGlinchey v. Hartford Accident & Indem. Co.*, 866 F.2d 651 (3d Cir.1989), supports his application of Section 1332(c)(1). ECF No. 37 at 3-7. As set forth hereinafter, the Court agrees with Lloyds and the overwhelming caselaw, including *Rialto-Capitol*, and *McGlinchey*, finding that claims with facts analogous to the ones presented here do not fall within the scope of a "direct action."

> This Court similarly finds that the present action is not a "direct action" within the meaning of 28 U.S.C. §1332(c)(1). In the instant matter, Plaintiffs have already obtained a judgment against Lesnevich in the underlying legal malpractice action in the Superior Court of New Jersey. (Compl. at ¶ 9). Now, Plaintiffs are attempting to enforce said judgment against Defendants - Lesnevich's insurer - actions akin to the plaintiff in Moorehead. Moorehead, 2007 U.S. Dist. LEXIS 70381, 2007 WL 2790768, at *4. Such an action for enforcement of an underlying judgment against an insurer does not constitute a "direct action" under § 1332(c)(1) and Defendants properly removed this action to this Court.

*Innes*, 2012 U.S. Dist. LEXIS 116258, at *8-11 (citing *Stockton v. General Accident Ins. Co.*, 897 F.2d 530, 1990 WL 20477, at *3 (6th Cir. 1990) ("[T]he term 'direct action'' . . . . means an action that under applicable state law may be brought directly against the insurer by the tort claimant *prior to entry of any judgment against the alleged tortfeasor*.") (emphasis added)). As cited by Lloyds, in *Rialto-Capitol Condo. Ass'n v. Burlington Ins. Co.*, Civil Action No. 19-12811 (KM) 2020 U.S. Dist. LEXIS 255264 (D.N.J. Jan. 28, 2020), adopted by *Rialto-Capitol Condo. Ass'n v. Burlington Ins. Co.*, Civil Action No. 19-12811 (KM), 2020 U.S. Dist. LEXIS 255267 (D.N.J. Feb. 21, 2020), where the plaintiff, who was the injured party, was suing the defendants for breaching their insurance contracts with the insured tort-feasor with whom the plaintiff had settled, the court opines:

> In this matter, Plaintiff alleges that Defendants breached their insurance contracts with CCC Renovation and seeks a declaration that Defendants are obligated to provide coverage for the consent judgment entered against CCC Renovation. These are not causes of action Plaintiff could have asserted directly against CCC Renovation. Rather, Plaintiff's Complaint is more properly characterized as Plaintiff bringing CCC Renovation's claims against Defendants. Such claims, which arise from the relationship between CCC Renovation and Defendants as insured and insurer and are not related to the question of the liability of the insured for the underlying tort at issue, are not direct actions within the meaning of § 1332(c)(1). *See Campbell v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 06-871, 2006 U.S. Dist. LEXIS 92336, 2006 WL 3762074, at *2 (W.D. Pa. Dec. 21, 2006) (finding no direct action where plaintiff brought claims on behalf of himself and the tortfeasor against the tortfeasor's insurer following an assignment of the tortfeasor's rights against its insurer).
>
> Contrary to Plaintiff's assertions, the fact that Plaintiff's claims against CCC Renovation were settled does not transform this case into a direct

> action. Regardless of how the judgment against CCC Renovation was obtained, the issue of CCC Renovation's liability for the underlying tort has already been litigated and resolved in the Construction Action. The arguments raised in the present action related to whether CCC Renovation is entitled to insurance coverage are separate questions from that of liability of the insured for the underlying tort. Accordingly, because the causes of action asserted against Defendants arise from alleged wrongs independent of CCC Renovation's underlying liability, Plaintiff's claims are not "of such a nature that the liability sought to be imposed could be imposed against the insured," and this matter is not a direct action within the meaning of 28 U.S.C. § 1332(c)(1). *Davis*, 721 F. Supp. 2d at 335 (quoting *McGlinchey*, 866 F.2d at 653).

