# DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **CHASE MALONE, individually and as assignee of certain rights of Kareem Boynes,** ) ) ) ) ) **Plaintiff,** ) ) v. ) ) **INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/k/a "CHUBB";** ) ) ) ) **RED HOSPITALITY & LEISURE KEY WEST, LLC d/b/a SEBAGO WATERSPORTS;** ) ) ) **and** ) ) **CERTAIN UNDERWRITERS AT LLOYDS OF LONDON CONSISTING OF THE SLIP LEADER, TALBOT UNDERWRITING LTD., HARDY SYNDICATE NUMBER 382, HCC UNDERWRTING AGENCY LTD, AS WELL AS A LONDON MARKET ENTITY DESIGNATED AS LIRMA, ALL SUBSCRIBING TO POLICY B1079NML202535,** ) ) ) ) ) ) ) ) ) ) ) **Defendants.** ) _____ ) | Case No. 3:22-cv-00057 (Super. Ct. Case No. ST-22-CV-269) |

**Joel H. Holt, Esq.**
Law Office of Joel H. Holt, Esq., PC
St. Croix, U.S. Virgin Islands
    *For Plaintiff,*

**Robert J. Kuczynski, Esq.**
Beckstedt & Kuczynski LLP
St. Croix, U.S. Virgin Islands
    *For Defendant Indemnity Insurance Company of North America a/k/a "Chubb",*

**Matthew J. Duensing, Esq.**
Law Offices of Duensing & Casner

St. Thomas, U.S. Virgin Islands

> *For Defendant Certain Underwriters at Lloyds of London*
> *consisting of the Slip Leader, Talbot Underwriting Limited,*
> *Hardy Syndicate Number 382, HCC Underwriting Agency Ltd,*
> *as well as a London Market Entity Designated Lirma,*
> *all subscribing to Policy B1079NML202535*

## MEMORANDUM OPINION

**BEFORE THE COURT** is Plaintiff's Rule 7.3 Motion and Memorandum for Reconsideration of This Court's Denial of His Second Motion to Remand and Unopposed Motion to File a Sur-Reply (ECF No. 90). Defendant Red Hospitality & Leisure Key West, LLC (Red Hospitality), filed a response in opposition to the motion (ECF No. 99).[1] Defendant Certain Underwriters at Lloyds of London consisting of the Slip Leader, Talbot Underwriting Ltd., Hardy Syndicate Number 382, HCC Underwriting Agency LTW, as well as a London Market Entity Designated Lirma, all subscribing to Policy B1079NML202535 (Lloyds), also filed an opposition to the motion (ECF No. 103).[2] Plaintiff filed a consolidated reply in further support of his motion (ECF No. 110). This matter is ripe for adjudication. For the reasons outlined below, the Court will deny the motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This proceeding arises out of another proceeding wherein Plaintiff sued "Island Time and [Kareem] Boynes, alleging he suffered damages as a result of the negligence of Island Time and Boynes." *Id*. at ¶ 12. That case, *Malone v. Island Time Water Sports (Caribbean) LLC et al*., Case No. 3:21-cv-00053 (D.V.I.), was resolved by way of a settlement agreement which was reduced to a stipulated judgment, and the Court entered judgment in accordance therewith. *See* 3:21-cv-00053 (D.V.I.), ECF Nos. 78, 79, and 112.

The claims herein, brought by Plaintiff as assignee of Kareem Boynes, all relate to the conduct of the insurance defendants regarding their representation of Boynes in the underlying litigation, Case No. 3:21-cv-00053 (D.V.I.), and other alleged actions or inactions

---

[1] Defendant Indemnity Insurance Company of North America a/k/a "Chubb" filed a notice of joinder in said Defendant's response. *See* ECF No. 107.

[2] Defendant Indemnity Insurance Company of North America a/k/a "Chubb" filed a notice of joinder in said Defendant's opposition. *See* ECF No. 106.

related thereto. Plaintiff asserts assorted declaratory relief, breach of contract, and tort claims against Defendants.

