## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| CHASE MALONE, individually and as assignee of certain rights of Kareem Boynes, | ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 2022-57 |
| vs. | ) ) | |
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/k/a "CHUBB", | ) ) ) | |
| Defendant. | ) ) ) | |

## <u>MEMORANDUM OPINION and ORDER</u>

Chase Malone sued Kareem Boynes and Island Time Watersports for injuries he allegedly received while he was a passenger aboard Island Time's vessel, captained by Boynes.   *See Malone v. Island Time Watersports (Caribbean), LLC d/b/a Cruz Bay Watersports and Kareem Boynes*, Civil No. 2021-53 (D.V.I.) ("*Malone I*").   Here Malone, individually and as assignee of rights of Kareem Boynes, has sued Indemnity Insurance Company of North America a/k/a "Chubb," seeking declaratory relief and damages.   *See* [ECF 13] (First Amended Complaint, or "FAC"].   Malone contends in this case that Chubb initially provided a defense to Boynes in *Malone I* without a reservation of rights, but some 10 months later, on the eve of mediation in *Malone I*, Chubb suddenly denied that Boynes was covered under either of the two subject policies.   Malone asserts a variety of claims sounding in both contract and tort.   Chubb now seeks to bifurcate the discovery process and the trial so that the declaratory relief and contract claims (Counts I–IV)[1] would be resolved prior to moving forward with discovery and trial on the bad faith and tort claims (Counts

---

[1]  In Count I Malone seeks a declaration that "Chubb's unconditional defense of [*Malone I*] brought against Boynes bars it from subsequently disclaiming coverage."   [ECF 13] ¶ 68.   In Counts II and III, Malone asks for a declaration that he is a covered insured under one or the other of the Chubb policies.   *Id.* ¶¶ 69–76.   Count IV is a claim for breach of contract.   *Id.* ¶¶ 77–81

*Malone, et al. v. Indemnity Insurance Company*
Civil No. 2022-57
Page 2

V-VIII).[2]   [ECF 175].   Plaintiff opposes bifurcation [ECF 186] and Chubb filed a reply [ECF 188].   The motion is ripe for decision.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 42 allows bifurcation of issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize."   Fed. R. Civ. P 42(b).   The Advisory Committee Notes (1966 Amendment) to Rule 42 caution, however, that "separation of issues for trial is not to be routinely ordered."   *See Lis v. Robert Packer Hosp*., 579 F.2d 819, 824 (3d. Cir. 1978) ("[T]he rule in this circuit since 1972 has been that the decision to bifurcate Vel non is a matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance. . . . [B]ifurcation [should] 'be encouraged where experience has demonstrated its worth', but [] 'separation of issues for trial is not to be routinely ordered.'" (citation omitted)).   "Courts are afforded large discretion in deciding whether to [bifurcate,] . . . [and] a court must weigh the various considerations of convenience, prejudice to the parties, expedition, and economy of resources."   *Kiskidee, LLC v. Certain Interested Underwriters*, 2012 WL 1067918, at *2 (D.V.I. Mar. 6, 2012) (internal quotations and citations omitted).   The party seeking bifurcation has the burden of demonstrating that it is appropriate in the circumstances. *Id*. at *4 (*sua sponte* reversing magistrate judge's decision to bifurcate breach of contract and bad faith claims for discovery and trial purposes where the claims involved overlapping background information and documents, and the same witnesses would likely have to testify on both issues).

## DISCUSSION

Chubb asserts that to "establish an action for bad faith, among other elements, a plaintiff

---

[2]   Count V alleges a claim for fraud, Count VI is for breach of the duty of good faith and fair dealing, Count VII alleges bad faith, and Count VIII is for prima facie tort.   [ECF 13] ¶¶ 82–117.

*Malone, et al. v. Indemnity Insurance Company*
Civil No. 2022-57
Page 3

must first show the existence of a valid insurance contract and a breach of that contract by the insurer." [ECF 176] at 2 (citing *Justin v. Guardian Ins. Co.*, 670 F. Supp 614, 617 (D.V.I. 1987)). Further, Chubb contends that discovery beyond that concerning the insurance contracts would be costly and time-consuming, as well as prejudicial to Chubb. *Id.* at 6–9. Chubb urges that "[b]ad faith discovery explores intent and goes much further than the more basic prerequisite contractual issue of whether coverage exists under the policies," arguing "Plaintiff will gain access to discovery on its extra-contractual claims that it would not be entitled to if it proceeded solely on its claim for declaratory relief and/or breach of contract." *Id.* at 8–9.[3]

