IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CHASE MALONE, individually and as assignee of certain rights of Kareem Boynes,<br><br>Plaintiffs,<br><br>vs.<br><br>INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/k/a "CHUBB",<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Civil No. 2022-57<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM OPINION and ORDER**

Chase Malone moves for sanctions against Indemnity Insurance Company of North America a/k/a "Chubb" pursuant to Federal Rule of Civil Procedure 11. [ECF 219]. Chubb opposes the motion [ECF 221] and Malone filed a reply [ECF 222]. The motion is ripe for decision.

### I.    BACKGROUND

In 2021, Malone sued Kareem Boynes and Island Time Watersports for injuries he allegedly received while he was a passenger aboard Island Time's vessel, captained by Boynes. *See Malone v. Island Time Watersports (Caribbean), LLC d/b/a Cruz Bay Watersports and Kareem Boynes*, Civil No. 2021-53 (D.V.I.) ("*Malone I*"). In July of 2022, Malone, individually and as assignee of rights of Kareem Boynes, sued Chubb seeking declaratory relief and damages. *See* [ECF 1] (Notice of Removal). Malone contends Chubb initially provided a defense to Boynes in *Malone I* without a reservation of rights, but some 10 months later, on the eve of mediation in *Malone I*, Chubb suddenly denied that Boynes was covered under either of the two subject policies.

Malone asserts a variety of claims sounding in both contract and tort. *See* [ECF 13] (First Amended Complaint).

After several months of motion practice on the issue of whether remand to the local court was appropriate, on December 8, 2022, Malone filed a motion for summary judgment on Counts I and III against Chubb. [ECF 87]. In its January 27, 2023 opposition, Chubb argued it had not yet had an opportunity to take discovery, rendering it unable to refute certain factual allegations. [ECF 126] at 4–6.[1] Additionally, according to Chubb, neither insurance policy afforded coverage for Boynes under the circumstances in *Malone I*, and coverage cannot be created by estoppel. *Id.* at 9–19. Finally, Chubb pointed to two factual disputes it claimed were material and would preclude summary judgment for plaintiff: (1) when Chubb became aware of the coverage issue that led to the denial of coverage; and (2) whether Chubb's purported inability to contact Boynes precluded it from sending a reservation of rights to him. *Id.* at 6–8. It is these latter "factual disputes" that provide the basis for the current motion for sanctions, which Malone filed on October 3, 2023.[2]

## II.   LEGAL STANDARDS

Under Rule 11, by presenting a written filing to the court, an attorney or unrepresented party is certifying, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that (1) the filing "is not . . . presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of

---

[1] Chubb states that at the time it filed the opposition, "Plaintiff had only served initial disclosures. The parties had not exchanged written discovery and no depositions had taken place." [ECF 221] at 2.

[2] Plaintiff filed his reply to the summary judgment motion and a response to Chubb's additional facts on January 31, 2023, four days after Chubb's opposition. [ECFs 128, 129]. Malone pointed out in those filings that the factual assertions Chubb made to ward off summary judgment were not only inaccurate, they were irrelevant.

litigation;" (2) "the claims, defenses, and other legal contentions are warranted by existing law;" and (3) "**the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery**." FED. R. CIV. P. 11(b) (emphasis added). The purpose behind the rule is "to curb abusive litigation tactics and misuse of the court's process but [] not . . . to hinder zealous advocacy . . . ." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987); *see generally Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *see also Illaraza v. Hovensa*, 2012 U.S. Dist. LEXIS 45359, at *10 (D.V.I. Mar. 31, 2012) (citing *Gaiardo*).

Compliance with Rule 11 requires that "counsel [] conduct 'a reasonable investigation of the facts and a normally competent level of legal research to support the presentation.'" *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94 (3d Cir. 1988) (citation omitted). Thus, "[t]he legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir.1991) (citing *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 546–48 (1991)). Reasonableness is defined as an "objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." *Id.* at 289 (quotation marks and citation omitted).

Rule 11 sanctions "should only be imposed in those rare instances where the evident frivolousness of a claim or motion amounts to an 'abuse[] of the legal system.'" *Paris v. Pennsauken Sch. Dist.*, 2013 U.S. Dist. LEXIS 112280, at *21 (D.N.J. Aug. 9, 2013) (alteration in original) (quoting *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)). This is a "stringent [standard], given the propensity of sanctions to exacerbate conflicts between the parties and to increase tensions among all parties involved in litigation, including the

private bar and the judiciary." *Illaraza*, 2012 U.S. Dist. LEXIS 45359, at *10–11 (quoting *Harvey v. Sav-U Car Rental*, 2010 U.S. Dist. LEXIS 73294, at *16 (D.V.I. July 21, 2010)). Sanctions should be the exception, rather than the rule, because they are 1) "in derogation of the general American policy of encouraging resort to the courts for peaceful resolution of disputes, 2) tend to spawn satellite litigation counter-productive to efficient disposition of cases, and 3) increase tensions among the litigating bar and between [the] bench and [the] bar." *Doering*, 857 F.2d at 194 (alterations in original) (quotation marks and citations omitted). Accordingly, sanctions should issue only "where a claim or motion is patently unmeritorious or frivolous." *Id*.

