**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **CHASE MALONE, individually and as the assignee of certain rights of Kareem Boynes, Plaintiffs,** <br><br> **v.** <br><br> **INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/k/a "CHUBB";** <br><br> **Defendant.** | **District Court Case No.: ST  2022-cv-00057** <br><br> **Superior Court Case No.: ST  2022-cv-269** <br><br> **ACTION FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH AND PUNITIVE DAMAGES** <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S REQUEST TO CERTIFY ISSUES TO THE**
**SUPREME COURT OF THE VIRGIN ISLANDS**

The Plaintiff, by counsel, hereby requests this Court to certify three specific issues to

the Supreme Court of the Virgin Islands pursuant to V.I.R. APP. P. 38, that provides in part:

Rule 38. **Certification of Questions of Law**

(a) **Generally**. The Supreme Court of the Virgin Islands may answer questions of law certified to it by a court of the United States or the court of last resort of a state, the District of Columbia, or a territory of the United States, if there is involved in any proceeding before the certifying court a question of law which may be determinative of the cause then pending in the certifying court and **concerning which it appears there is no controlling precedent in the decisions of the Supreme Court.**

(b) **Method of Invoking.** A request for certification under this rule may be invoked upon the motion of the court **or of any party to the cause**. (Emphasis added).

In this regard, at oral argument on July 10, 2024, this Court noted that certain legal issues which

would be governed by local law have not been addressed by the V.I. Supreme Court, including

these three issues:

1) Does the Virgin Islands recognize and adopt the defense that an insurer can be estopped from denying coverage to a party if it has provided a defense to that party for an extended period of time without first sending a reservation of rights letter?

2) Does the Virgin Islands recognize the right of an assignee of another party's bad faith claim against his insurer to pursue that claim in his own name if the assignment

1

includes a covenant not to execute on the assignor's assets, or are the damages for that bad faith claim extinguished upon assignment?

3) If such assignments are valid, what are the elements of a claim for bad faith in the Virgin Islands for such claims?

It should be noted that the Third Circuit has endorsed this procedure for bad faith claims, as it submitted question #2 above to the Supreme Court of Pennsylvania to determine whether such claims could be assigned in Pennsylvania. *See, Allstate Prop. & Cas. Ins. Co. v. Wolfe*, 629 Pa. 444, 446, 105 A.3d 1181, 1182 (2014)(Accepting certification from the Third Circuit to clarify whether, under Pennsylvania law, a party may assign the right to recover damages from an insurance company deriving from the insurer's bad faith).[1]

Likewise, it should be noted that the primary case cited by both Parties regarding whether an insurer can be estopped from denying coverage if it defends an action without first issuing a reservation of rights, *Potesta v. U.S. Fid. & Guar. Co.*, 202 W. Va. 308, 313, 504 S.E.2d 135, 140 (1998), was a decision of the West Virginia Supreme Court in response to an identical certification of the issue by the United States Court of Appeals for the Fourth Circuit.

Thus, it is not unusual for a federal court to certify such issues of local law to the Supreme Court of a specific jurisdiction in order to determine the local law on such local issues. Such a referral in this case would clarify the law in the critical issues pending before this Court.[2]

---

[1] As Pennsylvania has a statute that sets out the elements of bad faith, the Third Circuit had no need to ask the Pennsylvania Supreme Court to set forth those elements.

[2] For example, the V.I. Supreme Court could confirm one way or the other whether the holding in *Anderson v. National Chiropractic Mutual Insurance Company,* 38 V.I. 47 (V.I. Terr. Ct. 1997) is the law in this jurisdiction based on the facts in this case. Similarly, the V.I. Supreme Court could decide whether to adopt or reject the same holding as the Pennsylvania Supreme Court in *Allstate Prop. & Cas. Ins. Co. v. Wolfe, supra,* regarding the assignability of bad faith claims. Finally, the V.I. Supreme Court could establish the elements needed to prove bad faith, resolving the conflicts between the District Court holdings in *Buntin v. Cont'l Ins. Co.*, 525 F. Supp. 1077, 1083 (D.V.I. 1981) and *Justin v. Guardian Ins. Co.*, 670 F. Supp. 614, 616 (D.V.I.1987) as to whether a good faith belief in a policy defense defeats such a claim, as well as whether the District Court holding in *In re Tutu Water Wells Contamination Litig.*, 78 F. Supp. 2d 423 (D.V.I. 1999), supports a finding of any additional limitations on such claims.

2

As these three issues are of paramount concern in this case, it is respectfully submitted that this Court should refer them to the Supreme Court of the Virgin Islands pursuant to the procedure set forth in V.I.R. APP. P. 38(d) and (e). It should be noted that subsection (e)(2) requires the V.I. Supreme Court to decide whether to take certification within 60 days, or the certification shall be deemed denied.[3]

A proposed Order is being submitted with this motion.

Dated: July 15 , 2024

*/s/ Joel H. Holt*
Joel H. Holt, VI Bar No. 6
Law Office of Joel H. Holt, Esq. P.C.
2132 Company Street
Christiansted, VI 00820
Telephone: (340) 773-8709
holtvi@aol.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(f)

I hereby certify that I consulted with opposing counsel, as required by  LRCi 7(f), seeking their concurrence on the relief being sought in this motion, but they do not consent to the relief sought.

/s/ *Joel H. Holt*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15TH  day of July, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

*Counsel for Defendant Indemnity Insurance Company of North America a/k/a "Chubb":*

Robert J. Kuczynski, Esq., VI Bar No. 1260
Beckstedt & Kuczynski LLP
2162 Church Street
Christiansted, VI 00820
robb@beckstedtlaw.com

John David Dickenson, Esq.
Cozen O'Connor
1081 N. Military Trail, Suite 200
Boca Raton, FL 33431
jdickenson@cozen.com
sbrier@cozen.com

---

[3] Indeed, a final resolution of these three issues would make mediation in this case far more productive.

3

Tiffany Bustamante O'Quinn, Esq.
Cozen O'Connor
200 S. Biscayne Boulevard, Suite 3000
Miami, FL 33131
toquinn@cozen.com
*Attorneys for Defendant Lloyds*                    */s/ Joel H. Holt*