IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **CHASE MALONE, individually and as assignee of certain rights of Kareem Boynes,** )<br>)<br>)<br>) | |
| ) | Case No. 3:22-cv-00057 |
| **Plaintiff,** )<br>) | |
| v. )<br>) | |
| **INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/k/a "CHUBB",** )<br>)<br>) | |
| **Defendants.** )<br>_____ ) | |

**ORDER**

  **THIS MATTER** comes before the Court on Plaintiff Chase Malone's Motion to Take Judicial Notice. (ECF No. 330.) Defendant opposed the motion, ECF No. 347, and Plaintiff filed a reply thereto. (ECF No. 362.)

I.

  Plaintiff files this motion pursuant to Federal Rules of Evidence 201 requesting that the Court take judicial notice of the National Vital Statistics Report Volume 71, Number 11 which states that the average future life expectancy of a 26-year-old white male in the United States is 50.0 years. (ECF No. 330-1.) Plaintiff asserts that, at the time the motion was filed, Plaintiff is expected to live another 50 years since he was born on February 25, 1998. (ECF No. 330 at 1.) Plaintiff further argues that this information is being offered "to support the evidentiary basis for his future pain and suffering, as well as future mental anguish, for the rest of his life as established by the medical reports upon which the Settlement with Kareem Boynes was reached . . . ." (ECF No. 330 at 1.) Plaintiff also requests that the Court "take Judicial Notice of Plaintiff Chase Malone's life expectancy." *Id*. at 3.

II.

  Rule 201 of the Federal Rules of Evidence provide that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Furthermore, "[t]he court: (1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). "[T]he court must instruct the jury to accept the noticed facts as conclusive." Fed. R. Evid. 201(f).

III.

The National Vital Statistics Report ("NVSR") is a report prepared by the National Center for Health Statistics that provides the average life expectancy of a person living in the United States. *See McRevy v. Ryan*, Civil Action No. 08-508-CG-B, 2009 U.S. Dist. LEXIS 118292, *1-2 (S.D. Ala. Dec. 18, 2009). "Courts may take judicial notice of 'life expectancy tables published by reputable organizations, especially where the table is detailed and specific.'" *Colon v. City of New York*, No. 16-CV-4540 (VSB), 2023 U.S. Dist. LEXIS 179763, *10-11 (S.D.N.Y. Oct. 5, 2023) (citing *Dumitrescu v. Gen. Mar. Mgmt. Inc.*, No. 08 CIV.5461 (PAC), 2009 U.S. Dist. LEXIS 116581, at *4 (S.D.N.Y. Dec. 15, 2009)); *Feldman v. Target Corp.*, No. 3:19-CV-419-PDB, 2021 U.S. Dist. LEXIS 113476, at *5 (M.D. Fla. June 17, 2021) (taking "judicial notice of the life table for white women in the National Vital Statistics Reports"). Because the accuracy of the information in the NVSR can be readily determined from sources that cannot reasonably be questioned, the Court will take judicial notice of the information therein. *See McRevy*, 2009 U.S. Dist. LEXIS 118292, at *1 (taking judicial notice . . . of the [NVSR] "*for the purpose of establishing the average life expectancy of a person living in the United States*") (emphasis added.)

However, the NVSR does not conclusively establish any specific individual's life expectancy. *See Mokris v. United States*, Case No. 2:20-cv-34-JES-MRM, 2021 U.S. Dist. LEXIS 247238, *5-6 (M.D. Fl. Dec. 29, 2021); *McRevy*, 2009 U.S. Dist. LEXIS 118292, at *1 n.1 ("The court notes that [the NVSR] table does not conclusively establish that any particular individual has the stated life expectancy. If there is evidence that the individual in question is not 'average,' the individual's life expectancy may be different than that calculated in the table. For instance, an individual may have a medical condition that could affect the length of time that he or she is expected to live.") The NVSR may "serve as a guide[] to assist the jury in reaching their verdict." *Russell v. City of Wildwood*, 428 F.2d 1176, 1182 (3d Cir. 1970).

While "[i]n the absence of evidence to the contrary, it is presumed that the plaintiff was in average health," *Dallas v. De Yoe*, 200 P. 361, 457 (Cal. Ct. App. 1921), there is no dispute in this case that Malone was previously diagnosed with cancer. Accordingly, the Court cannot instruct the jury that it is a conclusive fact that Plaintiff will live to be 76 years old as that issue is reasonably subject to dispute. Defendant should be allowed to present evidence contesting Plaintiff's life expectancy. To be sure, "[i]n order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite. Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citation omitted).

Therefore, the Court will take judicial notice of the information in the NVSR to support the evidentiary basis for Plaintiff's damages claim that resulted in a settlement with Kareem Boynes, and not to conclusively establish Plaintiff's life expectancy.

IV.

For the reasons stated above, Plaintiff Chase Malone's Motion to Take Judicial Notice, ECF No. 330, is **GRANTED;** it is further

**ORDERED** that Plaintiff's Motion to Take Judicial Notice, ECF No. 327, is **MOOT.**

**Dated:** March 19, 2025                                         */s/ Robert A. Molloy*
                                                                 **ROBERT A. MOLLOY**
                                                                 **Chief Judge**