2020 U.S. Dist. LEXIS 255264 at *9-11. The claims in *Rialto-Capitol* are on all fours with the claims in the matter at bar: Plaintiff is suing insurer Defendants based upon their alleged obligations to Kareem Boynes as an insured; Plaintiff's claims are not ones that he could have asserted directly against Defendants; Plaintiff already has obtained a judgment, albeit a stipulated one, against Boynes for the injuries caused by his alleged tort and is merely asserting Boynes' claims, as Boynes' assignee, against Defendants, here. Like *Rialto-Capitol*, the questions raised in the present action related to whether Boynes is entitled to insurance coverage are separate questions from that of the liability of Boynes to Plaintiff for the underlying tort; Plaintiff in this matter is asserting causes of action arising from alleged wrongs independent of Boynes' underlying tort liability to Plaintiff. Thus, the Court is compelled to reach the same conclusion as the *Rialto-Capitol* court, that this case is not a "direct action" within the meaning of Section 1332(c)(1). *See also, e.g., Pisanchyn v. Progressive Direct Ins. Co.*, No. 3:18-CV-01215, 2018 U.S. Dist. LEXIS 129616, at *4-5 (M.D. Pa. Aug. 2, 2018) ("While '[t]he term "direct action" is not defined in the relevant statute . . . every circuit to have considered this issue has held that a "direct action" in § 1332(c)(1) does not include an insured's suit against his or her own insurer for breach of the terms of the insurance policy or the insurer's own alleged tortious conduct.'" *Elliott v. American States Ins. Co.*, 883 F.3d 384, 394-95 (4th Cir. 2018) (citations omitted) ("We now join our sister circuits and hold that 'direct action' in § 1332(c)(1) does not include an insured's suit against his or her own insurer for breach of the terms of the insurance policy or the insurer's own alleged tortious conduct."). This includes the Third Circuit, which has held that "'a direct action, as

that term is used in § 1332(c), does not exist unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, and *it does not include suits by an insured against his or her own insurer*.'" *Brooks-McCollum v. State Farm Ins. Co.*, 321 F. App'x 205, 208 (3d Cir. 2009) (emphasis added) (quoting *McGlinchey v. Hartford Accident & Indem. Co.*, 866 F.2d 651, 653 (3d Cir.1989))); *Baldridge v. Amica Mut. Ins. Co.*, Civil Action No. 17-273, 2017 U.S. Dist. LEXIS 70689, at *4-6 (W.D. Pa. May 8, 2017) (collecting cases).[7]

---

[7] Plaintiff attempts to challenge the applicability of these holdings to the matter before the Court based upon the fact that the cases cited do not involve an assignment of rights from the tort-feasor insured to the injured third party as in this case. ECF No. 37 at 7. However, clearly many of the cases explicitly hold that a suit by an insured against his insurer is not a "direct action" as contemplated by the statute. Plaintiff cannot dispute that an assignee "stands in the shoes" of the assignor, meaning, that here, Plaintiff, as assignee of Boynes' claims against the insurer Defendants, stands in the shoes of Boynes and is treated as if Boynes, as the insured, is bringing the suit. Further, courts that have considered cases like this, brought pursuant to an assignment of rights, have held that they do not qualify as "direct actions." *See, e.g., Salcedo v. Charter Oak Fire Ins. Co.*, Case No. 6:11-cv-738-Orl-28DAB, 2011 U.S. Dist. LEXIS 72379, at *14-15 (M.D. Fla. June 14, 2011) ("Applied here, the Complaint alleges that 'This is not a claim for bodily injury or personal injury' (Allegation 8), and asserts a one count claim for 'breach of insurance contract' based on an alleged assignment of the 'rights of B&T . . . under the contract between them and the insurer.' . . . Plaintiff could not have brought such a suit directly against Charter without joining B&T or first obtaining, as she did here, a judgment against B&T. This is not a 'direct action,' as it is not 'a separate and distinct cause of action against the insurer which an injured party may elect in lieu of his action against the tortfeasor.' *Biggin v. RLI Ins. Co.*, 2006 U.S. Dist. LEXIS 9531, 2006 WL 462669, 2 (M.D. Fla. Feb. 27, 2006) (breach of contract claim under assignment of rights for failure to defend and indemnify not a direct action), quoting *Lumbermen's Mut. Cas. Co. v. Elbert*, 348 U.S. 48, 51, 75 S. Ct. 151, 99 L. Ed. 59 (1954) . . . .)"); *Merritt v. Campana Tech., Inc.*, Civil Action No. 1:08-CV-2375, 2008 U.S. Dist. LEXIS 130158, at *7-8 (N.D. Ga. Oct. 28, 2008) ("Merritt filed this garnishment action pursuant to Campana's assignment of rights under the subject insurance policy, and '[t]he "direct action" diversity exception contained in § 1332(c)(1) does not apply to suits brought by an insured against his or her insurer.' *Vargas*, 788 F. Supp. at 464; *Kong*, 2008 U.S. Dist. LEXIS 75336, 2008 WL 2741970, at *3; *Mazzuka v. SMA Life Assurance Co.*, 726 F. Supp. 1400, 1401 (E.D.N.Y. 1990)); *see also Irvin*, 436 F. Supp. at 577 ('actions by an insured against his own insurer . . . have been held not to constitute direct actions within the proviso of § 1332(c)'). Accordingly, the Court finds that this garnishment action is not a 'direct action' within the meaning of 28 U.S.C. § 1332(c)(1)"); *McGraw v. State Farm Mut. Auto. Ins. Co.*, Civil Case No. 3:06-CV-114-JTC, 2007 U.S. Dist. LEXIS 105543, at *4-5 (N.D. Ga. June 7, 2007) ("As the United States Court of Appeals for the Eleventh Circuit has explained, Section 1332(c) 'does not act to destroy all diversity jurisdiction in claims arising against insurance companies.' Id. Rather, 'where the suit brought either by the insured or by an injured third party is based not on the primary liability covered by the liability insurance policy but on the insurer's failure to settle within policy limits or in good faith, the section 1332(c) direct action proviso does not preclude diversity jurisdiction.' Fortson v. St. Paul Fire & Marine Ins. Co, 751 F.2d 1157, 1159 (11th Cir. 1985). Put simply, Section 1332(c) defeats diversity jurisdiction only where the claim the injured third party has against the insured tortfeasor - for example, negligence against Stancil - is the same claim the third party asserts against the tortfeasor's insurance company. See John Cooper Produce, 774 F.2d at 435; Fortson, 751 F.2d at 1159. Plaintiff brings this action under an assignment of rights of Stancil against State Farm to recover the amount of insurance proceeds State Farm allegedly wrongly withheld from Stancil under the insurance policy. Such an action is not a 'direct action' within the meaning of Section 1332(c)."); *Cotaya Tosh v. State Farm Fire & Cas. Co.*, Civil Action No. 06-7634 Section: "J"(2), 2006 U.S. Dist. LEXIS 99083, at *3-4 (E.D. La. Dec. 20, 2006)