Plaintiff filed his original Complaint in the Superior Court of the Virgin Islands on July 28, 2022. *See* Notice of Removal (Notice) at Attachment #1 (ECF No. 1-1). Defendant Lloyds filed a notice of removal in this Court on August 26, 2022. (ECF No. 1). In its Notice, Lloyds bases its removal to this Court upon diversity subject matter jurisdiction. *See* Notice at 3-4.

Plaintiff filed two motions to remand, arguing that the Court lacks subject matter jurisdiction because diversity of citizenship does not exist between the parties. After the motions were fully briefed, the Court entered an order (ECF No. 78) denying both motions. Plaintiff now seeks reconsideration of that order and accompanying memorandum opinion (docketed at ECF No. 77).

## II. LEGAL STANDARD

The Court's Local Rules of Civil Procedure provide:

> A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed in accordance with LRCi 6.1(b)(3). A motion to reconsider shall be based on: (1) an intervening change in controlling law; (2) the availability of new evidence, or; (3) the need to correct clear error or prevent manifest injustice.

LRCi 7.3(a). Under the rule, a motion for reconsideration must be filed within 14 days of entry of the order or decision unless the time is extended for good cause shown. *Id.*; LRCi 6.1(b)(3). Plaintiff's motion is timely.

The first rationale a court may employ to reconsider an order or decision listed in the rule, an intervening change in controlling law, is self-explanatory and not asserted as grounds for the motion, here.

The second basis provided in the rule, the availability of new evidence, has been interpreted to mean newly discovered evidence or evidence that was unavailable at the time the initial order or decision was rendered. *See, e.g., Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011) ("'We have made clear that "new evidence," for reconsideration purposes, does not refer to evidence that a party . . . submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available.' [*Howard Hess Dental*

*Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 252 (3d Cir. 2010)]. Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration." (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985))); *Solid Rock Baptist Church v. Murphy*, 555 F. Supp. 3d 53, 60 (D.N.J. 2021) (describing the availability of new evidence grounds for granting reconsideration as "evidence not available when the Court issued the subject order has become available") (citing *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)) (other citation omitted))); *Interfaith Cmty. Org., Inc. v. PPG Indus., Inc.*, 702 F. Supp. 2d 295, 317-18 (D.N.J. 2010) ("[T]he moving party has the burden of demonstrating the evidence was unavailable or unknown at the time of the original hearing." (citing *Desantis v. Alder Shipping Co.,* No. 06-1807 (NLH), 2009 U.S. Dist. LEXIS 13535, at *3 (D.N.J. Feb 20, 2009) (citing *Levinson v. Regal Ware, Inc.,* No. 89-1298, 1989 U.S. Dist. LEXIS 18373, 1989 WL 205724, at *3 (D.N.J. Dec. 1, 1989)))).

> Regarding the third basis given by the rule, this Court has observed:
>
> [U]nder the established law, clear error exists if, "'after reviewing the evidence,' [the reviewing court is] 'left with a definite and firm conviction that a mistake has been committed.'" *Norristown Area Sch. Dist. v. F.C.*, 636 F. App'x 857, 861 n.8 (3d Cir. 2016) (quoting *Oberti v. Bd. of Educ.*, 995 F.2d 1204, 1220 (3d Cir. 1993)). In the context of a motion to reconsider, manifest injustice "[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Greene v. Virgin Islands Water & Power Auth.*, 2012 U.S. Dist. LEXIS 144382, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *In re Rose*, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). "Manifest injustice has also been defined as an 'error in the trial court that is direct, obvious, and observable.'" *Id.* (quoting *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004)).

*Simon v. Mullgrav*, Civil Action No. 2017-0007, 2021 U.S. Dist. LEXIS 165926, at *6 (D.V.I. Sept. 1, 2021); *see also, e.g., Plaskett v. Cruz*, Case No. 3:17-cv-0067, 2021 U.S. Dist. LEXIS 178563, at *2 (D.V.I. Sept. 20, 2021).