But not all insurance coverage-related actions having bad faith allegations follow the same pattern. The present case is a good example. Here, Malone's primary theory of liability is that Chubb—by its actions in first providing a defense and then waiting until the eve of mediation 10 months later to claim no coverage existed—is estopped to deny coverage. As recognized by the *Kiskidee* Court, *Justin* does not mandate bifurcation of bad faith claims from contract claims in all insurance cases in the Virgin Islands. 2012 WL 1067918, at *3–4; *see also Rohm and Haas Co. v. Utica Mut. Ins. Co.*, 2008 WL 2517176, at *2 (E.D. Pa. Jun. 23, 2008) (noting that "a bad faith claim may be independent of, and not contingent upon, the underlying contractual claim").[4]

Further, the *Kiskidee* Court found that "adoption . . . of a rigid rule requiring bifurcation of bad faith claims from breach of contract claims would undermine—and be contrary to—the use of

---

[3]   Chubb does not explain with any specificity what discovery this might entail in this case, or detail what prejudice might ensue.

[4]   Chubb relies primarily on authorities from Florida, rather than controlling authority in this jurisdiction. *See* LRCi 11.1 ("By signing a motion or supporting memorandum or brief, an attorney certifies to the Court that the applicable law in this jurisdiction has been cited . . . [and] has been presented before law from another jurisdiction is cited."). Although it refers to several mostly unreported more than 20-year-old cases from this district, Chubb makes the somewhat dubious claim that "Virgin Islands courts have routinely bifurcated coverage and bad faith actions." [ECF 176] at 3. Chubb's citations and further research do not support this claim.

*Malone, et al. v. Indemnity Insurance Company*
Civil No. 2022-57
Page 4

bifurcation as a discretionary tool employed on a 'case-by-case' basis to promote efficiency and judicial economy and avoid prejudice."   2012 WL 1067918, at *4.   The Court reasoned that if the claims in *Kiskidee* were separated for trial, "there could be separate discovery, dispositive motion proceedings, and trials in order to make determinations involving overlapping sets of facts and evidence."  *Id.* at *5.   It thus concluded that "[u]nder the circumstances here, this duplicative process would promote inefficiency, inconvenience and the unnecessary expenditure of resources."  *Id.*; *see Rohm and Haas Co.*, 2008 WL 2517176, at *4 (refusing to bifurcate where it was "likely that discovery on the duty to defend and bad faith claims will concern much of the same or related evidence and will involve deposing many of the same individuals about events that occurred in the same or reasonably close time period"); *see also Craker v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 3204214, at *2 (W.D. Pa. Aug 3, 2012) (finding that even if the evidence was not entirely overlapping, there would be a potential waste of judicial resources and inconvenience if some witnesses had to testify twice).

     In the present case, as noted, the primary claim of coverage is not so much dependent on the insurance contracts as it is on certain of Chubb's actions taken in a discreet time period. Malone disavows seeking discovery of Chubb's general business policies and claims handling procedures, and he commits to refrain from such broad-brush discovery.   [ECF 186] at 2.   Rather, Malone states that the witnesses he needs to depose have knowledge of all of the claims, as "both the contract and the tort claims center around the two denial of coverage letters" these witnesses considered and sent.  *Id.* at 4.   Malone further contends that "the documents relative to the contract and tort claims are the same for each claim."  *Id.*   Finally, Malone points out that the bulk of the contract issues will be decided by the court as questions of law.  *Id.* at 5–6.   Chubb

*Malone, et al. v. Indemnity Insurance Company*
Civil No. 2022-57
Page 5

does not address this last argument, and in contrast it supports its claims regarding time-consuming discovery and prejudice only in the most general and conclusory terms.

In considering the balance of the factors here, the Court concludes that bifurcation of discovery would not advance considerations of judicial economy or efficiency, nor is it necessary to avoid some unparticularized prejudice.   In these circumstances, abating discovery on any of the claims is not warranted.   Similarly, the Court cannot discern how bifurcation for trial would be appropriate at this juncture.   Accordingly, the premises considered, it is ORDERED:

(1) the motion to bifurcate with respect to discovery is DENIED.

(2) the motion to bifurcate with respect to trial is DENIED without prejudice.

**Dated:** July 25, 2023                                           S\_____

**RUTH MILLER**
United States Magistrate Judge