The Court may impose sanctions by awarding attorney's fees to the moving party or by awarding non-monetary relief, so long as it is "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." FED. R. CIV. P. 11(c)(4). "When assessing sanctions, a district court may consider a number of mitigating factors, such as the conduct of the parties, an ability to pay sanctions, an attorney's history of filing frivolous actions, the defendant's need for compensation, and the degree of frivolousness of the filing." *Illaraza*, 2012 U.S. Dist. LEXIS 45359, at *11.

Finally, "the imposition of sanctions for a Rule 11 violation is discretionary rather than mandatory." *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 146 n.28 (3d Cir. 2009) (citation omitted).

### III. DISCUSSION

Malone challenges two of Chubb's factual representations made in its opposition to Malone's motion for summary judgment. First, Malone points to Chubb's statement that "for a significant amount of time, Chubb was unable to locate Mr. Boynes, and therefore, was unable to send a reservation of rights letter to him . . . Further, as of March 2022, Chubb was still having

difficulty locating Mr. Boynes." [ECF 220] at 2. Malone argues that the deposition testimony of Chubb witnesses Schock and Carey taken in August 2023 establishes that "Boynes was not needed for Chubb to make the coverage determination." *Id.* Chubb responded that its counsel drafted the statement of facts

> based on a review of the insurance file, including correspondence between attorney Andrew Simpson [counsel to Boynes] and John Carey [of Chubb] dated January 25, 2022 (ECF No. 127-6), which indicated that Chubb could not locate Boynes, and email correspondence between attorney Chivonne Thomas of Hamilton Miller & Birthisel, LLP [counsel that initially appeared for Boynes], and Gregory Vacek of Chubb dated March 7, 2022 (ECF No. 127-7) indicating that Boynes was needed to finalize a decision on coverage.

[ECF 221] at 2. Counsel also claims he had a telephone call with Chubb employees, including Schock and Vacek, prior to filing the opposition, and that Chubb reviewed and approved the opposition before it was filed. *Id*; *see also* [ECF 221-1] at 1.

Second, Malone challenges the accuracy of the following Chubb representation:

> [A]s of July 30, 2021, Chubb did not have a reason to know of a coverage issue with Mr. Boynes because he was being dismissed from the case. **Moreover, based upon the available information, Chubb is unable to determine when it should have known that Mr. Boynes would instead remain a defendant.** At a minimum, this raises a factual issue as to when Chubb should have been aware of a potential conflict between its interests and Mr. Boynes.

[ECF 220] at 3 (emphasis in original). Based on Schock's deposition testimony, Malone argues "Chubb knew by August 11, 2021, that it could not assume Boynes was being dropped from the case." *Id.* at 4. Chubb counters that "[w]hether or not Plaintiff would definitively drop Boynes was not a fact 'known' by Chubb." [ECF 221] at 3. Chubb also contends that "an email between Gregory Vacek (Chubb) and attorney Adam Marinelli dated July 30, 2021 indicating that Plaintiff

in the underlying matter had 'tentatively agreed to dismiss the Captain [Boynes] named in the suit' reasonably supports the assertion that Chubb believed that Boynes would be dismissed from the case." *Id.* at 2 (citing ECF 127-5).

As acknowledged, the Court must consider the reasonableness of Chubb's conduct under the circumstances: Did Chubb and its counsel, measured on an objective basis, have the knowledge or a belief at the time of filing the opposition that the statements made were well-grounded in law and fact? *Ford Motor Co.*, 930 F.2d at 289. The Court finds from a review of the record, including the parties' arguments and the testimony and exhibits offered, that the conduct of Chubb and its counsel was reasonable under the circumstances. As such, the Court does not find that Chubb violated Rule 11 in filing the opposition to plaintiff's summary judgment motion. This is not one of those rare instances where the Court can find the subject filing patently unmeritorious or frivolous, nor was it an abuse of the legal system. Therefore, the Court must deny the motion for sanctions.

One final point, however. The Court questions why Chubb took no action to correct the record, once it determined, as set forth in the opposition to the instant motion, "that the filed Opposition did not consider the full factual picture." [ECF 221] at 3. Chubb asserts it "offered to amend its Opposition based upon the complete record, but the parties could not agree on the nature of those changes." *Id.*; *see also id.* at 5, 12. In the end, Chubb did nothing, aside from responding to this motion. The Court see no reason why Chubb could not have acted unilaterally to make sure any possibly misleading statements were appropriately modified to assure accuracy. Indeed, Chubb's counsel has an ethical obligation to make such corrections to the record, regardless of Malone's agreement. *See* Model Rule of Professional Conduct 3.3(a). Nevertheless, sanctions under Rule 11 will not be imposed.

Accordingly, the premises considered, it is ORDERED that the motion for sanctions is DENIED.

**Dated:** October 30, 2023          S\ _____
                                                       **RUTH MILLER**
                                                       United States Magistrate Judge