Based upon the foregoing, the Court finds that this proceeding is not a "direct action" as contemplated by 28 U.S.C. § 1332(c)(1). Consequently, Chubb is not a citizen of every state of its insured; rather, Chubb is a citizen of Pennsylvania, and, thus, its citizenship is diverse from Plaintiff's.

### C. Lloyds

Plaintiff insists that Lloyds has not identified the citizenship of every member of each of the four syndicates identified as underwriters of the insurance policy at issue. ECF No. 15 at 2-4; ECF No. 37 at 2-4. To the contrary, Lloyds has declared that three of the four subscribers are syndicates comprised of only one member and identifies that the citizenship of that one member for each of those three syndicates is England and Wales. ECF No. 36 at 5-6. The fourth subscriber is not a syndicate, but a corporation which is a citizen of England and Wales. *Id*. at 6. The Court finds that Lloyds has adequately alleged the citizenship of the subscribers to the insurance policy at issue. None of the subscribers is a citizen of Florida, Plaintiff's state of citizenship.

## IV. CONCLUSION

Because the Court finds that the citizenship of each of the defendants is diverse from the citizenship of Plaintiff, the Court determines that it has subject matter jurisdiction and will deny Plaintiff's motions to remand. An appropriate order follows.

**Dated:** November 30, 2022
/s/ *Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**

---

("Furthermore, claims alleging an insurer's breach of good faith and fair dealing have been found not to constitute direct actions. See, e.g., Rosa v. Allstate Ins. Co., 981 F.2d 669, 675 (2nd Cir. 1992); Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 847 (10th Cir. 1988); John Cooper Produce, Inc. v. Paxton Nat'l Ins. Co., 774 F.2d 433, 435 (11th Cir. 1985); Beckham v. Safeco Ins. Co. of Am., 691 F.2d 898, 902 (9th Cir. 1982). Nor is a plaintiff's claim brought under an assignment of rights by the insured considered to be a direct action. See, e.g., Ragas v. MGA Ins. Co., 1996 U.S. Dist. LEXIS 11842, 1996 WL 467288, *1 (E.D.La., Aug. 14, 1996).").