It is settled law in this jurisdiction that motions for reconsideration "are not substitutes for appeals, and are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *United States v.*

*Matthias*, Case No. 3:19-cr-0069, 2022 U.S. Dist. LEXIS 106707, at *7 (D.V.I. June 15, 2022) (quoting *Cabrita Point Dev., Inc. v. Evans*, 52 V.I. 968, 975 (D.V.I. 2009) (quoting *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733, 45 V.I. 553 (D.V.I. 2004))); *see also, e.g., Blystone*, 664 F.3d at 415 ("The scope of a motion for reconsideration, we have held, is extremely limited. Such motions are not to be used as an opportunity to relitigate the case . . . ." (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010))).

### III. DISCUSSION

Plaintiff brings his motion

> pursuant to LRCi 7.3(a)(2) and (a)(3) due to the "availability of new evidence" as well as "the need to correct clear error or prevent manifest injustice," as this Court failed to address (1) the new evidence in the Motion to File A Sur-Reply and then failed (2) to consider the legal argument in *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410–12 (3d Cir. 2003), cited in the unopposed Motion to File a Sur-Reply to Lloyds' Reply re the Plaintiff's Second Motion to Remand.

Mot. at 1. Plaintiff takes issue with the fact that the Court failed to grant his unopposed Motion to File Sur-Reply Re Plaintiff's Second Motion to Remand (ECF No. 46) and basically submits the contents of that motion recast as a motion for reconsideration.

### *A. New Evidence*

Plaintiff contends that the evidence he seeks to bring to the Court's attention is new because it was unavailable at the time he filed his motions to remand. Mot. at 2. At the same time, Plaintiff acknowledges that the evidence which he claims is "new" is the same evidence he sought to bring before the Court in his motion to file a sur-reply. *Id.* Because this evidence was not discovered after the Court entered the order at issue, it cannot be credited as new. *See, e.g., Ivanovs v. Bayada Home Health Care, Inc.*, 1:17-cv-01742-NLH-AMD, 2023 U.S. Dist. LEXIS 9265, at *3 (D.N.J. Jan. 18, 2023) (describing new evidence in the context of a motion for reconsideration as evidence "that was unavailable when the court entered the order") (citations omitted)).

Further, courts in this judicial circuit have required not only that the evidence be "new," but also that it is of such importance that it "alter the disposition of the case." *Interfaith Cmty. Org.*, 702 F. Supp. 2d at 317 ("To permit reconsideration when new evidence becomes available, the moving party must present new evidence that would alter the

disposition of the case." (citing *Church & Dwight Co. v. Abbott Labs.,* 545 F. Supp. 2d 447, 450 (D.N.J. 2008))). It is undisputed that Defendant Red Hospitality is a limited liability company. Because a limited liability company's citizenship for diversity jurisdiction purposes is determined by the citizenship of its members,[3] here, the Court accepted the affidavit of Red Hospitality's CEO, Chris Batchelor, attesting to the layers of Red Hospitality's members down to the sole corporate member, Ashford Advisors, Inc. *See* Memorandum Opinion (ECF No. 77) at 7; Affidavit of Red Hospitality and Leisure Key West, LLC[,] in Support of Notice of Removal (ECF No. 36-1). As the Court notes in its Memorandum Opinion accompanying the Order sought to be reconsidered by Plaintiff, "Plaintiff's purported Sur-Reply addresses the activities of a member of Red Hospitality but does not address whether the member of Red Hospitality – Ashford Advisors, Inc., – has its principal place of business in the State of Florida." Memorandum Opinion (ECF No. 77) at 3 n.2. Plaintiff makes the same arguments in his motion for reconsideration that he does in his proposed sur-reply, namely, that, Ashford Advisors, Inc.'s principal place of business is not located in Texas. Mot. at 2. Plaintiff's claim is based primarily upon a process server's failed attempt to serve Red Hospitality in Texas, at the address not of Red Hospitality or Ashford Advisors, Inc., but of another one of Ashford Advisors, Inc.'s subsidiaries, and a purported employee of that subsidiary informing the

---

[3] The Court clearly sets forth how the citizenship of a limited liability company is determined for diversity purposes:

> In contrast to a corporation, "[a] limited liability company, as an unincorporated business entity, should be treated as a partnership for purposes of establishing citizenship." *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420 (3d Cir. 2010). "Partnerships and other unincorporated associations . . . are not considered 'citizens' as that term is used in the diversity statute." *Swiger v. Allegheny Energy, Inc.*, 540 F. 3d 179, 182 (3d Cir. 2008) (citing *Carden v. Arkoma Associates,* 494 U.S. 185, 187–92 (1990)). When determining the citizenship of unincorporated associations, "courts . . . look to the citizenship of all the . . . members of . . . [the] unincorporated association[] to determine whether the federal district court has diversity jurisdiction." *Swiger*, 540 F.3d at 182 (citations omitted). "In the context of partnerships, the complete diversity requirement demands that all partners be diverse from all parties on the opposing side." *Id*. at 183. Significantly, "as with partnerships, where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420 (citation omitted).

Memorandum Opinion (ECF No. 77) at 6-7. In this matter, Mr. Batchelor traces through three layers of members of Red Hospitality to reveal Ashford Advisors, Inc., a corporation, to determine the citizenship of Red Hospitality. ECF No. 36-1.

process server that Red Hospitality was located in Florida. *Id.* Notwithstanding Plaintiff's contention, nothing in the motion currently before the Court indicates the location of Ashford Advisors, Inc.'s principal place of business as being in a place other than Texas or otherwise contradicts the attestation of Red Hospitality's CEO Chris Batchelor. The Court agrees with both Defendant Red Hospitality and Defendant Lloyds that Plaintiff conflates the business activities of Red Hospitality with that of Ashford Advisors, Inc., *see* ECF No. 107 at 3-6 and ECF No. 106 at 3, 6, as evidenced by Plaintiff's declaration that "[i]t is clear that the principal place of business of Red Hospitality's corporate member, Ashford Advisor's [sic], Inc., is Florida, where all of Red Hospitality's business activities are located." Mot. at 3. However, the business activity of Red Hospitality is not at issue, here, nor is consideration of it necessary. Because Red Hospitality is a limited liability company, the fact that Red Hospitality's "business is located in Florida," Mot. at 2, is of no importance or consequence. Again, what determines Red Hospitality's citizenship for purposes of diversity jurisdiction is the citizenship of its member(s). In the absence of any evidence to the contrary, the Court has accepted the affidavit of Chris Batchelor declaring that, at bottom, the member whose citizenship is to be considered is that of Ashford Advisors, Inc., which are the States of Delaware and Texas. Plaintiff presents no evidence of the location of the corporate business activities of Ashford Advisors, Inc. He presents the business activities of Red Hospitality only. Consequently, Plaintiff's conclusion that Ashford Advisors, Inc.'s principal place of business is Florida is not at all clear. Not only does Plaintiff fail to present any new evidence in his motion for reconsideration, but also nothing therein alters or affects the Court's finding of diversity of citizenship between the parties to warrant reconsideration. *See, e.g., Glielmi v. Raymond Corp.*, Civil Action No. 095734, 2012 U.S. Dist. LEXIS 156548, at *10-11 (D.N.J. Nov. 1, 2012) ("[G]iven that there is no indication that this evidence constitutes previously unavailable "new" evidence, reconsideration on these grounds would be inappropriate. However, even if the Court were to consider the recently disclosed role of Malin as new evidence, it would nonetheless reach the same conclusion because 'reconsideration of any new evidence is only permissible if the evidence would alter the disposition of the case.'" (quoting *Menke v. Baker*, Civil Action No. 10-2585, 2012 U.S. Dist. LEXIS 107405, at *8-9

(D.N.J. Aug. 1. 2012) (citing *Interfaith Cmty. Org. Inc. v. PPG Indus., Inc.*, 702 F. Supp. 2d 295, 317 (D.N.J. 2010))).

### B. Prevent Manifest Injustice

Plaintiff also grounds his motion for reconsideration upon the fact that

> subject matter jurisdiction can be raised at any time, even on appeal. Thus, a case can be reversed on appeal even after the merits of a case have been fully litigated below, mooting the entire proceedings if the Third Circuit finds there was no diversity jurisdiction to begin with. *See, Bumberger v. Ins. Co. of N. Am.*, 952 F. 2d 764 (3rd Cir. 1991). Indeed, in *Bumberger*, the diversity jurisdictional issue was complex and not obvious to the parties, but that did not keep the Third Circuit from raising it sua sponte and then vacating the judgment below due to the lack of diversity jurisdiction. As the same result could occur here, it is clear that it would be a manifest injustice to the Parties, including the Plaintiff, to proceed with full litigation on the merits without fully resolving this subject matter jurisdictional issue first.

Mot. at 4.

In the context of a motion to reconsider, manifest injustice "'[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it.'" *Greene v. Virgin Islands Water & Power Auth.*, 2012 U.S. Dist. LEXIS 144382, at *6 (D.V.I. Oct. 5, 2012) (quoting *In re Rose*, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). In addition to the "new evidence" Plaintiff believes the Court overlooked, Plaintiff also maintains that the Court failed to consider the holding of *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408 (3d Cir. 2003), wherein the Third Circuit Court of Appeals followed its prior interpretation of the phrase "principal place of business" as "'business by way of activities . . . [that] indicate the principal place of business.' . . . . We emphasized that a corporation's principal place of business is not 'where . . . final decisions are made on corporate policy,' but rather where the corporation 'conducts its affairs.'" *Grand Union Supermarkets*, 316 F.3d at 411 (quoting *Kelly v. United States Steel Corp.*, 284 F.2d 850, 854 (3d Cir. 1960)). However, as the Court has articulated herein, Plaintiff has presented no evidence to controvert the Court's finding that Ashford Advisors, Inc.'s principal place of business is located in the State of Texas. Plaintiff's motion focuses on the business activities of Red Hospitality, one of many of Ashford Advisors, Inc.'s limited liability companies. None of the evidence referenced by Plaintiff relates to the business

activities of Ashford Advisors, Inc.[4] Consequently, the Court is not persuaded that it overlooked any dispositive factual or legal matter or made an obvious error when it entered its Memorandum Opinion and Order finding that the citizenship of Red Hospitality is diverse from Plaintiff's Florida citizenship.

## IV. CONCLUSION

Because the Court finds that Plaintiff has not presented sufficient grounds for reconsideration of its Memorandum Opinion and Order (ECF Nos. 77 and 78), entered November 30, 2022, the Court will deny Plaintiff's motion. An appropriate order follows.

**Dated:** June 12, 2023

/s/ *Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**

---

[4] Plaintiff appears to suggest that Ashford Advisors, Inc., conducts no business activities whatsoever, in Texas or elsewhere, stating: "[T]here is no evidence in this record that Ashford Advisor's [sic], Inc., has any actual employees in Texas . . . . At best, the address in Texas appears to be a mail drop at [Red Hospitality's] parent company's headquarters, Ashford, Inc[.], with Ashford Advisor's [sic], Inc[.], having no actual office, no lease and no employees." Mot. at 3. If, indeed, Ashford Advisors, Inc., conducts no business activities, then by application of the holding in *Grand Union Supermarkets*, the citizenship of Ashford Advisors, Inc., (and by extrapolation, the citizenship of Red Hospitality) would be Delaware, its state of incorporation, only. *Grand Union Supermarkets*, 316 F.3d at 410 (where the court cites favorably its ruling in *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693 (3d Cir. 1995), that "a corporation conducting no business activities 'has no principal place of business, and is instead a citizen of its state of incorporation only,'" *Hansen*, 48 F.3d at 696, and, applying it to the facts of the case before it, where the corporation conducted business activities, but none in the forum state, reiterates that "a corporation must actually conduct business for it to have a principal place of business."); *see also Are v. City of Fall River*, Civil No. 19-165, 2019 U.S. Dist. LEXIS 246503, at *9 (D.N.J. May 22, 2019) ("However, where a corporation is conducting no business activities, it 'has no principal place of business, and is instead a citizen of its state of incorporation only.'" (quoting *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003) (citing *Hansen*, 48 F.3d at 696))).